# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| JOHNNY McCLURG,<br>on Behalf of Himself and All<br>Others Similarly-Situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>DALLAS JONES ENTERPRISES<br>INC, d/b/a CLAY'S TRUCKING<br><br>    *Defendant.* | **PROPOSED COLLECTIVE ACTION<br>UNDER FLSA AND CLASS ACTION<br>UNDER KWHA**<br><br>CASE NO.  4:20-CV-201-JHM<br><br>**JURY DEMANDED** |

## COMPLAINT

Comes Plaintiff Johnny McClurg, by and through counsel, and, for his Collective and Class Action Complaint against Defendant Dallas Jones Enterprises, Inc. d/b/a Clay's Trucking, states as follows:

### Summary of the Action

1.  Plaintiff was employed by Defendant as a truck driver. Plaintiff worked overtime in many workweeks but was not paid overtime compensation for his overtime work. Instead, Defendant would pay Plaintiff at the same rate for work performed beyond forty hours per week as Defendant paid Plaintiff for work during the first forty hours of each work week. There is a Motor Carrier's Act exemption to the Fair Labor Standards Act for drivers of certain vehicles weighing more than ten thousand pounds (29 U.S.C. § 213(b)(1)), and the vehicle Plaintiff drove weighed more than ten thousand pounds. However, the exemption did not apply to Plaintiff, and Plaintiff was therefore entitled to overtime pay, because Plaintiff did not drive his truck in "interstate commerce" as defined under the Motor Carrier's Act. Like Plaintiff, other workers

similarly performed work for Defendant that was not exempt under the Fair Labor Standards Act (including not being exempt under the Motor Carrier's Act exemption to the Fair Labor Standards Act) and were similarly not paid overtime compensation as required by the Fair Labor Standards Act for their overtime work.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims of Plaintiff and those similarly situated pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

3. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the KWHA because they are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant conducted business within the District and, from its principal place of business in Muhlenberg County, Kentucky (within the District of this Court), employed Plaintiff (who resides in Hopkins County, Kentucky, within the District of this Court) and other similarly-situated employees who worked within the District of this Court and, specifically, employed truck drivers delivering coal from a coal mine in Ohio County, Kentucky (within the District of this Court) to a power plant located in Ohio County, Kentucky (within the District of this Court).

## PARTIES

5. Plaintiff Johnny McClurg is a resident of Hopkins County, Kentucky. During both the three (3) year and the five (5) year periods prior to the filing of this Complaint, he was employed by Defendant as a truck driver performing work that was not exempt from the requirements of the FLSA. Pursuant to 29 U.S.C. § 216(b), Plaintiff McClurg has consented in

writing to serving as a Plaintiff in this action, and Plaintiff's consent is attached hereto as Exhibit 1.

6. Defendant Dallas Jones Enterprises, Inc. is a Kentucky for-profit corporation which operates under the assumed name of Clay's Trucking, has a principal place of business at 3326 Merle Travis Highway, Beechmont, KY, and may be served by service of process on its registered agent, Dallas Jones, at 3326 Merle Travis Highway, Beechmont, KY 42323.

7. Defendant's annual sales have, at all relevant times to this Complaint, exceeded $500,000.00.

8. Defendant is an enterprise engaged in commerce or in the production of goods for commerce, as defined in 29 U.S.C. § 203.

## Factual Allegations

9. Plaintiff, during the three years preceding the filing of this Complaint, was, for a period of time, regularly and exclusively assigned by Defendant to deliver coal from the Genesis Coal Mine near Centertown, Kentucky to the Big Rivers Power Plant near Island, Kentucky. Plaintiff's work for Defendant during this period of time is referred to herein as the Big Rivers Run Period.

10. After the Big Rivers Run Period, Plaintiff was assigned different duties. During this later period after the Big Rivers Run Period, Plaintiff delivered coal from the Genesis Coal Mine to one of two coal loadout facilities. The coal being delivered to these facilities was then loaded onto to a different mode of transportation (one of the facilities was a rail loadout facility that loaded the coal onto train cars, and the other was a barge loadout facility that loaded the coal onto barges). Using the different mode of transportation, the coal would be shipped from the loadout facility to another location, including locations outside the Commonwealth of Kentucky.

For clarity, Plaintiff is not complaining herein regarding his pay for this work delivering coal to loadout facilities, as such work was arguably within interstate commerce as defined in the Motor Carrier Act (and thus subject to the Motor Carriers Act exemption to the FLSA) because even though the loadout facilities to which Plaintiff delivered the coal were within the Commonwealth of Kentucky, some of the coal was destined for out-of-state delivery, but is instead complaining in this Complaint regarding his pay for his work during the Big Rivers Run Period.

11. During the Big Rivers Run Period, Plaintiff was exclusively delivering coal that was mined in Kentucky, transported solely within Kentucky, and delivered to a Kentucky power plant facility which, at the time of the delivery, intended to use the coal solely within the Commonwealth of Kentucky; the coal ultimately was in fact used solely within the Commonwealth of Kentucky by the power plant burning the coal in the Commonwealth of Kentucky for electric power production.

12. Because Plaintiff was driving the truck solely within the Commonwealth of Kentucky to deliver coal from a Kentucky mine (where it was removed from the earth in the Commonwealth of Kentucky) to another location within the Commonwealth of Kentucky where it would be burned and sent into the atmosphere, Plaintiff's work driving said truck was not work "interstate commerce" as defined under the Motor Carrier's Act.

13. Defendant, for its own part, categorized Plaintiff as being involved in intrastate (that is, solely within the state and not interstate) trucking.

14. Defendant categorized Plaintiff as intrastate (and categorized Plaintiff as not being involved in interstate trucking) specifically because Defendant sought to avoid complying with the provisions of the Motor Carrier's Act applying to interstate trucking.

15. Defendant paid Plaintiff based on a formula that supposedly paid Plaintiff a percentage of the amount Defendant earned from delivering the coal driven by Plaintiff.

16. The amount paid by Defendant thus corresponded with the amount received by Defendant for the coal being delivered.

17. Defendant was paid for the coal being delivered on a per ton basis, and, therefore, Defendant paid Plaintiff on a per ton basis for delivering coal.

18. Defendant did not pay Plaintiff a higher per-ton rate for deliveries performed during times when Plaintiff was working in excess of forty hours in a particular workweek.

19. To the contrary, when Plaintiff would work more than forty hours in a workweek, which he frequently did, he would continue to be paid at the same per-ton rate for deliveries made after having worked more than forty hours in the workweek as he had been paid for deliveries made during the first forty hours in the workweek.

## PROPOSED COLLECTIVE AND CLASS DEFINITIONS

20. Plaintiff brings Count I of this lawsuit pursuant to FLSA, 29 U.S.C. § 216(b) as a collective action, individually, and on behalf of himself and the following class:

> All current and former truck driver employees of Dallas Jones Enterprises, Inc., doing business as Clay's Trucking, who were not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks since December 7, 2017, despite the employee qualifying for overtime compensation because the employee was not engaged in "interstate commerce" truck driving as defined in the federal Motor Carrier's Act (the "FLSA Collective").

21. Plaintiff brings Counts II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of himself and the following class:

> All current and former truck driver employees of Dallas Jones Enterprises, Inc., doing business as Clay's Trucking, who were not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks since December 7, 2015, despite the employee qualifying for overtime compensation because the employee

was not engaged in "interstate commerce" truck driving as defined in the federal Motor Carrier's Act (the "Kentucky Class").

22. The FLSA Collective and the Kentucky Class are together referred to as the "Classes."

23. Plaintiff reserves the right to redefine the Classes prior to notice, and thereafter, as necessary.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

24. Plaintiff brings this action under the FLSA on behalf of himself and all similarly-situated current and former employees of Defendant who worked for Defendant and were not fully-paid for their overtime work which Defendant should have paid within the last three years, as defined in paragraph 20.

25. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

26. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices (of not paying overtime rates of pay to truck drivers, even if they qualified for overtime pay) and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia, Defendant's common compensation, time-keeping and payroll practices.

27. Specifically, the employment policies, practices and agreements of Defendant raise questions of fact common to the proposed collective group including:

   a. whether Defendant has engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed collective to work in excess of forty hours per workweek for the benefit of Defendant and without appropriate

        compensation, in violation of the FLSA;

    b. whether Defendant has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiff and members of the proposed collective, in violation of the FLSA;

    c. whether the conduct of Defendant was willful; and

    d. whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

28. Plaintiff's claims are similar to those of the FLSA Collective in that Plaintiff has been subject to the same conduct as FLSA Collective Members and Plaintiff's claims are based on the same legal theory as FLSA Collective Members.

29. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

30. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

31. The similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 23 FOR DEFENDANT'S VIOLATIONS OF THE KWHA

32. Plaintiff brings this action under the KWHA on behalf of himself and all similarly-situated current and former employees of Defendant who worked for Defendant and were not fully-paid for their overtime work for which for Defendant which Defendant should have paid within the last five years, as defined in paragraph 21.

33. Plaintiff is a member of the class he seeks to represent.

34. Defendant failed to pay Plaintiff and the members of the class he seeks to represent wages for work performed, as described herein, in violation of the KWHA.

35. Under the KWHA, employers are required to pay overtime compensation to non-exempt employees for overtime work performed by such employees.

36. As Plaintiff and the similarly-situated employees were non-exempt, Defendant's refusal to pay Plaintiff and Class Members overtime compensation for overtime hours worked violated the KWHA.

37. The Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

38. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including: (1) whether Defendant paid them overtime compensation for all overtime worked; and (2) whether Defendant failed to pay them the full amount of overtime compensation earned.

39. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality.  Defendant's failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff.  Rather, it arose from Defendant's common pay policies of not paying overtime pay, which Defendant applied generally to their employees, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

40. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

41. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

42. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

### COUNT I

### VIOLATION OF FLSA
### NONPAYMENT OF OVERTIME COMPENSATION

43. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

44. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

45. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

46. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed.  See 29 U.S.C. § 207(a)(1).

47. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

48. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

49. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

50. Indeed, Defendant made no effort to pay overtime compensation at all to Plaintiff and the FLSA Collective, paying them on the same per-ton basis for work performed beyond forty hours per week as it paid them for work performed in the first forty hours of the workweek.

51. Defendant has willfully violated the FLSA by engaging in a pattern or practice (or patterns or practices) of:

   a. failing to keep accurate records showing all the time it permitted and/or required Plaintiff and members of the proposed collective to work, from the first compensable act to the last compensable act;

   b. permitting and/or requiring Plaintiff and FLSA Collective to perform integral and indispensable activities (*i.e.*, work) in excess of forty hours in a work week, for the benefit of Defendant and without compensation at the applicable federal overtime rates; and

   c. failing to pay employees overtime compensation earned.

52. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

**COUNT II**

**VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ*.**
**BY NONPAYMENT OF WAGES.**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Plaintiff bring this claim on behalf of all members of the proposed Rule 23 Class.

55. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq*.

56. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

57. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

58. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

59. Plaintiff and Class Members are not exempt from receiving the KWHA's overtime benefits because they do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

60. Defendant has violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked in excess of forty per workweek at one and one-half their "regular rate" of pay.

61. In violating the KWHA, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

62. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendant, because it failed to pay employees the required amount of wages and overtime at the statutory rate, must reimburse the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

63. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that the Court:

A. Issue process and bring Defendant before the Court;

B. Authorize notice to issue to members of the proposed collective action and permitting similarly-situated persons a reasonable opportunity to join this litigation with respect to claims under the FLSA;

C. Certify a class of similarly-situated employees whose rights were violated by Defendant under Kentucky law, and grant relief available under Kentucky law, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class;

D. Empanel a jury for the trial of all issues of fact;

E. Enter a judgment awarding Plaintiff and the Classes damages in the amount of the unpaid overtime compensation, plus liquidated damages in a like amount, in amounts to be proven at trial;

F. Award Plaintiff and similarly-situated persons joining this litigation all costs of litigation, including expert fees and attorneys' fees;

G. Grant Plaintiff and similarly-situated persons joining this litigation all costs of litigation and such other further and/or general, legal and/or equitable relief to which they are entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
*Counsel for Plaintiff*