UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00201-JHM-HBB

JOHNNY McCLURG                                                                                    PLAINTIFF

VS.

DALLAS JONES ENTERPRISES INC.                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to require Defendant to reimburse Plaintiff for the costs associated with obtaining service of summons on Defendant (DN 15). Defendants have responded in opposition (DN 17), and Plaintiff has replied (DN 20).

Plaintiff brings this motion pursuant to FED. R. CIV. P. 4(d)(2). The Rule provides that when a defendant located in the United States fails, without good cause, to sign and return a waiver of service of summons, the Court must impose on the defendant the expenses later incurred in making service and the reasonable expenses, including attorney's fees, of any motion required to collect those expenses.

Here, Plaintiff asserts that he filed his Complaint on December 7, 2020, and two days later, on December 9, sent the complaint, summons, and waiver to Defendant (DN 15 PageID 84). Under the Rule, Defendant had thirty days to return the waiver, but failed to do so. FED. R. CIV. P. 4(d)(1)(F). Consequently, on January 26, 2021, Plaintiff's counsel sent the service documents to the Muhlenberg County Sheriff for service and incurred a service fee of $70.00, as well as $1.65 in postage (DN 15 PageID 85; *see also* DN 15-2). Defendant's first responsive pleading in this

matter, a motion to dismiss, was filed on January 29, 2021(DN 5). The Muhlenberg County Sheriff obtained service of process on Defendant on February 22, 2021 (DN 11). Plaintiff seeks the costs of service, as well as attorney's fees related to filing the subject motion (DN 15 PageID 86). Plaintiff itemizes 1.2 hours of work at an hourly rate of $375.00, resulting a claimed attorney's fee of $450.00 (Id.; *see also* DN 15-3).

Defendant advances several arguments opposing Plaintiff's motion: (1) Defendant had good cause not to sign the waiver request, because it was technically deficient; (2) it was within Plaintiff's ability to take action to avoid incurring an unnecessary service expense; and (3) not all of Plaintiff's claimed attorney fee is properly recoverable (DN 17 PageID 415-21).

Defendant's first argument, that the waiver was technically deficient, is subdivided into two separate arguments (Id. at PageID 415-18). First, Defendant contends that the waiver request was not properly addressed to "an officer, a managing or general agent, or any other agent, authorized by appointment of law to receive service of process" as required by the Rule. (Id. at PageID 415-16, quoting FED. R. CIV. P. 4(d)(1)(A)(ii)). The waiver was directed to "Dallas Jones Enterprises, Inc." (DN 15-1). By addressing the waiver to the corporation in general, rather than a specific individual authorized to accept service of summons, Defendant asserts that the waiver was deficient (DN 17 PageID 416-17). Second, the Rule also requires that the waiver request also be accompanied by a prepaid means of returning the form. FED. R. CIV. P. 4(d)(1)(C). Defendant contends that Plaintiff has not established in his motion that he did, in fact, tender the required prepaid means of returning the waiver (DN 17 PageID 418).

Defendant's next argument is on equitable grounds (Id. at PageID 418-19). Defendant notes that a significant period of time elapsed between when Plaintiff submitted the summons to the sheriff and when the sheriff obtained service (Id. at PageID 419-20). During that interim,

2

Defendant filed a motion to dismiss (Id. at PageID 15; *see also* DN 5).  Defendant asserts that Plaintiff's counsel had time to reach out to Defendant's counsel to determine if Defendant would waive service, but instead chose allowed the sheriff to proceed with service (DN 17 PageID 419).  Bolstering the claim that service by the sheriff was unnecessary, Defendant argues the fact that Defendant did not raise the sufficiency of service of process as a defense in the initial pleading, and, thus, waived opposition to the sufficiency of service (Id., citing Greanex, LLC v. Rainer Triem, No. 20-CV-36-DLB, 2021 WL 1230484, at * 3 (E.D. Ky. Mar. 31, 2021) (Service of process argument waived because it was not made in first motion to dismiss)).  As such, Plaintiff had ample opportunity to withdraw the request that the sheriff serve the summons and avoid incurring the expense (Id. at PageID 419-20).

Finally, Defendant contends that some of the time entries included in Plaintiff's attorney's timesheet reflect efforts by counsel to communicate with Defendant's counsel about the issue of payment rather than preparation of the actual motion itself (Id. at PageID 420-21).  Defendant identifies $187.50 in what it contends are disallowed claims (Id.).

Plaintiff replies to all of Defendant's arguments (DN 20).  As to the contention that the waiver request was not addressed to the appropriate person, Plaintiff notes that Defendant does not deny having received the request for waiver of service, rather Defendant only challenges the technical sufficiency of the request (Id. at PageID 460-61).  Plaintiff asserts that the records of the Kentucky Secretary of State reflect that Dallas Jones is the registered agent for service of process (Id. at PageID 465-66; *see also* DN 20-3).  Plaintiff contends that appending "Enterprises, Inc." to the addressee on the request for waiver fulfills the requirement that it be addressed to the authorized agent, given the commonality of names (DN 20 PageID 466-67).  Plaintiff also submits proof that

a prepaid envelope was included with the submission, as required by the Rule (Id. at PageID 461-65; *see also* DN 20-2).

Turning to Defendant's equitable arguments, Plaintiff contends that he was not required to read-into Defendant's failure to raise the issue of sufficiency of service as an indication that formal service of summons was no longer required (DN 20 PageID 467-69).

Finally, Plaintiff contends that, while efforts related to perfecting service of summons are not recoverable under the Rule, attorney fees related to the filing of the instant motion are, including activities ancillary to the motion, such as determining if Defendant will agree to pay the fee (Id. at PageID 470-72). Plaintiff ups the ante by revising his request for an award of attorney's fees to include time devoted to the preparing the Reply, bringing the total to $1,909.15 (Id. at PageID 472).

## Discussion

FED. R. CIV. P. 4 governs service of summons. Rule 4(d) addresses waiver of service of summons. The purpose of waiver is to save unnecessary expenses of serving a summons and complaint. Allen v. Aramark, Corp., No. 3:07-CV-260-M, 2009 U.S. Dist. LEXIS 37268, at *5 (W.D. Ky. April 27, 2009). Where a defendant fails to execute a waiver of service of summons, and a plaintiff seeks reimbursement under the Rule, the plaintiff must make a sufficient showing of satisfactory compliance with the Rule. Beaver v. Eastland Mall Holdings, LLC, No. 2:20-CV-485, 2021 U.S. Dist. LEXIS 53089, at *10 (S.D. Ohio, Mar. 22, 2021); McCoy v. Carlson, No. 3:17-CV-432, 2019 U.S. Dist. LEXIS 84882, at *2-3 (S.D. Ohio May 24, 2019). As such, satisfaction of the procedural requirements of Rule 4(d)(1) are a condition precedent to a demand for reimbursement of the cost of service. McCoy, 2019 U.S. Dist. LEXIS 84882, at *3.

As to Defendant's argument regarding Defendant not intending to contest the sufficiency of service, as evidenced by the lack of such argument in its motion to dismiss, and Plaintiff therefore should have withdrawn his request to the sheriff for service, Plaintiff was under no obligation to do so.  "The Sixth Circuit has indicated 'that it will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4.'"  Pixler v. Huff, No. 3:11-CV-00207-JHM, 2013 U.S. Dist. LEXIS 97284, at * 28 (W.D. Ky. July 12, 2013) (quoting LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir. 1999)).  Even though, by failing to raise the issue of sufficiency of service when it filed the motion to dismiss, Defendant may have foreclosed its ability to raise that defense, Plaintiff was obligated to perfect service of summons on Defendant absent a waiver.

Defendant's argument that the waiver was technically deficient because it *might* not have been accompanied by a prepaid means of return has been rebutted by Plaintiff's proof that prepaid return was provided (*see* DN 20-2).  Defendant's other argument regarding the manner in which the waiver was addressed, however, is persuasive.  Where a business entity is involved, as is the case here, the Rule requires the waiver to be addressed to "an officer, a managing or general agent, or any other agent authorized by law to receive service of process."  FED. R. CIV. P. 4(d)(1)(A)(ii).  Dallas Jones is the agent for service of process (DN 20-3 PageID 476).  Plaintiff's waiver was addressed simply to the corporate entity and not to the specific individual authorized to receive service on behalf of the entity (DN 15-1).  Plaintiff argues that, because the corporate entity's name includes the name of the agent for service of process, this was essentially addressing it to the agent.  This argument is unsupported by authority and is a tortured interpretation of the Rule.

Rule 4(d)(2) is both sword and shield. The Court is mandated to impose costs on a Defendant who does not comply with Rule 4(d)(1), but strict compliance with that section is required before the mandate is applicable. *See* Yang Koo Woo v. Ochiai Georgia, LLC, No. 3:16-CV-00086-TAV-HBG, 2016 U.S. Dist. LEXIS 96379, at *4 (E.D. Tenn. July 25, 2016) (Where waiver of service was not directed to an officer or agent of a business entity, there is no entitlement to claim costs under Rule 4(d)). To accept Plaintiff's argument that addressing the waiver to "Dallas Jones Enterprises, Inc." is the practical equivalent of addressing to "Dallas Jones, Agent for Service of Process for Dallas Jones Enterprises, Inc." is to ignore the clear language of the Rule requiring the waiver to be addressed to the agent. For this reason, Plaintiff is not entitled to an award of costs.

In conclusion, the Court is compelled to express its disappointment that the parties have chosen to expend so much time and effort on a relatively inconsequential matter, and, as a result, obligate the Court to do so as well. As a practical matter, the Court harbors no illusion that the request for waiver of service of summons was "lost in the mailroom" or that Defendant was not fully aware of it. More likely, it was simply overlooked in the press of moving forward with the substantive defense of the case. The arguments advanced in opposition seem a matter of *ex post facto* justification. Likewise, Plaintiff, when pointed out that he failed to properly address the request for waiver, advanced a specious argument that, essentially, it was "good enough." Both parties cast recriminations against the other complaining of recalcitrance and lack of cooperation. This is concerning, as calls into question whether the parties are exerting good-faith efforts to cooperate as both required by the Rules and expected by the Court.

## ORDER

**WEHREFORE,** Plaintiff's motion for reimbursement of service of process costs from Defendant (DN 15) is **DENIED**.

May 3, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:     Counsel of Record