# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

| | |
|---|---|
| **JOHNNY MCCLURG,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:20-CV-201-JHM-HBB |
| ) | |
| **DALLAS JONES ENTERPRISES,** ) | |
| **INC.,** ) | |
| ) | |
| Defendant. ) | |

## EXPEDITED MOTION TO HOLD BRIEFING IN ABEYANCE

Defendant Dallas Jones Enterprises, Inc. ("Dallas Jones") respectfully requests the Court to hold briefing on Plaintiff Johnny McClurg's motion styled "Motion to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (Motion for Conditional Certification)" (DE #32) (the "Certification Motion") pending the Court's decision on Mr. McClurg's Motion for Leave to File Second Amended Complaint (DE #31) (the "Amendment Motion").

In Mr. McClurg's Certification Motion, he urges the Court to rely on the allegations in his Proposed Second Amended Complaint, plus Proposed Exhibits to that filing. *See* DE #32 at 13 n.17; *see also id.* at 5, 12, 13 (other citations to the Second Amended Complaint). Significantly, he offers a vastly enlarged scope of the proposed collective – from drivers with medical waivers to all drivers. Yet at this time, the First Amended Complaint remains the operative pleading while briefing on the Amendment Motion continues, leading up to the Court's decision whether to permit the Proposed Second Amended Complaint at all. Thus, when Mr. McClurg argues the

Court should rely on allegations in the Proposed Second Amended Complaint and sets out an enlarged definition of the proposed collective, he has put the proverbial cart before the horse. *See, e.g., Costelo v. Chertoff*, 258 F.R.D. 600, 604-05 (C.D. Cal. 2009) ("The Court is bound to class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it."); *Baker v. Big Lots Stores, Inc.*, Case No. 08-1450 GAF, 2009 WL 10673045, at *3 (C.D. Cal. Aug. 25, 2009) ("Plaintiff has devoted each of his [class certification] briefs to discussing the merits of certifying two separate classes, neither of which can be considered by the Court because neither are the class defined in the operative complaint."). Dallas Jones has objections to the Amendment Motion and has been working diligently on its Response to raise those for the Court's consideration.

The parties discussed whether to sequence briefing of the Amendment Motion and Certification Motion, but could not agree.[1] To be sure, this is not a matter of subjective view or any attempt to delay. It is no mere technical matter that the Proposed Second Amended Complaint has not become the operative pleading in the case. *See Costelo*, 258 F.R.D. at 604-05; *Baker*, 2009 WL 10673045, at *3; *see also, e.g., Newell v. Central Mich. Univ. Bd. Trustees*, ---F. App'x---, No. 20-1864, 2021 WL 3929220, at *9 (6th Cir. Sept. 2, 2021) (criticizing appellant's reliance on allegations in a proposed amended complaint "which [was] not even the operative complaint in the action"); *United States ex rel. Odish*, 843 F. App'x 748, 751 (6th Cir. 2021) (showing an appellant seeking to argue it was erroneous that a District Court made

---

[1] Dallas Jones sees no need to burden the Court with copies of email correspondence between counsel.

a decision "not based on the operative complaint"). Dallas Jones has the right to object to the Proposed Second Amended Complaint, as the company intends to do, and those objections deserve full consideration by the Court prior to briefing that engages the pleading. If the Court sustains Dallas Jones's objections, then at least in part any briefing completed on the Certification Motion could become moot, a needless expense of the parties' time and resources and an equally unnecessary cluttering of the Court's already very busy docket.

For the reasons set forth, the Court should hold briefing on the Certification Motion in abeyance until the Court has had an opportunity to consider the parties' briefing of the Amendment Motion and issue a decision regarding that Motion. Further, given the upcoming deadlines on briefing that this Motion seeks to hold in abeyance, Dallas Jones respectfully requests this Court evaluate the Motion without full briefing, if appropriate, or set an expedited briefing schedule on this Motion to prevent the procedural quagmire that could otherwise occur should briefing on the Certification Motion go forward at this time.

This the 9th day of September, 2021.

                                                  Respectfully submitted,

                                                  */s/Jay Inman*
                                                  LaToi D. Mayo
                                                  Jay Inman
                                                  Michael LaCourse
                                                  Littler Mendelson, P.S.C.
                                                  333 West Vine Street, Suite 1720
                                                  Lexington, KY  40507
                                                  Telephone: 859.317.7970
                                                  Facsimile: 859.422.6747

          lmayo@littler.com
          jinman@littler.com
          mlacourse@littler.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 9, 2021, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which gives notice to all parties.

          */s/ Jay Inman*
          Counsel for Defendant