**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| JOHNNY McCLURG, on Behalf of Himself and All Others Similarly-Situated, | ) ) ) ) | **PROPOSED COLLECTIVE ACTION UNDER FLSA AND CLASS ACTION UNDER KWHA** |
| *Plaintiff,* | ) ) | |
| v. | ) ) | CASE NO. 4:20-CV-201-JHM |
| DALLAS JONES ENTERPRISES INC, d/b/a CLAY'S TRUCKING | ) ) ) ) | **JURY DEMANDED** |
| *Defendant.* | ) ) ) | |

**RESPONSE TO EXPEDITED MOTION TO HOLD BRIEFING IN ABEYANCE**

Defendant's Expedited Motion to Hold Briefing in Abeyance (Ct. Doc. 35 and the "Delay in Briefing Motion") should be denied. For the reasons discussed below, including first and foremost that the statute of limitations under the FLSA will continue to run against similarly-situated truck driver employees of Defendant until Plaintiff's Motion to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (Motion for Conditional Certification) (Ct. Doc. 32 and, hereafter, the "Notice Motion") is fully-briefed and ruled upon, the Notice Motion should be briefed in accordance with the ordinary briefing schedule and Defendant's Delay in Briefing Motion should be denied. In the alternative, if the Court grants the Delay in Briefing Motion, the Court should hold that the statute of limitations for FLSA claims of Defendant's employees (whom Plaintiff seeks to notify in the Notice Motion) should be tolled from August 18, 2021 (the time Defendant received Plaintiff's proposed Second Amended Complaint) (or, in the alternative, from the time of Defendant filing the Delay in Briefing Motion) until such time as the Notice Motion is adjudicated.

These issues are addressed in turn below.

## I. The Delay in Briefing Motion Should Be Denied.

**A. The Issues Defendant Seeks to Raise in Opposition to Amendment Are Merits Issues, and Notice Should Issue Early Without Awaiting Resolution of Merits Issues.**

The Delay in Briefing Motion attempts, in combination with its incorporation and reference to Defendant's opposition (Ct. Doc. 36) to Plaintiff's Motion for Leave to File Second Amended Complaint (Ct. Doc. 31), to accomplish indirectly what FLSA notice caselaw indicates should not be done. Specifically, the Delay in Briefing requests a delay until amendment issues are resolved, while Defendant's position on amendment, rather than raising issues rising solely from the amendment process, instead seeks rulings on the alleged merits[1] of Defendant's statute of limitations defenses. See Ct. Doc. 36. Defendant's arguments regarding amendment relate solely to the alleged "futility" of the claims with respect to certain time periods, in effect seeking a premature ruling on the merits of its affirmative-defense statute of limitations arguments (and the same ruling that could be sought in a Rule 12 motion in response to the Second Amended Complaint, if amendment were not opposed).

---

[1] If the Court summarily granted the Motion for Leave to File Second Amended Complaint on the basis that Defendant's statute of limitations arguments in opposition thereto are without merit (they are), or need not be addressed at the pre-amendment stage, it could also summarily deny the Delay in Briefing Motion. While Plaintiff intends to reply separately in support of the Motion for Leave to File Second Amended Complaint, even cursory review of Defendant's response (Ct. Doc. 36) to Plaintiff's Motion for Leave to File Second Amended Complaint reveals that Defendant's arguments in opposition to amendment are entirely without merit. For instance, in its opposition to the proposed amendment, Defendant bizarrely argues that the statute of limitations should not apply from the time of Plaintiff's initial complaint because the Second Amended Complaint asserts as "an entirely new theory of liability" "enterprise coverage" under the FLSA. Ct. Doc. 36, at 2, 4-5 and 6. In making this argument, Defendant does not even mention, let alone discuss, how enterprise coverage could be an "entirely new theory" in the proposed Second Amended Complaint in light of the fact that the earlier, currently-operative Amended Complaint specifically alleged that "[i]n addition to containing a different definition of interstate commerce than that utilized in the Motor Carrier Act, *the FLSA provides 'enterprise coverage' under which all employees of an enterprise engaged in interstate commerce are covered by the FLSA*, whether or not each individual employee is involved in work in interstate commerce. 29 U.S.C. § 203 (r), (s).... *Defendant is an enterprise engaged in commerce or in the production of goods for commerce, as defined in 29 U.S.C. § 203*." Ct. Doc. 7 at ¶¶ 14-16 (emphasis added). Indeed, Plaintiff also alleged enterprise coverage in his initial Complaint: see Ct. Doc. 1, at ¶¶ 7 and 8 ("Defendant's annual sales have, at all relevant times to this Complaint, exceeding Five Hundred Thousand Dollars. Defendant is an enterprise engaged in commerce or in the production of goods for commerce, as defined in U.S.C. § 203.") Instead of addressing these previous allegations, Defendant falsely represents to the Court that "Plaintiff's enterprise coverage theory of liability appears nowhere in either of the previous two complaints Plaintiff filed with this Court." Ct. Doc. 36 at 2.

Thus, if the Court accepted Defendant's gambit of incorporating its merits arguments through its Delay in Briefing Motion, it would delay determination of the Notice Motion pending a ruling on the merits, which this Court has held should not occur. See *Branson v. Alliance Coal, et al.*, Doc. 167 in No. 4:19-cv-155 (W.D. Ky. April 20, 2021) ("[a]t the conditional certification stage,… 'a court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility"'"), *quoting York v. Velox Express, Inc.*, __ F. Supp. 3d __, No. 3:19-cv-92, 2021 WL 918768, at *2 (W.D. Ky. Mar. 10, 2021); *itself quoti*ng *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016)).

Indeed, numerous courts have denied attempts by employer/defendants to delay notice to the FLSA collective until after the resolution of motions by the employer/defendant relating to the alleged merits of the employer/defendant defenses. *Ayers v. SGS Control Services, Inc.* 2004 U.S. Dist LEXIS 25646 at * 6 (S.D.N.Y. 2004) (rejecting employer's request to stay decision regarding conditional certification until after motion to dismiss action had been heard); *Adams v. Inter-Conn Sec. Sys.*, 242 F.R.D. 530, 535 (N. D. Cal. 2007) (same); *Geer v. Challenge Fin. Investors Corp.*, 2006 WL 523201 at *1 (D. Kan. 2006) (acknowledging possibility of dismissal of action on motion, but noting this "does not outweigh the [c]ourt's concern about the effect a delay in sending notice might ultimately have on potential claims by [employees] who might wish to opt in to this case").

That Defendant attempts to pre-maturely raise its merits arguments as "amendment would be futile" arguments in opposition to a motion to amend, rather than in a motion to dismiss that same pleading, does not meaningfully differentiate Defendant's arguments from the numerous cases that have held that the conditional certification stage is not the appropriate stage to adjudicate (or delay resolution of the notice issue for) a defendant's ultimate-merits assertions, including that an FLSA collective's claims are barred based on an affirmative defense. Instead, at the notice stage, "[t]he

proper inquiry is simply whether plaintiffs are similarly situated ***with respect to their allegations that the law has been violated***." *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011). (emphasis in original; citations omitted).

### B. That the Statute of Limitations Continues to Run Militates in Favor of Completing Briefing on the Notice Motion.

Further, the rule against not resolving merits disputes at the notice stage arises from serious fairness concerns. Unlike the Rule 23 cases cited by Defendant,[2] the procedural context surrounding notice (or "conditional certification") motions in FLSA cases requires that such motions be decided early in the case. Specifically, the Supreme Court has recognized that "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity," but those benefits "depend on employees receiving accurate and timely notice concerning the pendency of the collective action." *Branson v. Alliance Coal, et al.*, Doc. 167 in No. 4:19-cv-155 (W.D. Ky. April 20, 2021), *quoting Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "Court-authorized notice is desirable to 'expedite disposition of the action.'" *Id., quoting Hoffman* at 171–72.

The principal reason for the need for prompt notice is that the statute of limitations for the FLSA claims of each of Defendant's other current and former employees continues to run until (A) the Notice Motion is fully briefed, (B) the Court rules on the Notice Motion, (C) each notice recipient receives the notice and becomes aware of the action and his or her right to join and (D) each notice recipient who choose to join the action finally stops the running of the statute of limitations as applicable to that particular employee by affirmatively "opting in" to the action pursuant to 29 U.S.C. § 216(b). *In re Amazon.com Inc. Fulfillment Center FLSA Wage and Hour Litigation*, No. 14-MD-24504 (W.D. Ky July 21, 2014) ("[t]he FLSA statutory structure creates

---

[2] See Section I(C) below and its discussion of the cases cited by Defendant.

inherent hurdles for opt-in plaintiffs because the statute of limitations continues to run for those who haven't yet filed their consent"), citing 29 U.S.C. § 256(b); *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007).

In other words, the Delay in Briefing Motion in effect seeks to have the Court grant Defendant an opportunity to have the statute of limitations of its un-notified employees continue to run in Defendant's favor while Defendant drags its feet[3] briefing its frivolous[4] arguments in opposition to amendment. Because Defendant does not even acknowledge that this is the import of its request, and does not explain why Defendant cannot simply raise whatever amendment-related arguments it wishes to raise in its response to the Notice Motion itself, and because providing notice promptly is in any event of far more importance than any benefit to the Notice Motion question that would obtain from resolution of the amendment issues before briefing continues on the Notice Motion, the Delay in Briefing Motion should be denied.

    **C.    The Class Certification Cases Cited By Defendant are Inapposite; Class Certification Under Rule 23 and Approval of a Notice Under the FLSA are Entirely Different Beasts.**

Defendant cites *Baker v. Big Lots Stores, Inc*. for the proposition that the Court should consider whether Plaintiff has put the cart before the horse by "set[ting] out an enlarged definition of the proposed collective." See Ct. Doc. 35, at 1-2.[5] However, Defendant's argument itself puts

---

[3]     See Section II below and Exhibit 1 hereto.

[4]     See footnote 1 above.

[5]     The other cases cited by Defendant are even more inapposite. *Costello v. Trutoff*, similarly involved Rule 23 class certification issues and not the question of whether notice should issue to similarly situated persons under the "conditional certification" process developed under the FLSA; *Costello* was not an FLSA case or even a wage and hour case (it involved immigration issues). In *Newell v. Central Michigan University Board of Trustees*, the Court was not even faced with a question involving a dispute over amendment of pleadings. Instead, the appellant in *Newell*, despite appealing the District Court's summary judgment decision, apparently did not cite on appeal to the summary judgment record on a crucial factual point; instead, the appellant cited in her appellate brief to an unverified early version of the Complaint. The Sixth Circuit, in holding that Appellant had not cited record evidence (the actual summary judgment record below) as required, also noted that the allegations of any complaint that is not verified would not constitute admissible evidence that could be considered at the Rule 56 stage. Only after this holding and additional observation did the Sixth Circuit in even-further-

procedures out of order: the issue considered in relation to the possibility of amendment in *Baker* was not whether an outset-of-the-case notice should be sent to a proposed collective of prospective FLSA opt-in plaintiffs, but to the much-later-in-the-case procedure of whether a class of state law claimants should be certified under Federal Rule of Civil Procedure 23. See *Baker*, 2009 W.L. 10673045 at *3-*4.

Indeed, *Baker* did not involve the issue of notice to similarly-situated employees under the FLSA (conditional certification) at all, *id*., and review of the actual Third Amended Complaint in *Baker* (cited by the *Baker* Court in the ruling relied upon by Defendant) shows that the *Baker* Plaintiff did not even assert a Fair Labor Standards Act claim. See Third Amended Complaint, Ct. Doc. 55 in *Baker v. Big Lots Stores, Inc*., Case No. 2-08-CV-1450 in the United States District Court for the Central District of California, a copy of which is attached hereto as Exhibit 3 (raising solely class action allegations relating to California state law violations; federal court jurisdiction arose under CAFA).

This distinction (between "conditional certification" or the approval of notice to potential FLSA plaintiffs, on the one hand, and class certification on the other) is crucial because, in addition to bearing different statute of limitations implications, the procedure of class certification under Rule 23 has very significant impacts relating to what persons are bound by the action. In contrast,

---

passing note that the particular unverified Complaint upon which the Appellant relied (the first amended complaint) was "not even the operative Complaint in the action." Although not thoroughly explained in the Sixth Circuit ruling, it appears that the plaintiff in *Newell* filed a Second Amended Complaint; however, unlike the present Defendant, who opposes amendment, the *Newell d*efendant consented to the *Newell* plaintiff filing that Second Amended Complaint. See docket entry 14 in docket report for *Newell* case from the District Court, a copy of which is attached hereto as Exhibit 2. Thus, *Newell* did not involve issues of whether amendment should be granted, or amendment's effect on other procedures, but, if anything, a sloppy appellate brief. Finally, *Odish* likewise did not involve a dispute about amendment but instead a *pro se* attorney who filed, among a mass of other inappropriate filings, sexually-explicit materials in response to a Court's Rule 12(b)(6) dismissal of the attorney's False Claims Act relator filing; Defendant cites the appellant/attorney's action of "seeking to argue it was erroneous that a District Court made a decision 'not based on the operative complaint'" as if it is somehow authoritative, Ct. Doc. 35 at 2-3, but the Sixth Circuit seems to have disagreed: it not only found that the attorney failed to raise this issue on appeal, but affirmed that the attorney's filing of a 169-page amended complaint in response to the District Court's order that he "file an amended complaint not exceeding ten pages" was improper, and further approving the sanctioning of the attorney.

a ruling by the Court on a motion for conditional certification has no impact whatsoever on the issue of what persons are bound by the action and instead relates only to whether or not a notice will be sent to similarly situated persons and, if so, to which group of such persons.

This is because "[t]he *sole consequence* of conditional certification is the sending of court-approved written notice to employees, ... who in turn become parties to a collective action only by filing written consent with the court, § 216(b)." *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1530 (2013) (emphasis added); s*ee also Branson v. Alliance Coal, et al.*, Doc. 167 in No. 4:19-cv-155 (W.D. Ky. April 20, 2021) ("[t]he only practical significance of conditional certification is that the plaintiff can notify prospective opt-in plaintiffs"), *citing Hall v. Gannett Co.*, No. 3:19-cv-296, 2021 WL 231310 at *2 (W.D. K.y Jan. 22, 2021) ("[t]he point [of conditional certification/FLSA notice] is to inform potential members of the collective action at the outset…").

D.     **The Court Should Reject Defendant's Arguments that the Amended Complaint and Proposed Second Amended Complaint Are Different in Any Respect Meaningful to the Issue of Whether Briefing of the Notice Motion Should Be Completed.**

Even ignoring this crucial distinction relating to the purpose and effect of the applicable procedures, Defendant's argument fails on its "merits." Defendant argues that the conditional certification motion should be delayed until Plaintiff's Motion for Leave to File Second Amended Complaint is decided, asserting that the proposed Second Amended Complaint "set[s] out an enlarged definition of the proposed collective" compared to that in the Amended Complaint. See Ct. Doc. 35, at 1-2.

As an initial matter, Defendant's suggestion that a proposed FLSA collective definition in the complaint is important is incorrect; indeed, there is no pleading requirement that a definition of a proposed collective even be included in an FLSA complaint. Instead, the notice or "conditional certification" procedure developed in the absence of express statutory guidance pursuant to Supreme

Court acknowledgement of district court discretion to manage the joinder of opt-in plaintiffs. *See Branson v. Alliance Coal, et al.*, Doc. 167 in No. 4:19-cv-155 at 3 (W.D. Ky. April 20, 2021), citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Since the complaint itself (as opposed to a later notice motion) need not describe the persons to whom Plaintiff contends notice should issue under the FLSA, whether or not the complaint is amended on that point is not of importance. *See also* Ct. Doc. 22 at 12-13 (rejecting Defendant's attempt to limit proposed FLSA collective or Rule 23 class at the 12.02(6) motion to dismiss stage, noting that "[t]he Court does not believe the motion to dismiss stage is the proper time to consider the question in this case"; further noting that Court would decide scope of FLSA collective based on to-be-filed-later motion for conditional certification and Plaintiff's assertion that in such motion he would "tailor [the relief sought] to the group of employees who were similarly situated to Plaintiff").

Moreover, Defendant's citation-to-the-record-unhindered[6] argument is simply wrong; the proposed collective identified in the Amended Complaint (Ct. Doc. 7) identifies the exact same proposed collective of employees as the proposed collective definition in the proposed Second Amended Complaint (Ct. Doc. 31-1). Compare Ct. Doc. 7, at ¶ 61[7] to Ct. Doc. 31-1, at ¶ 95[8].

---

[6] Defendant fails to provide citations in support of this argument, making its argument on a purely *ipse dixit* basis. See Ct. Doc. 35, at 1.

[7] The Amended Complaint (Ct. Doc. 7) at ¶ 61 provides that "Plaintiff brings Count I of this lawsuit pursuant to FLSA, 29 U.S.C. § 216(b) as a collective action, individually, and on behalf of himself and the following collective:

> All current and former truck driver employees of Dallas Jones Enterprises, Inc., doing business as Clay's Trucking, who were not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks since December 7, 2017, despite the employee qualifying for overtime compensation because the employee was not engaged in 'interstate commerce' truck driving as defined in the federal Motor Carrier's Act (the 'FLSA Collective')."

[8] The proposed Second Amended Complaint (Ct. Doc. 31-1) at ¶ 95 provides that "Plaintiff brings Count I of this lawsuit pursuant to FLSA, 29 U.S.C. § 216(b) as a collective action, individually, and on behalf of himself and the following collective:

> All current and former truck driver employees of Dallas Jones Enterprises, Inc., doing business as Clay's Trucking, who were misclassified as exempt under the Motor Carrier's Act exemption to the

Specifically, contrary to the Delay in Briefing Motion's argument that the Amended Complaint somehow limited the proposed collective to one of "drivers with medical waivers", both the Amended Complaint and the proposed Second Amended Complaint specifically requested that the Court treat as similarly situated to Plaintiff under the FLSA "all current and former truck driver employees of Dallas Jones Enterprises, Inc….since December 7, 2017". *Id.* The only difference in the proposed collective definitions is the way in which the reference to Motor Carrier's Act exemption issue is phrased, but this is simply a stylistic simplification, and does not change the composition of the underlying proposed collective at all, let alone "vastly enlarge" it, as Defendant argues.

Specifically, the Amended Complaint added to "all current and former truck driver employees of Dallas Jones Enterprises, Inc….since December 7, 2017" the language "who were not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks … despite the employee qualifying for overtime compensation because the employee was not engaged in 'interstate commerce' truck driving as defined in the federal Motor Carrier's Act." Ct. Doc. 7 at ¶ 61. The proposed Second Amended Complaint accomplishes the same thing for the same proposed collective by instead utilizing the language "who were misclassified as exempt under the Motor Carrier's Act exemption to the Fair Labor Standards Act and were therefore not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks." Ct. Doc 31-1 at ¶ 95. Neither complaint's proposed collective definition references medical waivers.

Because the premise of the Delay in Briefing Motion – that the Amended Complaint somehow limited the proposed collective action to solely "drivers with medical waivers" – is simply wrong, the

---

Fair Labor Standards Act and were therefore not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks since December 7, 2017 (the 'FLSA Collective')."

conclusion the Delay in Briefing Motion reaches from that premise (that determining whether amendment would be granted, and therefore what proposed collective definition would be operative, would provide a benefit justifying delaying briefing the Notice Motion) is also wrong.

  **E.**  **Defendant Can Raise Its Amendment-Related Arguments in Its Response to the Notice Motion; Delay in Briefing the Notice Motion is Not Needed.**

  Finally, even if the Court was inclined to consider the effect of Defendant's arguments relating to the effect of the pendency of the Motion for Leave to File Second Amended Complaint on the Notice Motion, Defendant has not explained at all why it cannot simply raise its arguments on that issue in its response to the Notice Motion. Defendant can easily include in its response to the Motion for Conditional Certification its arguments regarding how it contends the pendency of the Motion to Amend affects the Notice Motion, and there is therefore no need to delay briefing the Notice Motion.

  **II.**  **If the Court Grants the Delay in Briefing Motion, It Should Hold that Equitable Tolling Apply to the Claims that Would Be the Subject of the Delayed Notice to Defendant's Other Employees.**

  In the alternative, if the Court grants the Delay in Briefing Motion, the Court should hold that the FLSA statutes of limitation of all of Defendant's truck driver employees who would be the subject of the Notice Motion will be equitably tolled. This is fair even without considering whether Defendant's conduct has been dilatory: if Defendant requests delay in notice, and thus Plaintiff is unable to proceed with notice to other employees to inform them of their right to join this action (and the employees are thus not informed of the action), it is only fair to hold that those employees' statute of limitations should not continue to run against them during the delay period Defendant itself has requested. *See Halle v. Galliano Marine Serv., LLC*, 2018 WL 1757343 (E.D. La. 2018); *Beck v. Savory Sandwiches, Inc.*, 265 F. Supp. 3d 1209, 1210-1211 (tolling statute of

limitations for potential opt-in plaintiff pending initial plaintiff's appeal of injunction against plaintiff proceeding with action).

However, such a ruling is particularly appropriate here. Defendant has not acted promptly and reasonably in relation to the pending issues surrounding amendment and notice. First, Defendant simply ignored Plaintiff's communications relating to whether or not Defendant would agree to conditional certification. Compare Ct. Doc. 28-1 (Plaintiff requesting on July 2, 2021 Defendant's counsel obtain Defendant's MCS-150 forms[9] to be able to discuss whether Defendant agreed to conditional certification) and 31-10 (Defendant's counsel stating on August 18, 2021 that it never reviewed Defendant's MCS-150 forms to be able to discuss agreed conditional certification).[10] Further, Defendant purposely refused to disclose to Plaintiff (until its act of filing its Delay in Briefing Motion) whether or not Defendant would even oppose Plaintiff's Motion for Leave to File Second Amended Complaint. See Ct. Doc. 31-8, Ct. Doc. 33-4, and email correspondence, attached hereto as Exhibit 1.

---

[9] The information from the MCS-150 forms (including as reflected in the federal government's SAFER system, see Ct. Doc. 28-2 (federal SAFER information for Defendant, listing Defendant as "intrastate only") is crucial to the notice/conditional certification question in this case; in the MCS-150 forms, Defendant told the federal Department of Transportation that it *and all of its drivers* were **not** involved in interstate commerce. See Ct. Doc. 32 at 7-17. Where an employer makes this certification, it cannot avail itself of the Motor Carrier's Act exemption to the FLSA. *D'Arpa v. Runway Towing Corp.*, 2013 WL 3010810 (E.D. N.Y. 2013). Accordingly, whether Defendant made this certification with respect to itself and all of its employees (it did) is more than sufficient to meet Plaintiff's burden at the conditional certification stage at which "[t]he proper inquiry is simply whether plaintiffs are similarly situated ***with respect to their allegations that the law has been violated***." *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011). (emphasis in original; citations omitted).

[10] Defendant's counsel announced early on in this case a policy of not responding to communication from opposing counsel if Defendant did not agree with what opposing counsel was requesting. See Ct. Doc. 16-2. Plaintiff hoped this had changed after the Court explicitly noted that the Rules required and the Court expected good-faith efforts to cooperate, see Ct. Doc. 21 at 6, Ct. Doc. 28-1, but Defendant instead shifted to a policy by Defendant of "acknowledging," but not substantively responding to, attempts to meaningfully communicate. See Exhibit 1 at 1, 2, 4 and Ct. Doc. 33-4. For instance, Defendant pointedly refused to respond on August 31 and September 1, two weeks after receiving the proposed Second Amended Complaint, whether Defendant would oppose Plaintiff's motion for leave to file that complaint, expending far more energy dancing around the question than it would have taken to simply respond that Defendant did in fact intend to oppose Plaintiff's motion, which Defendant only disclosed to Plaintiff in the text of its Delay in Briefing Motion.

If delay is necessary at all, it is necessary because, throughout the time when the parties should have been conferring, Defendant refused (and still refuses) to communicate with Plaintiff on crucial subjects, including:

- "Why does Defendant contend amendment…must occur prior to conditional certification, when both the currently operative Amended Complaint and the proposed Second Amended Complaint seek FLSA certification of the same group of employees (all current and former truck driver employees who worked in the last three years)?" Exhibit 1 at 3.[11]

- Whether Defendant is "going to oppose conditional certification". Exhibit 1 at 3.[12]

- "If Plaintiff agreed to … pre-conditional-certification litigation about whether or not Plaintiff can file the proposed Second Amended Complaint…, would Defendant agree to toll the statute of limitations while there is a delay for litigation about amendment…?" Exhibit 1 at 3

Defendant wants to delay indefinitely. However, the delays it has caused have been unjustified, and Defendant should not benefit by these delays. Under these circumstances, if the Court permits some delay in briefing the Notice Motion until Defendant's objections to amendment are resolved, it should hold that equitable tolling of the statute of limitations applicable to the claims of Defendant's employees should apply from the time Defendant received the proposed Second Amended Complaint (and could have stipulated to amendment, or at minimum

---

[11] Even after Plaintiff sent this request for communication, Defendant filed its argument, without citation, falsely arguing that the proposed FLSA collective definition in the proposed Second Amended Complaint was "vastly enlarged" from that in the Amended Complaint. This necessitated the filing by Plaintiff and the consideration by the Court of Section I(D) above, which should have been avoided had Defendant communicated.

[12] Notably, although Defendant states in its Delay in Briefing Motion that it intends to oppose Plaintiff's Motion for Leave to File Second Amended Complaint, the Delay in Briefing Motion does not state whether Defendant is even going to oppose Plaintiff's Motion for Conditional Certification. If Defendant is not going to oppose Plaintiff's Motion for Conditional Certification, granting the Delay in Briefing Motion would be a waste of time; if conditional certification is going to occur whether there is amendment or not, why wait to determine whether there would be amendment, as the agreed-upon (or uncontested) order on the Notice Motion, and not the operative pleading, would define who would receive the notice?

stated it opposed amendment, but chose instead to delay explaining its position relating to amendment) on August 18, 2021[13] until the time the Court rules on the Notice Motion.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated on the Court's CM/ECF notice of filing, this document was filed through the Court CM/ECF filing system.

/s/ Mark N. Foster
Mark N. Foster

---

[13] See Ct. Doc. 31-8. In the alternative, equitable tolling should run from September 9, 2021 (the date Defendant filed its Delay in Briefing Motion) or September 15, 2021 (the date Defendant's response to the Notice Motion is due absent a ruling by the Court on the Delay in Briefing Motion).