**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

| | |
|---|---|
| **JOHNNY MCCLURG**, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20-CV-201-JHM-HBB |
| **DALLAS JONES ENTERPRISES, INC. d/b/a CLAY'S TRUCKING**, | ) ) ) ) |
| Defendant. | ) ) ) |

**RESPONSE IN OPPOSITION TO MOTION TO STAY DISCOVERY PENDING COURT'S RULING ON COLLECTIVE CERTIFICATION; AND CROSS-MOTION TO PERMIT EXPEDITED DISCOVERY PRIOR TO SAME RULING**

Defendant Dallas Jones Enterprises, Inc. ("Dallas Jones") responds in opposition to Plaintiff Johnny McClurg's puzzling Motion to Stay Discovery Pending Ruling on Collective Certification (DE #33). Due to the particular importance of discovery in this instance, Dallas Jones also includes a Cross-Motion to Permit Expedited Discovery Prior to Ruling on Collective Certification. For the reasons set forth, the Court should permit an expedited discovery period focused on essential questions the parties need to explore.

**I.   RELEVANT BACKGROUND**

Since the beginning of this litigation, Mr. McClurg has dogmatically insisted he needs information and documents as quickly as possible, even to the extent of faulting Dallas Jones for not providing him the information and documents informally prior to discovery. In sum, Dallas Jones counts more than ten separate email demands by Mr. McClurg for information and documents to be provided to him informally. Consider Mr.

McClurg's cover email on June 29, 2021, serving his first written discovery requests (which are attached as **Exhibit One** with all 39 separate exhibits) when the time for discovery had just arisen:

> Attached are Plaintiff's First Set of Discovery Requests. I will send emails to follow that contain the referenced Exhibits.
>
> Please be aware that, just as your client was not obligated earlier in the litigation to produce records, as you pointed out in the email below, **Plaintiff, who has had a lengthy delay in being able to seek discovery as a result of Defendant's filing of its properly-denied Motion to Dismiss, will not be required to agree to extension of Defendant's time to respond to discovery requests**.
>
> Therefore, while we will consider the actual circumstances at any particular time, we request that Defendant, who has had ample time to gather its responsive information and documents during the pendency of this case, respond within the time the Rules provide as an appropriate amount of time for a response.

*See* **Exhibit Two** (Email) (emphasis added). Thus, not only did Mr. McClurg demand prompt discovery at the first moment, but he even proactively advised Dallas Jones that, absent exceptional circumstances, he would not be tolerating any extension requests. Mr. McClurg wanted information and documents that badly – and prior to any certification motions. Consistent with this position by Plaintiff, the parties' Joint Report of Planning Meeting (DE #26) contains a full-bore discovery schedule, with no reference to any allegedly needed stay of discovery (because Mr. McClurg did not even raise the issue).

Dallas Jones likewise sought discovery prior to any certification motions, serving its first written requests on Mr. McClurg on June 30, 2021. *See* **Exhibit Three** (Discovery Requests). Plaintiff never requested any extension and failed to serve any discovery responses; instead, after the time to do so had passed, Mr. McClurg asked Magistrate

Judge Brennenstuhl to stay all discovery, including already-overdue written responses, at a telephonic conference on August 13, 2021. Dallas Jones argued that the parties should at least exchange their written discovery responses (Defendant had needed some additional time too, but was prepared to serve its responses the same day), but the Magistrate Judge preferred to enter a global temporary stay and permit Mr. McClurg to file a motion regarding his sought stay. *See* DE #30 (Order). Thus, in the instant posture, the parties should have in their possession overdue and fully prepared responses, but do not have authority to serve same.

With the latest filings, in particular, multiple issues have emerged that should be subject to discovery prior to consideration of collective certification. First and foremost is the alleged similar situatedness of the truck drivers – a burden Plaintiff must meet to certify a collective. Beyond factual distinctions that should be explored, in the declarations of Mr. McClurg (DE #32-1) and Albert Skinner (DE #31-9), both individuals verify their understanding, under penalty of perjury, that multiple entities, including Dallas Jones, DC Transport, Inc., and DC Trucking, Inc. operate out of the same location, with the same office headquarters and, in at least two cases, the same leadership – what appears, in their view, to be an integrated enterprise. Mr. Skinner, in particular, confirmed that he drove trucks for both DC Transport and Dallas Jones at the same time, which suggests numerous drivers may have been employed by the same leadership at the same location and headquarters, performing both interstate and intrastate work. *See* DE #31-9 at ¶ 6. To the extent there were drivers who were operating in both types of commerce, or to the extent that DC Transport and Dallas Jones were, in essence, an integrated enterprise

or joint employer over the drivers, the application of the FLSA and, thus the potential viability, of any resulting collective could be greatly diminished. Moreover, Mr. McClurg's declaration confirms that he was part of a group of undefined drivers who, he represents, handled the same intrastate routes – different from other groups and routes. *See* DE #32-1 at ¶ 11. However, he nonetheless seeks to represent all truck drivers employed by Dallas Jones, including drivers about whom he has no personal knowledge at all. Finally, the possible co-employment of truck drivers in a single enterprise, or jointly, as confirmed by Mr. Skinner, means multiple Dallas Jones drivers may have operated at a *de minimis* level, so would not be an appropriate part of any collective.

## II. LEGAL STANDARD

It is "well established that the scope of discovery is within the sound discretion of the trial court." *See Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). In assessing whether to stay discovery otherwise permitted under Rule 26 of the Federal Rules of Civil Procedure, courts must consider "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *See Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (citations omitted).

## III. ARGUMENT IN OPPOSITION TO STAY

While Mr. McClurg spends a considerable portion of his Motion urging the Court not to adopt recent precedent from the Fifth Circuit, *Swales v. KLLM Transport Services, LLC*, 985 F.3d 430 (5th Cir. 2021), the truth is that discovery should be required here under any collective action mechanic. Plaintiff appears to forget that, per Rule 26,

discovery runs, absent a stay, which he must show should be granted. Mr. McClurg fails to meet his burden repeatedly, and the Court should decline to stay discovery.

To begin, Plaintiff neglects to make a single argument – not one – about the written discovery requests that have been long pending and for which responses should have been served some time ago by both parties. Where he has offered no argument, he plainly has not met his burden. Whatever burden Mr. McClurg might contend exists in being required to serve responses pales in comparison to Dallas Jones' need for the information and documents it sought, including the identity of individuals Plaintiff believes to be similarly situated, such as those in his specific group of truck drivers. Mr. McClurg served discovery eagerly in this case and sought responses so urgently that he proactively warned Dallas Jones he would not tolerate any requests for extension, absent extraordinary circumstances, so the Court should give Plaintiff (and Dallas Jones) what his own actions demanded: the overdue written discovery responses.

More generally, Mr. McClurg asserts that the majority of pre-*Swales* cases made collective certification decisions on the basis of complaint allegations and any supporting declarations alone so, his theory goes, this Court should do the same. To begin, this is not a reasonable argument – that is, just because some Courts have chosen a particular path before does not mean this Court should do the same, in the particular posture of this case. *Stare decisis* does not mean the die is cast and decisions pre-judged: arguments must still be made, and burdens must still be met. Mr. McClurg appears to argue only that, because he has filed a motion seeking collective certification and because Dallas Jones submitted federal forms designating intrastate operations, there is no further

discovery to be done right now as to the nature of the collective (and further components of the case, including whether separate class certification under Plaintiff's KWHA claim should occur). However, as Dallas Jones sets out above, multiple subjects for inquiry related to collective certification (and other aspects of the case) remain, including who actually employed truck drivers purportedly driving for Dallas Jones (particularly key prior to any amendment deadline); the limits of Mr. McClurg's similarly situated allegations (including why and how he believes he is similarly situated to truck drivers whose routes and experiences he does not know and has never considered and who drove for multiple entities with the same leadership in the same location under the same operations); whether goods transported by Dallas Jones proceeded interstate, unknown to Dallas Jones or any other party (and may require amended federal filings); and who drove sufficient time for Dallas Jones even to be included in the proposed collective sketched by Mr. McClurg (as opposed to *de minimis* hours).

Finally, Mr. McClurg's Motion to Stay focuses only on his collective certification motion, and in this regard, he wears fateful blinders that deny him an essential broader view. Specifically, while Plaintiff has brought a proposed collective claim under FLSA in this litigation, he also raised additional theories, including a class-action theory under Kentucky law. Yet Mr. McClurg spends no time – not a single moment – addressing why such discovery should be stayed. As a result, this broader discovery simply cannot be stayed. Mr. McClurg must be held to his burden. Given that it was his motion, Mr. McClurg had every opportunity to fully meet that burden, a fundamental hurdle that Plaintiff made little to no effort to clear.

For the reasons set forth, discovery should not be stayed in this matter pending the Court's decision on collective certification. To the contrary, additional discovery should be conducted prior to that decision (more on that below). Either way, the Court should not shut off all discovery where other parts of this lawsuit require same and where Mr. McClurg plainly never even approached his burden to show entitlement to relief.

## IV.   ARGUMENT FOR EXPEDITED DISCOVERY

Consistent with the arguments made above by Dallas Jones, the Court should order the parties to engage in an expedited discovery period over no more than 60 days as follows: (a) serve outstanding written discovery responses that were due before Plaintiff ever requested any stay; (b) permit Dallas Jones to conduct short, two-hour-or-less depositions of Mr. McClurg and Mr. Skinner regarding employer identity/single entity, similarly situated truck drivers, co-operations among entities, and percentage of work done for Dallas Jones; (c) permit Mr. McClurg to conduct a short, two-hour-or-less deposition of a Dallas Jones corporate representative limited to the same issues; and (d) permit the parties to issue subpoenas *duces tecum* for records regarding interstate travel of goods. Defendant has set out why each of these issues should be explored prior to consideration of any collective, as well as to support further discovery as to other claims.

Mr. McClurg contends (baselessly) that Dallas Jones simply seeks to stall time, and this could not be further from the truth. As an illustration of same, Dallas Jones agrees that the statute of limitations for Mr. McClurg's claims should be stayed for any period of expedited discovery up to 60 days ordered by the Court – from the moment the Court orders same and to the close of that expedited discovery period.

## V. CONCLUSION

As set forth, the Court should conclude that Mr. McClurg has not met his burden for the wholesale stay of all discovery proceedings he seeks, and the Court should deny same. Moreover, for the cause shown herein, the Court should order an expedited discovery period of up to 60 days for the parties to explore the limited issues set out.

This 24th day of September, 2021.

*/s/ Jay Inman*
LaToi D. Mayo
Jay Inman
Michael LaCourse
LITTLER MENDELSON, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone: 859.317.7970
Facsimile: 859.422.6747
lmayo@littler.com
jinman@littler.com
mlacourse@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been filed via the electronic filing system on September 24, 2021. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

*/s/ Jay Inman*
Attorney for Defendant