## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

| | | |
|---|---|---|
| **JOHNNY MCCLURG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:20-CV-201-JHM-HBB |
| | ) | |
| **DALLAS JONES ENTERPRISES,** | ) | |
| **INC. d/b/a CLAY'S TRUCKING**, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Dallas Jones Enterprises, Inc. ("Defendant"), by and through counsel, hereby states the following for its Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") of Plaintiff Johnny McClurg ("Plaintiff"). Paragraph numbers of the Answer correspond to paragraph numbers in the Complaint. Defendant denies all allegations not specifically admitted.

## SUMMARY OF THE ACTION

1.      Defendant admits that Plaintiff purports to summarize the representative claims he seeks to advance in this action, but Defendant denies there are any valid causes of action and that Plaintiff or anyone else is entitled to any relief. Specifically, Defendant admits that Plaintiff was employed by Defendant as a truck driver and worked more than 40 hours some weeks, but he was not paid overtime compensation. Defendant also admits that there is a Motor Carrier Act exemption to the Fair Labor Standards Act ("FLSA"). However, Defendant denies that the exemption did not apply to Plaintiff, and thus Plaintiff was therefore not entitled to

overtime pay, because Defendant is an interstate motor carrier eligible to use the exemption and Plaintiff did drive his truck in "interstate commerce" as defined under the Motor Carrier Act. Defendant further denies that other workers like Plaintiff similarly performed work for Defendant that was not exempt under the FLSA (including not being exempt under the Motor Carrier Act exemption to the FLSA) and were similarly not paid overtime compensation as required by the FLSA for their overtime work.

## JURISDICTION AND VENUE

2.     The allegations in Paragraph Two constitute legal conclusions about jurisdiction, to which no response is required. To the extent a response is required, Defendant does not contest the jurisdiction of this Court.

3.     The allegations in Paragraph Three constitute legal conclusions about jurisdiction, to which no response is required. To the extent a response is required, Defendant does not contest the jurisdiction of this Court.

4.     The allegations in Paragraph Four constitute legal conclusions about venue, to which no response is required. To the extent a response is required, Defendant does not contest the Owensboro Division as venue, but Defendant denies there were, or are, any similarly situated employees.

## PARTIES

5.     Defendant is without sufficient information to admit or deny Plaintiff's current residency as alleged in Paragraph Five, so denies same.

6.     The allegations in Paragraph Six constitute legal conclusions about

statutory exemptions, to which no response is required. To the extent a response is required, Defendant denies all allegations except that Plaintiff was employed as a truck driver during part of the time alleged.

7.     Defendant admits that Exhibit 1 to the Original Complaint states "I consent pursuant to 29 U.S.C. § 216(b) to become a party plaintiff in a proposed lawsuit to be filed styled *Johnny McClurg v. Dallas Jones Enterprises, Inc., d/b/a Clay's Trucking*." Defendant further admits that Exhibit 1 to the Original Complaint purports to be signed by Johnny McClurg. Defendant is without sufficient information or knowledge to admit or deny the remainder of Paragraph Seven and, therefore, denies same.

8.     Defendant admits the allegations in Paragraph Eight.

9.     The allegations in Paragraph Nine and Footnote One referenced therein constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

10.    Defendant admits the allegations in Paragraph Ten.

11.    Defendant admits the allegations in Paragraph Eleven.

12.    The allegations in Paragraph Twelve constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations, except that Defendant has employed two or more employees who handle or otherwise work on goods that have been moved in interstate commerce.

13.     The allegations in Paragraph Thirteen constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations, except that Defendant is without sufficient information or knowledge to admit or deny the source of fuel for its trucks.

14.     The allegations in Paragraph Fourteen constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations, except that Defendant is without sufficient information or knowledge to admit or deny the site of manufacture of its trucks.

15.      The allegations in Paragraph Fifteen constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

**FACTUAL ALLEGATIONS**

16.     The allegations in Paragraph Sixteen constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

17.     The allegations in Paragraph Seventeen constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

18.     The allegations in Paragraph Eighteen constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

19.    Defendant admits that Plaintiff purports to address issues he raises in the preceding paragraphs of his Complaint in subsequent paragraphs of his Complaint, but Defendant denies the remainder of the allegations in Paragraph Nineteen.

20.    The allegations in Paragraph Twenty constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

21.    The allegations in Paragraph Twenty-One constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant both admits and denies that it has responded both "intrastate" on Federal Motor Carrier Safety Administration forms because Defendant has done both. Defendant denies the remainder of the allegations in Paragraph Twenty-One.

22.    The allegations in Paragraph Twenty-Two constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

23.    The allegations in Paragraph Twenty-Three constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

24.    The allegations in Paragraph Twenty-Four constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant admits that a portion of Exhibit 1 is a copy of the

FMCSA's Form MCS-150, but Defendant denies the remainder of Plaintiff's allegations.

25.    Defendant is without information or knowledge to admit or deny the allegation in Paragraph Twenty-Five. To the extent a response is required, Defendant denies Plaintiff's allegations.

26.    Defendant admits that it submits a completed Form MCS-150 to the FMCSA when required. Defendant denies the remainder of the allegations in Paragraph Twenty-Six.

27.    Defendant admits that it submitted a Form MCS-150 to the FMCSA in 2021. Defendant denies the remainder of the allegations in Paragraph Twenty-Seven.

28.    Defendant is without sufficient information or knowledge as to the revision date of the Form MCS-150 it submitted to the FMCSA in 2021 and, therefore, denies same. Further, Defendant denies the remainder of Plaintiff's allegations in Paragraph Twenty-Eight.

29.    Defendant denies the allegations in Paragraph Twenty-Nine.

30.    Defendant denies the allegations in Paragraph Thirty.

31.    The allegations in Paragraph Thirty-One constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant is without sufficient information or knowledge as to all MCS-150 forms, so denies Plaintiff's allegations.

32.    Defendant denies the allegations in Paragraph Thirty-Two, except that Defendant understood it should exercise care. However, Defendant also knew it could,

and can, submit revised and/or amended forms to correct any errors.

33.     Defendant denies the allegations in Paragraph Thirty-Three, except that Defendant understood it should exercise care. However, Defendant also knew it could, and can, submit revised and/or amended forms to correct any errors.

34.     Defendant admits the allegations in Paragraph Thirty-Four.

35.     Defendant admits the allegations in Paragraph Thirty-Five.

36.     Defendant denies the allegations in Paragraph Thirty-Six.

37.     Defendant denies the allegations in Paragraph Thirty-Seven.

38.     Defendant denies the allegations in Paragraph Thirty-Eight.

39.     The allegations in Paragraph Thirty-Nine constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

40.     Defendant is without sufficient information or knowledge as the FMCSA's motivation or purpose for developing its SAFER system and, therefore, denies the allegations in Paragraph Forty.

41.     Defendant admits that Plaintiff purports that Exhibit 2 is the FMCSA's description of the SAFER system, as maintained on its website as of August 18, 2021. Defendant, however, is without sufficient information or knowledge as what was on that section of the FMCSA's website on August 18, 2021, and, therefore, is without sufficient information to admit or deny the allegations in Paragraph Forty-One and, thus, denies them.

42.     Defendant is without sufficient information to admit or deny the

allegations in Paragraph Forty-Two, so denies same.

43.    Defendant is without sufficient information to admit or deny the allegations in Paragraph Forty-Three, so denies same.

44.    Defendant is without sufficient information to admit or deny the allegations in Paragraph Forty-Four, so denies same.

45.    Defendant admits that Exhibit 3 contains an "x" notation next to the words "Intrastate Only (Non-HM)" Defendant is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph Forty-Five, so denies same.

46.    Defendant denies that it represented to the FMCSA that is was not involved in interstate commerce, which is a legal term of art. Defendant admits that DC Trucking, Inc. and DC Transport, Inc., reflect under common, but not always identical, ownership and control with Defendant. Defendant admits that DC Trucking, Inc. and DC Transport, Inc. represented to the FMCSA they were interstate carriers. Defendant denies the remainder of Plaintiff's allegations in Paragraph Forty-Six.

47.    Defendant is without sufficient information or knowledge as to the allegations in Paragraph Forty-Seven and, therefore, denies same.

48.    Defendant is without sufficient information or knowledge as to the allegations in Paragraph Forty-Eight and, therefore, denies same.

49.    Defendant is without sufficient information or knowledge as to Plaintiff's allegations in Paragraph Forty-Nine regarding his motivations in this litigation and,

therefore, denies any such allegations related to same. Defendant admits that there were employees of Defendant who were also employees of one or both DC Trucking, Inc. and DC Transport, Inc, but denies the remainder of the allegations contained in that footnote.

50.     The allegations in Paragraph Fifty constitute legal conclusions about potentially applicable laws and equities, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

51.     Defendant denies the allegations in Paragraph Fifty-One.

52.     Defendant denies the allegations in Paragraph Fifty-Two.

53.     The allegations in Paragraph Fifty-Three constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff and another employee had medical cards, but Defendant denies the remainder of Plaintiff's allegations.

54.     Defendant admits that Plaintiff purports to address issues he raises in the preceding paragraphs of his Complaint in subsequent paragraphs of his Complaint, but Defendant denies the remainder of the allegations in Paragraph Fifty-Four.

55.     Defendant admits the allegations in Paragraph Fifty-Five, to the extent the entities operated separately.

56.     Defendant admits the allegations in Paragraph Fifty-Six.

57.     The allegations in Paragraph Fifty-Seven constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a

response is required, Defendant denies Plaintiff's allegations.

58.   The allegations in Paragraph Fifty-Eight constitute legal conclusions about insurance coverage, to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny, so denies same.

59.   The allegations in Paragraph Fifty-Nine constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant admits that DC Trucking, Inc. and DC Transport, Inc. operate interstate, but is without sufficient information to admit or deny otherwise, so denies same.

60.   Defendant admits that its management endeavored to ensure that Defendant's employees did not drive any loads for Defendant that required interstate travel, but Defendant explains that it did not track the routes or progress of every good to final destination. Defendant denies the remainder of the allegations in Paragraph Sixty.

61.   Defendant is without sufficient information or knowledge as to what Plaintiff or its other previous or current employees' expectation are or were and, therefore, denies the allegations in Paragraph Sixty-One and Footnote 3 referenced therein.

62.   Defendant denies the allegations in Paragraph Sixty-Two.

63.   Defendant denies the allegations in Paragraph Sixty-Three.

64.   Defendant denies the allegations in Paragraph Sixty-Four.

65.   Defendant admits that Plaintiff was assigned various duties, but Defendant denies the remaining allegations in Paragraph Sixty-Five.

66.   Defendant denies the allegations in Paragraph Sixty-Six.

67.   Defendant denies the allegations in Paragraph Sixty-Seven.

68.   Defendant admits that coal transported was sometimes dried or stored, but Defendant denies the remaining allegations in Paragraph Sixty-Eight.

69.   Defendant denies the allegations in Paragraph Sixty-Nine.

70.   Defendant denies the allegations in Paragraph Seventy.

71.   Defendant denies the allegations in Paragraph Seventy-One.

72.   Defendant denies the allegations in Paragraph Seventy-Two.

73.   Defendant denies the allegations in Paragraph Seventy-Three.

74.   Defendant denies the allegations in Paragraph Seventy-Four.

75.   Defendant is without sufficient information to admit or deny Plaintiff's driving history as alleged in Paragraph Seventy-Five, so denies same.

76.   Defendant is without sufficient information to admit or deny Plaintiff's medical history as alleged in Paragraph Seventy-Six, so denies same.

77.   Defendant is without sufficient information to admit or deny Plaintiff's medical history as alleged in Paragraph Seventy-Seven, so denies same. However, Defendant admits that Plaintiff approached it for employment.

78.   The allegations in Paragraph Seventy-Eight constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

79.   Defendant is without sufficient information to admit or deny Plaintiff's seeking or not seeking a federal waiver as alleged in Paragraph Seventy-Nine, so denies same.

80.   Defendant admits that Plaintiff applied for a medical waiver, but Defendant denies the remainder of Paragraph Eighty.

81.   Defendant admits the parties discussed Plaintiff's medical waiver, but Defendant denies the other allegations in Paragraph Eighty-One.

82.   Defendant admits that Exhibit 6 appears to be Plaintiff's application for a medical waiver that Defendant also signed. Defendant denies the remainder of Paragraph Eighty-Two.

83.   Defendant admits that Plaintiff represented to Defendant that he had received his applied-for waiver. Defendant is without sufficient information or knowledge to admit or deny the remainder of the allegations in Paragraph Eighty-Three and, therefore, denies same.

84.   Defendant admits the cards depicted in Exhibit 2 to Plaintiff's First Amended Complaint state in all-capital bold: "This waiver valid during intrastate commerce only."

85.   Defendant denies the allegations in Paragraph Eighty-Five, except that Plaintiff represented he had a medical waiver.

86.   Defendant denies the allegations in Paragraph Eighty-Six.

87.   Defendant admits that it had employed another employee with a Kentucky medical waiver. Defendant denies the remainder of the allegations in

Paragraph Eighty-Seven.

88.    Defendant denies the allegations in Paragraph Eighty-Eight.

89.    Defendant denies the allegations in Paragraph Eighty-Nine.

90.    In response to the allegations in Paragraph Ninety, Defendant affirmatively states it paid Plaintiff consistent with FLSA and KWHA.

91.    In response to the allegations in Paragraph Ninety-One, Defendant affirmatively states it paid Plaintiff consistent with FLSA and KWHA.

92.    In response to the allegations in Paragraph Ninety-Two, Defendant affirmatively states it paid Plaintiff consistent with FLSA and KWHA.

93.    In response to the allegations in Paragraph Ninety-Three, Defendant affirmatively states it paid Plaintiff consistent with FLSA and KWHA.

94.    In response to the allegations in Paragraph Ninety-Four, Defendant affirmatively states it paid Plaintiff consistent with FLSA and KWHA.

## PROPOSED COLLECTIVE AND CLASS DEFINITIONS

95.    Defendant admits that Paragraph Ninety-Five purports to summarize the representative claims Plaintiff seeks to advance in this action, but Defendant denies there are any valid causes of action and that Plaintiff or anyone else is entitled to any relief.

96.    Defendant admits that Paragraph Ninety-Six purports to summarize the representative claims Plaintiff seeks to advance in this action, but Defendant denies there are any valid causes of action and that Plaintiff or anyone else is entitled to any relief.

97.    Defendant admits that Paragraph Ninety-Seven purports to summarize the representative claims Plaintiff seeks to advance in this action, but Defendant denies there are any valid causes of action and that Plaintiff or anyone else is entitled to any relief.

98.    Defendant objects to Paragraph Ninety-Eight's attempt to "reserve[] the right" to revise allegations continuously. The Federal Rules, Local Rules, and the Court's Scheduling Order should control.

## COLLECTIVE ACTIONS ALLEGATIONS UNDER THE FLSA

99.    Defendant admits that Paragraph Ninety-Nine purports to summarize the representative claims Plaintiff seeks to advance in this action, but Defendant denies there are any valid causes of action and that Plaintiff or anyone else is entitled to any relief.

100.   Defendant admits that Paragraph One-Hundred purports to summarize the representative claims Plaintiff seeks to advance in this action, but Defendant denies there are any valid causes of action and that Plaintiff or anyone else is entitled to any relief.

101.   Defendant denies the allegations in Paragraph One Hundred One.

102.   Defendant denies the allegations in Paragraph One Hundred Two.

103.   Defendant denies the allegations in Paragraph One Hundred Three.

104.   Defendant denies the allegations in Paragraph One Hundred Four.

105.   Defendant denies the allegations in Paragraph One Hundred Five.

106.   Defendant denies the allegations in Paragraph One Hundred Six.

## CLASS ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 23 FOR KWHA

107.  Defendant admits that Paragraph One Hundred Seven purports to summarize the representative claims Plaintiff seeks to advance in this action, but Defendant denies there are any valid causes of action and that Plaintiff or anyone else is entitled to any relief.

108.  Defendant denies the allegations in Paragraph One Hundred Eight.

109.  Defendant denies the allegations in Paragraph One Hundred Nine.

110.  Defendant states it complied with all legal obligations under the KWHA. To the extent Plaintiff alleges otherwise, Defendant denies the allegations in Paragraph One Hundred Ten.

111.  Defendant denies the allegations in Paragraph One Hundred Eleven.

112.  Defendant denies the allegations in Paragraph One Hundred Twelve.

113.  Defendant denies the allegations in Paragraph One Hundred Thirteen.

114.  Defendant denies the allegations in Paragraph One Hundred Fourteen.

115.  Defendant denies the allegations in Paragraph One Hundred Fifteen.

116.  Defendant denies the allegations in Paragraph One Hundred Sixteen.

117.  Defendant denies the allegations in Paragraph One Hundred Seventeen.

## COUNT I: ALLEGED NONPAYMENT OF OVERTIME COMPENSATION

118.  Defendant incorporates all prior responses by reference as though fully set out herein.

119.  The allegations in Paragraph One Hundred Nineteen constitute legal conclusions about potentially applicable laws, to which no response is required. To

the extent a response is required, Defendant denies Plaintiff's allegations.

120. The allegations in Paragraph One Hundred Twenty constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

121. Defendant states it complied with all legal obligations under the FLSA. To the extent Plaintiff alleges otherwise, Defendant denies the allegations in Paragraph One Hundred Twenty-One.

122. The allegations in Paragraph One Hundred Twenty-Two constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

123. The allegations in Paragraph One Hundred Twenty-Three constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

124. Defendant denies the allegations in Paragraph One Hundred Twenty-Four.

125. Defendant denies the allegations in Paragraph One Hundred Twenty-Five.

126. Defendant denies the allegations in Paragraph One Hundred Twenty-Six.

127. The allegations in Paragraph One Hundred Twenty-Seven constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

## COUNT II: ALLEGED NONPAYMENT OF WAGES

128.   Defendant incorporates all prior responses by reference as though fully set out herein.

129.   Defendant admits that Paragraph One Hundred Twenty-Nine purports to summarize the representative claims Plaintiff seeks to advance in this action, but Defendant denies there are any valid causes of action and that Plaintiff or anyone else is entitled to any relief.

130.   Defendant states it complied with all legal obligations under the KWHA. To the extent Plaintiff alleges otherwise, Defendant denies the allegations in Paragraph One Hundred Thirty.

131.   Defendant states it complied with all legal obligations under the KWHA. To the extent Plaintiff alleges otherwise, Defendant denies the allegations in Paragraph One Hundred Thirty-One.

132.   The allegations in Paragraph One Hundred Thirty-Two constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

133.   The allegations in Paragraph One Hundred Thirty-Three constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

134.   The allegations in Paragraph One Hundred Thirty-Four constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

135.   Defendant denies the allegations in Paragraph One Hundred Thirty-Five.

136.   Defendant denies the allegations in Paragraph One Hundred Thirty-Six.

137.   Defendant denies the allegations in Paragraph One Hundred Thirty-Seven.

138.   The allegations in Paragraph One Hundred Thirty-Nine constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any and all relief sought in his Complaint, and Defendant respectfully requests the following:

1.   Denial of notice and certification;

2.   Dismissal of Plaintiff's Complaint;

3.   Reasonable attorney fees and costs; and

4.   Any and all other relief to which it may be entitled.

## AFFIRMATIVE DEFENSES

Subject to a reasonable opportunity for further investigation and discovery and without shifting the burden of proof on any issue for which Plaintiff and those individuals he seeks to represent bear that burden, Defendant alleges the following additional defenses:

1.     Plaintiff's Complaint, in whole or in part, (and if applicable the Complaint of and those individuals Plaintiff purports to represent) fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims and the claims of those Plaintiff purports to represent are barred to the extent that they failed to comply with any applicable statutes of limitation.

3.     Plaintiff's claims and the claims of those Plaintiff purports to represent are barred to the extent that they failed to exhaust administrative remedies and/or comply with the time limits for pursuing administrative remedies.

4.     Plaintiff and those individuals he seeks to represent are not entitled to any recovery to the extent that their claims are barred by the doctrines of waiver, consent, estoppel and unclean hands.

5.     Plaintiff's claims and the claims of those Plaintiff purports to represent are barred because Defendant fully performed and discharged in good faith each and every obligation, if any, owed to them.

6.     Plaintiff and those individuals he seeks to represent failed unreasonably to take advantage of any preventative or corrective opportunities provided to them or otherwise avoid harm.

7.     Plaintiff's claims and the claims of those individuals Plaintiff seeks to represent are preempted, in whole or in part, by federal law, in particular the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") and the Employee Retirement Income Security Act ("ERISA").

8.   At all relevant times Defendant honestly intended to ascertain the FLSA's requirements and to comply with them.

9.   Defendant paid Plaintiff and those individuals he seeks to represent sufficiently under the law, even if Defendant utilized a different method to do so.

10.   Plaintiff's employment and the employment of those individuals he seeks to represent with Defendant should be considered in light of the common ownership and operations among Defendant and its sister entities, including any other necessary parties.

11.   Plaintiff and those individuals he seeks to represent have failed to allege facts sufficient to allow any award of damages, including punitive damages. Furthermore, Defendant did not engage in any conduct that would enable Plaintiff and those individuals he seeks to represent to receive an award of attorney fees with regard to any claims asserted by them.

12.   Plaintiff and those individuals Plaintiff purports to represent may not recover liquidated damages because Defendant never committed any willful violation of the overtime provisions of the FLSA, nor did they ratify any such violation.

13.   Any damages and/or losses claimed in Plaintiff's Complaint (and as appropriate the Complaint of those individuals who seeks to represent) resulted, in whole or in part, from substantial intervening, superseding causes, acts, omissions and/or aggravating events for which Defendant has no responsibility, including their own actions.

14.    Plaintiff and those individuals he seeks to represent may not make any recovery of *de minimis* wages.

15.    Plaintiff's claims and the claims of those individuals he seeks to represent are barred, at least in part, by the doctrines of judicial and/or equitable estoppel to the extent they have filed for bankruptcy and not disclosed the claims asserted herein as assets of the bankruptcy estate in the bankruptcy petition or attached schedules

16.    To the extent that discovery reveals after-acquired evidence of wrongdoing by Plaintiff and those individuals he seeks to represent and the wrongdoing would have materially affected the terms and conditions of their employment, or would have resulted in their being demoted, disciplined, or terminated, such after-acquired evidence shall bar the their claims on liability or damages or shall reduce such claim or damages as provided by law.

17.    To the extent Plaintiff and those individuals he seeks to represent failed to mitigate their damages, any damages that may be awarded to Plaintiff and those individuals he seeks to represent should be reduced accordingly.

18.    Any damages awarded to Plaintiff and those individuals he seeks to represent should be reduced by any applicable statutory caps.

19.    Plaintiff and those individuals he seeks to represent cannot satisfy the requirements for a collective action.

20.    Plaintiff's claims and the claims of those individuals Plaintiff seeks to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

21.    Discovery, which was served by Plaintiff and Defendant prior to any certification proceedings and should continue prior to such proceedings, should be completed before the Court makes any certification decisions.

22.    The Court should apply the more rigorous collective certification standard utilized by reviewing courts when discovery has been held and/or consistent with the Fifth Circuit's recent decision in *Swales v. KLLM Transport Services, LLC*.

23.    Plaintiff and those individuals he seeks to represent cannot satisfy the requirements for a class action.

24.    Any attorney fees awarded to Plaintiff and those individuals he seeks to represent should be reduced based on the record in this matter.

25.    Plaintiff's request for relief that is equitable in nature must be dismissed because Plaintiff and those individuals he seeks to represent have adequate remedies at law.

26.    Defendant reserves the right to amend its Answer to assert additional affirmative defenses and counterclaims established by the facts of this case during the course of investigation and discovery in this case, up to and including trial.

This 28th day of September, 2021.

/s/ Jay Inman
LaToi D. Mayo
Jay Inman
Michael LaCourse
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY 40507
Telephone: 859.317.7970
Facsimile: 859.422.6747

lmayo@littler.com
jinman@littler.com
mlacourse@littler.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been filed via the electronic filing system on September 28, 2021. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

*/s/ Jay Inman*
Attorney for Defendant