### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

| | | |
|---|---|---|
| **JOHNNY MCCLURG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:20-CV-201-JHM-HBB |
| | ) | |
| **DALLAS JONES ENTERPRISES,** | ) | |
| **INC. d/b/a CLAY'S TRUCKING**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Dallas Jones Enterprises, Inc. ("Dallas Jones" or "Defendant" or the "Company") hereby responds in opposition to Plaintiff's "Motion For Judgment On Defendant's [Allegedly] Facially Inapplicable Affirmative Defenses of 'Failure to Exhaust Administrative Remedies' and 'Statutory Caps.'" *See* DE #60 (Motion). As shown below, the two defenses at issue squarely apply and should be permitted to stand. The Court should deny Plaintiff Johnny McClurg's ("Mr. McClurg" or "Plaintiff") Motion.

As a preliminary matter, even if the defenses did not squarely apply, Dallas Jones previously explained that it also properly raised certain affirmative defenses to avoid waiver, with the conditionally certified collective and uncertified proposed class still uncertain at the time the Company filed its Answer to the Second Amended Complaint (and still uncertain now). *See* DE #27 (Response) at 2. Discovery has hardly begun since that time. *See* DE #30 (Order staying discovery as of August 13,

2021); DE #59 (Memorandum Opinion & Order reopening discovery on December 3, 2011). As a result, it is entirely unclear why Mr. McClurg has insisted on additional motion practice at this early stage.

## I.    STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." *See* Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *See Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (internal quotation omitted). A motion under Rule 12(c) should only be granted "'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *See id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## II.   DALLAS JONES PROPERLY ASSERTED THE "FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES" DEFENSE.

Dallas Jones should not be foreclosed from asserting the "failure to exhaust administrative remedies" defense. This remains an open issue under Kentucky law, and Dallas Jones should be permitted to argue the issue, if it chooses. There is no basis for judgment on the pleadings.

Mr. McClurg failed to argue any of the key precedent, which constitutes waiver, but even if he had, precedent simply confirms the issue to be open. In *Parts Depot v. Beiswenger*, 170 S.W.3d 354 (Ky. 2005), the Kentucky Supreme Court

analyzed whether Kentucky courts have subject matter jurisdiction to address claims premised on the version of KRS § 337.055 applicable at that time as relating to payment of wages to employees who have been discharged from employment, where those claims have not been exhausted before the Kentucky Labor Cabinet.[1] *See Parts Depot*, 170 S.W.3d at 356. The Supreme Court determined that, based on the specific language in that version of KRS § 337.385(1), which pertains to alleged violations of KRS § 337.020 to § 337.285, courts have jurisdiction to adjudicate claims without need for exhaustion. *See id.* at 357-62. The Supreme Court explicitly refrained from making any other holding about any other jurisdictional issue. *See id.* at 359 n.3. There have been no other Supreme Court analyses since then.

Unfortunately, the *Parts Depot* analysis of jurisdiction presents wholly as dicta because, as the decision goes on to show, the claims concerned a personnel policy determined to be contractual and whether there had been a breach. *See id.* at 363-64; *see also Smith v. Housing Authority of Middlesborough*, No. 2002-CA-738-MR, 2003 WL 22416761, at *2 (Ky. Ct. App. Oct. 24, 2003) ("The appellants are claiming additional pay for making themselves available to be called in to work pursuant to their contract; they are not claiming 'on call' or 'overtime pay' pursuant to Chapter 337."). Thus, the analysis of KRS 337 played no role in the decision. While dicta should not be disregarded out of hand, as such may be persuasive precedent, the point is that there has not been a definitive ruling foreclosing arguments to the contrary.

---

[1]     Since that time, the KWHA has been amended twice by the Kentucky legislature, the first amendment effective on July 15, 2010, and the second effective on June 25, 2013. The amendments included a significant change: an opportunity for defendants to present evidence of good faith and avoid liquidated damages.

As a result, judgment on the pleadings should not be granted to Mr. McClurg.

### III.   LIKEWISE, DALLAS JONES FAIRLY ASSERTED "STATUTORY CAPS" AS A DEFENSE.

Mr. McClurg should not be afforded judgment on Dallas Jones' commonsense affirmative defense referencing "statutory caps." As best Dallas Jones can tell, Mr. McClurg's argument reflects a misunderstanding about the term "statutory caps" as utilized in this defense, believing that must mean a whole "reform legislation" mechanism, such as Tennessee's tort reform statutes signed into law in 2011. However, a "statutory cap" constitutes a statutory limitation on damages of any sort, rather than solely part of tort reform.

As an example applicable here, FLSA's statutory framework specifically limits, or caps, the amount that any plaintiff may recover for liquidated damages:

> In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof **not to exceed the amount specified in section 216 of this title**.

*See* 29 U.S.C. § 260 (emphasis added). On its face, the KWHA includes similar limits, or caps.

Where this affirmative defense plainly applies, given the examples of limits on damage awards identified, Mr. McClurg's effort to seek judgment on the defense must be denied. The plain language of the statutes at issue refute his arguments.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings should be denied.

This 14th day of January, 2022.

*/s/ Michael J. LaCourse*

LaToi D. Mayo
Jay Inman
Michael LaCourse
**LITTLER MENDELSON, P.S.C.**
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone: 859.317.7970
Facsimile:   859.422.6747
Email:     lmayo@littler.com
                jinman@littler.com
                mlacourse@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been filed via the electronic filing system on January 14, 2022. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

*/s/ Michael J. LaCourse*
Attorney for Defendant