# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JOHNNY McCLURG, on Behalf of Himself and All Others Similarly-Situated, <br><br>  Plaintiff, <br><br> v. <br><br> DALLAS JONES ENTERPRISES INC, d/b/a CLAY'S TRUCKING <br><br>  Defendant. | **PROPOSED COLLECTIVE ACTION UNDER FLSA AND CLASS ACTION UNDER KWHA** <br><br> CASE NO.   4:20-CV-201-JHM <br><br> **JURY DEMANDED** |

**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON DEFENDANT'S FACIALLY-INAPPLICABLE AFFIRMATIVE DEFENSES OF "FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES" AND "STATUTORY CAPS"**

In Defendant's Response (Ct. Doc. 69 and the "Response") to Plaintiff's Motion for Judgment on the Pleadings on Defendant's Facially-Inapplicable Affirmative Defenses of "Failure to Exhaust Administrative Remedies" and "Statutory Caps" (Ct. Doc. 61 and the "Motion"), rather than candidly acknowledging that it inserted into its Answer (Ct. Doc. 46) to Plaintiff's Second Amended Complaint (Ct. Doc. 41) defenses that are simply not applicable to the claims in this case, Defendant, having previously been unable or unwilling to muster any argument supporting these "defenses,"[1] now refuses to narrow the issues in any way, instead wasting more of the resources of the parties and the Court by making new arguments.  The new arguments are in part troublingly misleading, and in any event entirely wrong, and the Court should grant the Motion and remove from this case these defenses, which never should have been pleaded.

---

[1]  See Motion at Page ID # 1343-1344 (discussing Defendant's failure to support these defenses in any fashion in its July, 2021 response (Ct. Doc. 27) to Plaintiff's later-mooted-by-amendment motion to strike these defenses in Defendant's answer to Plaintiff's first Amended Complaint (Ct. Doc. 25)).

I.  **Defendant's Argument – that the Kentucky Supreme Court's Rejection of an "Administrative Exhaustion" Argument Under the KWHA was "Wholly Dicta" – Is Misleading and False and In Any Event Fails Address Why the Kentucky Supreme Court Should Adopt the Opposite Rule.**

In the Response, Defendant acknowledges that the Kentucky Supreme Court in *Parts Depot v. Beiswenger*[2] held that "based on the specific language in that version[3] of KRS § 337.385(1)…, courts have jurisdiction to adjudicate claims without need for exhaustion. See id. at 357-62. Response at 2-3. However, without even attempting to articulate why the Kentucky Supreme Court's reasoning in *Parts Depot* was incorrect,[4] Defendant misrepresents[5] that *Parts*

---

[2]   170 S.W.3d 354 (Ky. 2005). *Parts Depot* held that the statutory language (now that action for unpaid wages "may be maintained in any court of competent jurisdiction by anyone (1) or more employees for and in behalf of himself, herself, or themselves;" at the time of *Parts Depot* identical except for "herself"), upon which Plaintiff relied in the Motion, demonstrates that administrative exhaustion is not required. Defendant conclusorily and in passing asserts that Plaintiff's failure to discuss *Parts Depot* in the Motion "constitutes waiver," Response at 2, but Plaintiff could not have been expected to anticipate in the Motion that Defendant would falsely represent in the Response that *Parts Depot* was dicta (it is not as discussed in the text) and preemptively address that bogus argument. Accordingly, the Court should reject Defendant's itself-conclusory waiver argument.

[3]   Defendant makes passing references to amendments to the KWHA since 2005. To the extent Defendants intend to imply that the amendments somehow imposed an administrative exhaustion requirement that *Parts Depot* expressly found was absent, that is incorrect. The amendments provided for references to female employees ("herself") and provided a separate type of relief for forced labor, but did not impose any administrative exhaustion requirement for KWHA claims.

[4]   Defendant does not articulate why the Kentucky Supreme Court's ruling that the statutory language of KRS 337.385 expressly authorizes suit in court without requiring exhaustion, should be reversed by the Kentucky Supreme Court, instead obtusely eliding to the possibility of "arguments to the contrary" while making no such arguments. Response at 3. Moreover, Defendant similarly fails to explain why this Court should or could predict that the Kentucky Supreme Court, as the ultimate arbiter of state law, would reverse its own reasoned opinion. Indeed, even if Defendant's "dicta" argument had any merit (which it does not, as discussed in the text), since the Kentucky Supreme Court has not reversed *Beiswenger*, this Court would be bound to follow the Sixth Circuit's (correct) conclusion that *Parts Depot* "settles the issue." *Oaks v. 3M Co.*, 453 F.3d 781, 782 (6th Cir. 2006) (District Court erred in, prior to *Parts Depot*, holding that plaintiff's "claim based on Ky.Rev.Stat. § 337 was a statutory claim that first must be administratively exhausted in the Commonwealth of Kentucky"*); see also McCann v. Sullivan University System, Inc.*, 528 s.w.3D 331 (Kentucky Supreme Court considering KWHA claim, holding that statute permits Rule 23 actions; despite discussing procedures of claim in detail, never mentioning any required exhaustion).

[5]   Ordinarily, one should assume that a misrepresentation is not intentional. Here, however, Defendant's attention was quite particularly drawn (prior to the filing of the Motion, let alone the Response) to the issue of whether or not Defendant's failure to exhaust administrative remedies defense was legally supported. Accordingly, the origin of the false representation that "KRS 337 played no role in the decision" in *Parts Depot* is suspect, and whether Defendant acknowledges following this reply that it has made a frivolous argument (in the Response that *Parts Depot* was "wholly… dicta") on top of a frivolous argument (in the answer that administrative exhaustion applies) will perhaps be telling. However, for purposes of deciding the Motion, the Court only need resolve at this time whether

*Depot* was "wholly… dicta because… the claims concerned a personnel policy determined to be contractual…. The analysis of KRS 337 played no role in the decision." Response at 3.

However, the very first sentence *Part Depot* decision explains that *Parts Depot* is a consolidated appeal of two separate cases. 170 K.W.3d at 355-356.[6] The second paragraph of the opinion addresses the Beiswenger/Parts Depot portion of the consolidated appeal, stating that:

> Beiswenger alleged [against his employer, Parts Depot] a violation of KRS 337.055 ("Any employee who leaves or is discharged from his employment shall be paid in full all wages or salary earned by him...."), and brought his action pursuant to KRS 337.385(1) (action may be maintained in any court of competent jurisdiction to recover unpaid wages earned, an additional equal amount in liquidated damages, and for costs and reasonable attorney fees).

*Id.* at 356. The end of that paragraph notes that "[t]he only issue presented by this [Beiswenger/Parts Depot] appeal is the jurisdictional one[,]" *Id.*, distinguishing the Beiswenger/Parts Depot portion of the appeal from the other half of the consolidated appeal, *Smith v. Housing Authority of Middlesborough*, which involved an additional question relating to whether the Housing Authority's personnel policy was enforceable by employees as a contract. *Id.*, beginning at 362.

It is the Kentucky Supreme Court's discussion of this additional, personnel-policy-as-contract question that Defendant refers to in its Response at 3, citing *Parts Depot* at 363-364. However, by failing to acknowledge that the personnel-policy-as-contract question did not apply

---

Defendant's argument in the Response is correct, not why it was made. Defendant's argument in the Response that *Parts Depot* was "wholly dicta" is not correct.

[6]     "We have consolidated these two appeals because they present a common issue, viz: Does a circuit court have original subject matter jurisdiction over a wage and hour dispute between an employer and employee, or is original jurisdiction over all such disputes vested exclusively in the Department of Labor by KRS Chapters 336 and 337, subject to only appellate review by the Court of Justice after exhaustion of administrative remedies?" *Id.* Further, even if the *Parts Depot* decision itself was not reviewed, that *Parts Depot* is a consolidated appeal also is apparent from the fact that one of the intermediate appellate court decisions it resolves, *Smith v. Housing Authority of Middlesborough*, which Defendant cites (Response at 3), involved an obviously-differently-styled case and obviously-different parties.

at all to the Beiswenger/Parts Depot half of the appeal, Defendant's assertions that "the claims" in *Parts Depot* "concerned a personnel policy" and "thus, the analysis of KRS 337 played no role in the decision" are entirely incorrect. The holding that KRS 337.385 claims do not require administrative exhaustion was the "only issue" the Kentucky Supreme Court decided in reversing the dismissal of Beiswenger's claims, and this holding accordingly cannot accurately be described as "dicta" in any normal sense of the word.

## II.     Plaintiff Should Be Granted Judgment on the Pleadings on Defendant's Statutory Caps Defense.

Likewise, Defendant's argument in support of its "statutory caps" defense put the words "caps" and "reduce" to more work than they reasonably can bear. Specifically, the actual language Defendant included in the answer – "any damages awarded to Plaintiff and those individuals he seeks to represent should be reduced by any applicable statutory caps" – evokes actual, statutory caps statutes that "reduce" "damages awarded." For instance, in Title VII cases, an employer/defendant's liability for certain damages is capped at certain dollar amounts, depending on the size of the employer. However, unfortunately for Defendant, there are no such "applicable" statutory caps for FLSA or KWHA claims – the recovery is never arbitrarily capped, but instead is determined in relation to the amount of overtime compensation owed and not paid.

Now that Plaintiff has again pointed out that there are not "any applicable" statutory caps under either the FLSA or KWHA, Defendant, having previously failed to defend this defense at all, now argues that this defense simply means that Plaintiff should not be able to recover more "damages awarded" than the statute upon which Plaintiff relies allows him to recover in relation to his proven damages. However, while the FLSA provides that a Plaintiff may recover liquidated damages and that the Court has discretion in determining the amount of the liquidated damages if the Defendant proves the violation "was in good faith and that [Defendant] had reasonable grounds

for believing that [the violation] was not a violation of the Fair Labor Standards Act of 1938," such statutes provide the *basis* for an award to Plaintiff, rather than "cap" or "reduce" such an award. Moreover, Defendant references "good faith" in a separate defense (albeit without specifically referencing 29 U.S.C. § 260), Ct. Doc. 46 at ¶ 19, so Defendant's new interpretation of its "statutory caps" defense adds nothing to its separate "good faith" defense.

In short, Defendant provides semantics in a post-hoc attempt to justify it inclusion of this improperly-included defense, but the semantics amount to nothing more than a denial that plaintiff should be awarded the relief sought, rather than an affirmative defense of any sort. There is simply not "any applicable" statutory cap. Accordingly, Plaintiff should be granted judgment on the pleadings on this defense, as well.

## Conclusion

Rather than narrowing the issues, Defendant has doubled down by raising in January 2022 new meritless arguments to explain why it raised meritless defenses in its September, 2021 answer that it had not even bothered to mention or try to support in its July, 2021 filing.[7] It is unfortunate that the Court must assess whether or not a seventeen-year-old Kentucky Supreme Court case is or is not "dicta" based on Defendant's assertion that its defense can now somehow arise, cicada-like, from below the surface when everyone else in Kentucky has litigated KWHA claims in the meantime based on the clear, necessary-to-the-decision holding of that Court that administrative exhaustion is *not* required. However, when Defendant's new arguments are reviewed, it is clear that Defendant's "dicta" argument is wrong and that Plaintiff should be granted judgment on the pleadings on Defendant's "failure to exhaust administrative remedies" and "statutory caps" defenses.

---

[7]   See footnote 1, supra.

                Respectfully submitted,

                /s/ Mark N. Foster
                Mark N. Foster
                P.O. Box 869
                Madisonville, KY 42431
                (270) 213-1303
                MFoster@MarkNFoster.com
                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated on the Court's CM/ECF notice of filing, this document was filed through the Court CM/ECF filing system.

                /s/ Mark N. Foster
                Mark N. Foster