**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| JOHNNY McCLURG, on Behalf of Himself and All Others Similarly-Situated, )<br><br>  *Plaintiff,*<br><br>v.<br><br>DALLAS JONES ENTERPRISES INC, d/b/a CLAY'S TRUCKING, et al<br><br>  *Defendant.* | **PROPOSED COLLECTIVE ACTION UNDER FLSA AND CLASS ACTION UNDER KWHA**<br><br>CASE NO.   4:20-CV-201-JHM<br><br>**JURY DEMANDED** |

**MOTION TO REQUIRE DEFENDANT TO FILE AN ANSWER
COMPLYING WITH RULE 8**

Comes Plaintiff, by and through counsel, and moves the Court for an Order requiring Defendant to file an answer complying with Rule 8. For grounds, Plaintiff would show that Defendant's Answer (Ct. Doc. 86) fails to comply with Rule 8 in three significant respects.

**I.     Defendant Provides Improper Unparticularized "We Did Nothing Wrong" Responses to Plaintiff's Specific Allegations About How Drivers Were Paid; Defendant Did So In Defiance of this Court's Recent Ruling in *Back v. Ray Jones Trucking, Inc.* that Such Responses Were Improper.**

First, Defendant has continued its previous improper pleading practice of refusing to respond to Plaintiff's specific allegations regarding how truck driver employees were paid. Particularly, Plaintiff alleges that Defendant paid Plaintiff and the similarly situated employees on a per-ton basis for delivering loads. Ct. Doc. 84, at ¶ 95. Rather than respond to the actual allegations in the Complaint, Defendant responds that "in response to the allegations in Paragraph 95, Defendant affirmatively states it paid Plaintiff consistent with FLSA and KWHA." This is exactly the response that the Court has recently ruled in *Back v. Ray Jones Trucking, Inc.* violates

Rule 8, see Memorandum Opinion entered April 1, 2022 in Case 4:22-cv-00005, but Defendant included the response anyway.[1]

Defendant adds an additional sentence which states that "[t][o] the extent Plaintiff alleges otherwise, Defendant denies the allegations in Paragraph 95."[2] However, this denial does not "fairly respond to the substance of the allegation." The allegation in Third Amended Complaint, ¶ 95 is not a generic allegation that Defendant did not "pa[y] Plaintiff consistent with FLSA and KWHA." Instead, it is a much more specific factual allegation that is not conditioned by reference to the larger question of whether or not there was an FLSA or KWHA violation. It alleges that Defendant paid truck drivers on a per-ton basis for delivering loads. A defendant is not permitted to only answer particular paragraphs of a complaint "to the extent" the paragraph alleges a violation.[3] Instead, Rule 8 requires Defendant[4] to "admit or deny the allegations asserted against it," Rule 8(b)(1)(b), i.e., that employees were paid on a per-ton basis, and do so by "fairly

---

[1] Prior to Defendant filing its Answer to the Third Amended Complaint, in an attempt to avoid exactly the type of dispute now before the Court, Plaintiff expressly informed Defendant of the ruling in *Back* and requested that Defendant comply with the ruling in *Back* in preparing its answer to the Third Amended Complaint. See email, a copy of which is attached hereto as Exhibit 1. However, Defendant chose not to do so, responding instead uncooperatively. *Id.* Two days later, Defendant filed its answer (Ct. Doc. 86).

[2] Defendant attempts the same rhetorical trick for its "responses" to Third Amended Complaint, Paragraphs 93, 94, 96, and 97.

[3] Indeed, the facts regarding Defendant's payments are what they are: Defendant knows how it pays its employees, and should answer Plaintiff's allegations because those facts (how Defendant paid employees) will not change based on the remainder of the parties' dispute (i.e., Defendant's assertion that the employees were exempt). In other words, the "to the extent" response is improper because establishing that the facts in Paragraphs 93-97 occurred is appropriate, whatever the separate resolution of the separate factual assertions regarding alleged applicability of the MCA exemption.

[4] In contrast to the present Defendant, the defendant in *Back* ultimately, after it was required by the Court to answer the allegations regarding whether or not the *Back* Defendant paid employees on a per ton basis or not, ultimately responded that it admitted the allegations that it paid drivers on a per ton basis and that it did not pay drivers a different rate when overtime hours were worked. See Amended Answer in *Back*, Ct. Doc. 22, in Case No. 4:22-cv-5, a copy of which is attached hereto as Exhibit 2.

respond[ing] to the substance of the allegation." Rule 8(b)(2). The Court should require Defendant to respond to the allegations in the Third Amended Complaint regarding how drivers[5] were paid.

## II. The Court Should Require Defendant to Respond in Accordance with Rule 8 to Third Amended Complaint ¶25.

Second, Defendant's response to Third Amended Complaint ¶ 25 does not comply with Rule 8 and is (to put it plainly) incomprehensible. The allegation and "response" are as follows:

> 25. Indeed, Defendant itself represented to the United States Department of Transportation Federal Motor Carrier Safety Administration ("FMCSA") that it and its drivers did not operate in interstate commerce (as defined in the Motor Carriers Act) and instead operated "intrastate" only.
>
> ANSWER: The allegations in Paragraph Twenty-Five constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant both admits and denies that it has responded both "intrastate" on Federal Motor Carrier Safety Administration forms because Defendant has done both. Defendant denies the remainder of the allegations in Paragraph Twenty-Five.

Answer, Ct. Doc. 86, at response to ¶ 25; Ct. Doc. 84 at ¶ 25.

Instead of responding to the actual allegation made by Plaintiff (that Defendant "represented to [FMCSA] that it and its drivers did not operate in interstate commerce… and instead operated "intrastate only"), Defendant responds to a strawman allegation (that Defendant "responded both 'intrastate' on Federal Motor Carrier's Safety Administration forms"); Defendant

---

[5] Defendant has already produced some documents suggesting that McClurg himself was paid on a per-ton basis, including in weeks where he worked more than forty hours. See Exhibits 3 (McClurg daily log sheets showing McClurg drove worked 58.5 hours (according to Defendant's own records) in week of March 31, 2019 through April 6, 2019) and 4 (pay summary showing that McClurg was paid on a per-ton basis for same week; per-ton basis included Plaintiff being paid 22% of "Price"; neither the "Percent" nor the "Price" increased for overtime hours worked on April 5, 2019 and instead same "Percent" and "Price" of 22% of $4.80 per ton was paid to Plaintiff for PRID-OMU trips on April 5 as had been paid for PRID-OMU trips on April 1, 3 and 4) hereto. Defendant has not produced documents relating to *other* drivers even though Plaintiff has requested those records and Defendant's time to respond have passed (without extension, objection or response). However, even setting aside this discovery dispute (relating to which Plaintiff has requested a discovery conference with the Magistrate), Plaintiff is entitled to a straightforward Rule-8-compliant response to the allegation that *all* drivers were paid on this basis, and were not paid overtime pay, so that discovery may be focused on issues actually in dispute, rather than on allegations to which Defendant has improperly refused to respond.

responds to the strawman allegation by saying that "both admits and denies" the strawman allegation "because Defendant has done both."

A response under Rule 8 must fairly respond to the substance of the allegation and in good faith deny only part of an allegation and must admit the part that is true. Defendant's incomprehensible response to Complaint Paragraph 25 does not meet the requirements of Rule 8.

**III.    If the Court Does Not Grant Plaintiff's Concurrently-Filed Motion for Judgment on the Pleadings that FLSA Enterprise Coverage Applied to Defendant, the Court Should Required Defendant to Respond to the Allegations Regarding Enterprise Coverage According to the Actual Language of Rule 8.**

Third, to the extent the Court does not grant Plaintiff judgment on the pleadings that Defendant was subject to FLSA enterprise coverage (Plaintiff has concurrently herewith filed a motion seeking judgment on the pleadings on this issue), the Court should require Defendant to file an appropriate answer addressing Plaintiff's enterprise coverage allegations. An appropriate response should be required because, while Defendant admits that it had sales in excess of $500,000.00 and that it has employed two or more employees who handle goods that have been moved in interstate commerce, Defendant does not respond to other allegations in the Complaint regarding enterprise coverage (or, at the very least, does not fairly respond to the substance of those allegations) and does not comply with Rule 8's "lack knowledge or information" option.

**A.    Defendant's Response to Third Amended Complaint ¶ 15 is Improper Because It Does Not Fairly Respond to Plaintiff's Allegation.**

Specifically, while Plaintiff's Third Amended Complaint (at ¶ 15) alleges that Defendant's employees worked on "goods *or materials* that have been moved in interstate commerce," emphasis added, Defendant does not make clear whether or not its "response" is responding to Plaintiff's allegations regarding "materials," responding only with express reference to the "goods" portion of the allegation. Ct. Doc. 86 at response to Ct. Doc. 84 at ¶ 15. In doing so,

Defendant's denial must be read together with its statement (only two paragraphs later) that Defendant "is without sufficient information or knowledge to admit or deny the site of manufacture of its trucks."  Ct. Doc. 86 at response to Ct. Doc. 84 at ¶ 17.  Accordingly, if Defendant lacks knowledge "sufficient… to admit or deny" that its trucks have moved in interstate commerce in response to Third Amended Complaint ¶ 17, then it cannot be denying in its response to Third Amended Complaint ¶ 15 that employees handled "materials" that have been moved in interstate commerce by handling trucks; instead, Defendant must be either (a) not responding to the "materials" allegation in Paragraph 15, or (b) responding to the materials allegation in Paragraph 15 by denying it on an assumption that trucks manufactured outside of the state of Kentucky and driven by Defendant's employees would not constitute "materials" under the FLSA Enterprise Coverage statute's "handling" clause, in contradiction to the holdings of *Sec'y of Labor v. Timberline South, LLC*, 925 F.3d 838 (6th Cir. 2019) and *Polycarpe v. E & S Landscaping Serv., Inc.*, 821 F. Supp. 2d 1302, 1307 (S.D. Fla. 2011).  Defendant also, in its response, does not address the allegation in the Complaint that the handling occurred "at all times relevant", instead responding only that Defendant "has employed… employees who handle..."

These responses are not proper.  Defendant can and should be clear what it is saying about enterprise coverage, and doing so is not difficult.  If Defendant's position truly is that it cannot form a belief about the truth of Plaintiff's allegations that Defendant's trucks and the fuel they consume originated outside of Kentucky (see Section III(B) below), but it otherwise admits that enterprise coverage applies if the trucks or diesel fuel originated outside of Kentucky, Defendant should say so in response to ¶ 15.  But if Defendant is refusing to respond to the "materials" allegation in Third Amended Complaint ¶ 15, or responding only based on some assumption about what it means by "materials" (but not making either the assumption or the fact that it is being relied

upon express), as it appears Defendant is doing, the Court should require Defendant to respond to Third Amended Complaint ¶ 15 in accordance with Rule 8, which requires a response that fairly responds to the substance of the allegation.

> **B.     Given the Bizarre Nature of Defendant's Assertion of Insufficient Knowledge Relating to Facts One Would Expect to Be In Defendant's Knowledge (the Origin of Defendant's Trucks and Diesel Fuel), the Court Should Require Defendant to Comply With Rule 8's Requirement of Stating Not Only Insufficient Information "to Admit or Deny," But Insufficient Information "to Form a Belief about" the Truth.**

Further, the Court should require Defendant to answer Third Amended Complaint ¶ 16 and 17 in accordance with the actual language Rule 8 requires. Plaintiff alleges in the Third Amended Complaint that Plaintiff and the similarly-situated employees handled as part of their work "fuel for the trucks that has moved in interstate commerce" and "drove (in Kentucky) trucks that were built in other states in the United States." Third Amended Complaint, Ct. Doc. 84, at 16 and 17. Rule 8 provides as one potential response that "a party that lacks knowledge or information **sufficient to form a belief about the truth** of an allegation must so state." Rule 8(b)(5) (emphasis added). Defendant provides a response that is somewhat close to this Rule-permitted response, but is notably different than the rule-permitted response. Specifically, Defendant states that "Defendant is without **sufficient information or knowledge to admit or deny**" "the site of manufacture of its trucks" and "the source of fuel for its trucks." Ct. Doc. 86, at Response to Paragraphs 16 and 17.

Defendant's response that it lacks information or knowledge "sufficient… to admit or deny" does not comply with the Rule 8 because Rule 8 defines the "sufficiency" in question yet Defendant's response appears to respond with Defendant's own, different sufficiency analysis. Ordinarily, Plaintiff would not parse the language of an answer so closely. However, here, it

strains credibility more than a little for Defendant to claim that it cannot "form a belief about the truth of" these particular allegations in the Complaint.

Specifically, setting aside that Defendant knows where it bought its own trucks and who supplies the diesel fuel that is delivered by tanker truck to Defendant's facility, if Defendant's trucks are Mack trucks, which Plaintiff believes they are, literally twenty seconds on Google (inputting the phrase "where are Mack trucks made") reveals that Mack trucks are built in Pennsylvania and Virginia, and not in Kentucky, and this should be sufficient for Defendant to "form a belief about the truth of" Plaintiff's allegations. See "About Us" page from Mack attached hereto as Exhibit 5 (also available online at https://www.macktrucks.com/about-mack) (last checked April 25, 2022). Defendant's choice of pleading language that deviates from the language required by Rule 8 should also be viewed in the context of how long Defendant has had to "form a belief about the truth of [the] allegation[s]."[6]

Under these circumstances, the Court should address whether Defendant's response language is appropriate, and hold that it is not. Specifically,

> Some courts have held that a party "may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading." *Djourabchi v. Self*, 240 F.R.D. 5, 12 (D.D.C. 2006)[7] (citing *David v. Crompton & Knowles Corp.*, 58 F.R.D.

---

[6] Here, although Plaintiff has consistently asserted that enterprise coverage applies, Defendant protested in early September, 2021 that Plaintiff's request for leave to amend Plaintiff's Complaint should be denied because Defendants (then-proposed) Second Amended Complaint contained a "theory on which his claim for liability under the Fair Labor Standards Act would be premised – "enterprise coverage" which Defendant argued was "entirely new." Ct. Doc. 36 at 2. Yet despite having more than seven months (even according to Defendant's own timeline) after becoming aware of Plaintiff's plan to raise this issue, which Defendant considered significant, in its Answer to the Third Amended Complaint, Defendant still did not respond in the manner Rule 8 requires.

[7] The *Djourabchi* court further noted that "[t]hus, in invoking a Rule 8(b)(5) 'lack knowledge' response, a party '"may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading. An averment will be deemed admitted when the matter is obviously one as to which a defendant has knowledge or information." Moreover, a party "may be held to the duty to exert reasonable effort to obtain knowledge of a fact."'" F.R.D. 5, 12 (D.D.C. 2006) (Plaintiff's allegation that Defendant was not licensed contractor deemed admitted despite Defendant's statement that Defendant lacked knowledge or information sufficient to form belief as to truth of allegation), *quoting David v. Crompton & Knowles Corp.,* 58 F.R.D. 444, 446 (E.D.Pa.1973) (internal citation omitted) and *Greenbaum v. United States,* 360 F.Supp. 784, 787 (E.D.Pa.1973); *see also United States v. 1866.75 Bd. Feet, 11 Doors And Casings, More of Less of Dipteryx Panamensis Imported from Nicaragua*, No.

444, 446 (E.D. Pa. 1973)). Those courts hold that "[a]n averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information." *Id.* The reason behind this practice is that:

> A denial of knowledge or information requires that the party not only lack first-hand knowledge of the necessary facts involved *but also that the pleader lack information upon which she reasonably could form a personal belief concerning the truth of the adversary's allegations*. Normally, a party may not assert a lack of knowledge or information if the necessary facts or data involved are within his knowledge or easily brought within his knowledge, a matter of general knowledge in the community, or a matter of public record. A denial of knowledge or information in this context casts doubt on the good faith of the pleader.

*Chung v. U.S. Bank, N.A.*, No. CV 16-00017 ACK-RLP, 2016 WL 9525594, at *3–4 (D. Haw. Sept. 6, 2016)*, quoting U.S. v. 1866.75 Board Feet*, 2008 WL 839792, at *3 (E.D. Va. 2008) (citing 5 Wright & Miller Federal Practice and Procedure § 1262 (3d ed. 2004)) (emphasis added).

Further, it is a "fundamental pleading error" to, in asserting lack of knowledge or information in responding to a complaint, to "feel a totally unwarranted need to attempt to be creative by staying from th[e] clear path" provided by Rule 8 by "omit[ting] any reference to 'belief,' [and] do so even though Rule 8(b)' s drafters deliberately chose [reference to "belief"] as [an] element[] of the Rule's necessary disclaimer in order to set a higher hurdle for the earning of a deemed denial." *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001).[8]

---

1:07CV1100 (GBL), 2008 WL 839792, at *3 (E.D. Va. Mar. 25, 2008) (requiring defendant claiming to lack knowledge of "the most basic assertions" in the case to replead in accordance with Rule 8; holding that "[t]he Court declines to enumerate specific paragraphs of Claimant's Answer that are insufficient, while simultaneously acknowledging that as it stands, Claimants Answer does not satisfy the requirements of Rule 8").

[8]   Indeed, answers should not contain "disclaimers that fail to track the clear roadmap prescribed by Fed.R.Civ.P… 8(b)(5) as the basis for deemed denials of a plaintiff's allegations." *Bisharat v. Vill. of Niles*, No. 10 C 594, 2010 WL 3019962, at *1 (N.D. Ill. July 29, 2010) (requiring new answer complying with Rule 8 without charge to defendant where, *inter alia*, answer asserted lack of knowledge, but not lack of information, sufficient to form a belief as to the truth of complaint's allegations"); *Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D. Ill. 1989) ("Rule 8(b) teaches (1) the critical factor for a party seeking the benefit of a deemed denial is his or her *belief,* rather than out-and-out knowledge, as to whether or not an allegation is true and (2) *information* may be enough to support such a belief that the allegation is true").

Defendant does not explain why it deviated from the language of the Rule and did not state that it cannot "form a belief about the truth of" the allegations in the Complaint. However, if Defendant truly intended to follow the Rule 8(b)(5) response format and state that it "lacks knowledge of information sufficient to form a belief about the truth of" Plaintiff's allegations that diesel fuel and/or trucks used by Defendant's employees were moved at some point in interstate commerce, which would be quite extraordinary, Defendant should be required to utilize the actual language required by Rule 8.[9]

### Conclusion.

"The purpose of [Rule 8] is to expose the pertinent issues in the litigation at the earliest possible stage, so the parties can focus on the actual substance of the dispute as soon as possible." *Back v. Ray Jones Trucking, Inc.*, No. 4:22-cv-0005 (April 1, 2022), *citing Fuhrman v. United Omaha Life Ins. Co.*, No. 1:19-CV-783, 2019 U.S. Dist. LEXIS 240975, *3 (W.D. Mich. Dec. 17, 2019). Because Defendant's Answer fails to comply with the Rule in the ways set forth above, the Court should require Defendant to file an Answer that complies with Rule 8.

---

[9] Notably, if the Court is ruling on this Motion, it is only because Defendant recalcitrantly refused to avail itself of its right under Rule 15(a)(1) to file an Amended Answer within twenty-one days of its initial Answer to the Third Amended Complaint, despite this motion being filed before that time elapsed. In other words, because it has not previously amended its pleadings, Defendant could, as a matter of course, and without leave of Court or consent of Plaintiff, simply amend its Answer to address the problems raised in this Motion. However, if the Court is ruling on this Motion, Defendant presumably chose not to do so.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated on the Court's CM/ECF notice of filing, this document was filed through the Court CM/ECF filing system.

/s/ Mark N. Foster
Mark N. Foster