**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | |
|---|---|
| **JOHNNY MCCLURG,** | ) |
| **on Behalf of Himself and** | ) |
| **All Others Similarly-Situated** | ) |
| | ) |
| **Plaintiff,** | ) |
| **vs.** | ) **Civil Action No. 4:20-CV-201-JHM** |
| | ) **Sr. District Judge Joseph H. McKinley, Jr**. |
| **DALLAS JONES ENTERPRISES, INC.** | ) |
| **d/b/a CLAY'S TRUCKING,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND MOTION FOR PROTECTIVE ORDER FOR INDIVIDUAL DEFENDANT, DANA PORTER

Comes now Defendant, Dana Porter, Individually, by and through counsel, and for her Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion for Protective Order for individual Defendant, Dana Porter, and in support of the same, states as follows:

Pursuant to FRCP 12(b)(6), the instant Third Amended Collective and Class Action Complaint (DN 84) (hereinafter referred to as the "Third Amended Complaint), served upon Dana Porter fails to state a claim upon which relief can be granted.

Certification of FLSA collective actions typically proceeds in two steps: "The first takes place at the beginning of discovery. The second occurs after 'all of the opt-in forms have been received and discovery has concluded.' " *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting *Goldman v. RadioShack Corp.*, 2003 WL 21250571, at *6 (E.D. Pa. Apr. 17, 2003)). At the first stage, "certification is conditional." *Comer*, 454 F.3d at 546 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Courts deciding to conditionally certify a class apply "a fairly lenient standard" and conditional certification is usually

granted. *Comer*, 454 F.3d at 547 (quoting *Morisky v. Public Service Elec. and Gas Co.*, 111 F.Supp.2d 493, 497 (D.N.J. 2000)).

The pertinent authority is clear that plaintiffs are similarly situated for FLSA purposes "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), rev'd on other grounds sub nom. *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016). But courts often consider "employment settings, individual defenses, and the fairness and procedural impact of certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 672 (6th Cir. 2012) (citing *O'Brien*, 575 F.3d at 584).

In this matter, Plaintiffs sought and received certification of a collective action, prior to Defendant being named as a party in the matter. Thus, there could not have been any of the findings necessary in collective actions taken in this matter as it relates to Defendant Dana Porter, as this matter was conditionally certified on or about the 3rd day of December, 2021 (DN 59). Further, there would be a question as to what exact case and against which defendants any potential or prospective plaintiff is if being asked to "opt-in" against, as Defendant Porter was only recently added as a named Defendant herein. For these reasons, Plaintiff have failed to state a claim upon which relief can be granted.

Further, on or about May 2, 2022, Plaintiff propounded discovery requests upon Dana Porter, individually, and certified that the same were served upon Defendant Porter by sending the same to opposing counsel, Jay Inman by email and United States Mail, and a copy of which was also sent by email to LaToi Mayo and Michael LaCourse on or about May 2, 2022. This is insufficient service, as the same was not served on Dana Porter nor an attorney on her behalf.

Pursuant to FRCP 5(b)(1) through (2), said discovery request were to be served upon Mrs.

Porter through either an attorney that represents her or any of the manners set forth in § 2. However, none of these means of service were accomplished by Plaintiff.  For these reasons, the discovery requests have not been served appropriately and pursuant to the applicable Rules of Civil Procedure, the same should be stricken, or a protective order should be granted until this Court rules upon the Motion to Dismiss filed herein.

This the 18th day of May, 2022.

> BRODERICK & DAVENPORT, PLLC
> Attorneys at Law
> 921 College Street- Phoenix Place
> Post Office Box 3100
> Bowling Green, KY 42102-3100
> Telephone:     (270) 782-6700
> Telefax:         (270) 782-3110
>
> /s/ *David F. Broderick*
> DAVID F. BRODERICK
> BRANDON T. MURLEY

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the forgoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Mark N. Foster
PO Box 869
Madisonville, KY 42431
mfoster@marknfoster.com
*Counsel for Plaintiff*

Jay Inman
LaToi D. Mayo
Michael LaCourse
Littler Mendleson PSC
333 W. Vine Street, Suite 1720
Lexington, KY 40507
Jinman@littler.com
LMayo@littler.com
MLaCourse@littler.com
*Counsel for Dallas Jones Enterprises, Inc.*

This the 18th day of May, 2022.

> /s/ *David F. Broderick*
> DAVID F. BRODERICK
> BRANDON T. MURLEY