IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| JOHNNY MCCLURG, ) | |
| on Behalf of Himself and ) | |
| All Others Similarly-Situated ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. 4:20-CV-201-JHM |
| ) | Sr. District Judge Joseph H. McKinley, Jr. |
| DALLAS JONES ENTERPRISES, INC. ) | |
| d/b/a CLAY'S TRUCKING, *et al.* ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS DALLAS JONES AND BROC[K] PORTER'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

Come now Defendants, Broc[k] Porter and Dallas Jones, by and through counsel, and for their Motion to Dismiss Pursuant to FRCP 12(b)(6), and in support of the same, states as follows:

Pursuant to FRCP 12(b)(6), the instant Third Amended Collective and Class Action Complaint (DN 84) (hereinafter referred to as the "Third Amended Complaint), served upon Dallas Jones and Broc[k] Porter fails to state a claim upon which relief can be granted.

Certification of FLSA collective actions typically proceeds in two steps: "The first takes place at the beginning of discovery. The second occurs after 'all of the opt-in forms have been received and discovery has concluded.' " *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting *Goldman v. RadioShack Corp.*, 2003 WL 21250571, at *6 (E.D. Pa. Apr. 17, 2003)). At the first stage, "certification is conditional." *Comer*, 454 F.3d at 546 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Courts deciding to conditionally certify a class apply "a fairly lenient standard" and conditional certification is usually granted. *Comer*, 454 F.3d at 547 (quoting *Morisky v. Public Service Elec. and Gas Co.*, 111

F.Supp.2d 493, 497 (D.N.J. 2000)).

The pertinent authority is clear that plaintiffs are similarly situated for FLSA purposes "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), rev'd on other grounds sub nom. *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663 (2016). But courts often consider "employment settings, individual defenses, and the fairness and procedural impact of certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 672 (6th Cir. 2012) (citing *O'Brien*, 575 F.3d at 584).

In this matter, Plaintiffs sought and received certification of a collective action, prior to Defendants Broc[k] Porter and Dallas Jones being named as a party in the matter. Thus, there could not have been any of the findings necessary in collective actions taken in this matter as it relates to Defendants Dallas Jones and Broc[k] Porter, as this matter was conditionally certified on or about the 3rd day of December, 2021 (DN 59). Further, there would be a question as to what exact case and against which defendants any potential or prospective plaintiff is if being asked to "opt-in" against, as Defendants Broc[k] Porter and Dallas Jones were only recently added as named Defendants herein. For these reasons, Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, Defendants Dallas Jones and Broc[k] Porter respectfully request the relief herein and above sought.

This the 15th day of June, 2022.

                                            BRODERICK & DAVENPORT, PLLC
                                            Attorneys at Law
                                            921 College Street- Phoenix Place
                                            Post Office Box 3100
                                            Bowling Green, KY 42102-3100
                                            Telephone:   (270) 782-6700
                                            Telefax:        (270) 782-3110

                                            /s/ *David F. Broderick*
                                            DAVID F. BRODERICK
                                            BRANDON T. MURLEY

## CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the forgoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Mark N. Foster
PO Box 869
Madisonville, KY 42431
mfoster@marknfoster.com
*Counsel for Plaintiff*

Jay Inman
LaToi D. Mayo
Michael LaCourse
Littler Mendleson PSC
333 W. Vine Street, Suite 1720
Lexington, KY 40507
Jinman@littler.com
LMayo@littler.com
MLaCourse@littler.com
*Counsel for Dallas Jones Enterprises, Inc.*

       This the 15th day of June, 2022.        /s/ *David F. Broderick*
                                                                                  DAVID F. BRODERICK
                                                                                  BRANDON T. MURLEY