**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| JOHNNY McCLURG, on Behalf of Himself and All Others Similarly-Situated, | ) ) ) ) | **PROPOSED COLLECTIVE ACTION UNDER FLSA AND CLASS ACTION UNDER KWHA** |
| *Plaintiff,* | ) ) | |
| v. | ) ) | CASE NO.   4:20-CV-201-JHM |
| DALLAS JONES ENTERPRISES INC, d/b/a CLAY'S TRUCKING, et al | ) ) ) | **JURY DEMANDED** |
| *Defendants.* | ) ) ) | |

**PLAINTIFF'S RESPONSE TO INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS**

Defendants Dallas Jones and Broc[k] Porter's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Ct. Doc. 127 and the "Motion") raises *verbatim* the same arguments as were raised in Dana Porter's Motion to Dismiss Pursuant to Rule 12(b)(6) (Ct. Doc. 103). The Motion should be denied for the same reasons Plaintiff explained Ms. Porter's motion should be denied (Ct. Doc. 118).

**I.     The "Sole Consequence" of "Conditional Certification" is the Sending of a Notice; the Court's Ruling on Plaintiff's Notice Motion Did Not Restrict Plaintiff from Adding Claims.**

Mr. Jones and Mr. Porter (hereinafter, the "Individual Defendants") argue that the fact that conditional certification proceedings occurred prior to Plaintiff amending the complaint to include claims against the Individual Defendants somehow immunizes the Individual Defendants from being accountable in this proceeding for causing Dallas Jones Enterprises, Inc. to violate the Fair Labor Standards Act and Kentucky Wages and Hours Act. Motion at 2. They cite no legal authority

for this proposition,[1] instead generally citing cases discussing how courts approach conditional certification. *Id.* at 1-2.

The Individual Defendants are incorrect. The Supreme Court has approved of District Courts approving notices to similarly-situated employees at the outset of an FLSA collective action,[2] commonly referred to as "conditional certification," while at the same time noting that "[t]he ***sole consequence*** of conditional certification is the sending of court-approved written notice to employees, ... who in turn become parties to a collective action only by filing written consent with the court, § 216(b)." *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1530 (2013) (emphasis added).

The Court's conditional certification ruling did not have a consequence of preventing the Individual Defendants from becoming defendants in this case, or binding the plaintiffs, or in any other way imposing procedural barriers on plaintiffs not present in non-FLSA cases. Its "sole consequence" was the sending of a court-approved written notice to inform other employees of this action. The fact that a notice motion (often referred to as a motion for conditional certification) was granted in this case does not in any way make Plaintiff's claims against the Individual Defendants in the Third Amended Complaint fail to state a claim.

---

[1] Mr. Jones and Mr. Porter filed the Motion after Plaintiff had already responded to the identical arguments made by Defendant Dana Porter; the same counsel represents all three individual defendants. See Ct. Docs. 103 and 118. Although Plaintiff had in Plaintiff's response to Ms. Porter's arguments pointed out that Ms. Porter's arguments were not supported by any citation to legal authority and Plaintiff further provided contrary legal authority, Ct. Doc. 118, the Motion by Mr. Jones and Mr. Porter makes no attempt to provide legal authority or to respond to the authorities cited by Plaintiff. Under these circumstances, while Mr. Jones and Mr. Porter are free to assert *verbatim* Ms. Porter's arguments after moving on from their prior, now moot service-of-process assertions, see Ct. Doc. 126, the Court should not delay ruling on both Ct. Doc. 103 and 127 if Mr. Jones and Mr. Porter choose not to join in Ms. Porter's reply to Ct. Doc. 118.

[2] The Supreme Court has observed that the benefits of a Section 216(b) collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989). Under 29 U.S.C. § 216(b), a district court may "facilitat[e] notice to potential plaintiffs." *Id.* at 169.

## II. The Individual Defendants' "Opt-In" Argument Should Be Rejected.

### A. Part of the Authority Plaintiff Received from Opt-In Plaintiffs was the Authority to Seek to Amend the Pleadings, Including to Add Claims Against Individuals Related to the Corporate Defendant/Employer.

Again without any citation to legal authority, the Individual Defendants similarly suggest that the fact that there were not claims pending against the Individual Defendants when plaintiffs "opted in" to this action by filing Consent to Join and Be Represented forms somehow makes Plaintiff's claims against the Individual Defendants fail to state a claim. Motion at 2.

Again, the Individual Defendants are incorrect. As Plaintiff pointed out at the time he sought leave to amend to assert claims against the Individual Defendants, see Ct. Doc. 78 at 5-6[3] (and in Ct. Doc. 118), it is entirely appropriate for the representative Plaintiff in an FLSA to seek leave to amend to assert new claims against new defendants, including seeking leave to do so on behalf of opt-in plaintiffs who have already joined the action.

Indeed, the allegations in the Third Amended Complaint (Ct. Doc. 84) are consistent with the allegations in Plaintiff's previous Second Amended Complaint (Ct. Doc. 41), which was the effective pleading when notice was sent to employees (Ct. Doc. 59), and further protect Plaintiff

---

[3] Defendant Dallas Jones Enterprises, Inc. acknowledged that Plaintiff's motion for leave to file the Third Amended Complaint to add claims against the Individual Defendants "should be permitted." Ct. Doc. 81. Notably, at that time and at all other relevant times, the Individual Defendants were managerial employees of Defendant, being the President and Fleet Manager, respectively, of Defendant. See Ct. Docs 61-1 (Defendant Dallas Jones Enterprises, Inc. listing Dallas Jones as its President), 65-23 at 6 (discovery responses indicating Mr. Porter, whose first name Dallas Jones Enterprises, Inc. spells as "Brock", is Dallas Jones Enterprises, Inc.'s "Fleet Manager"). Further, prior to the amendment motion, the Individual Defendants had specifically communicated through Dallas Jones Enterprises, Inc.'s counsel her unwillingness to personally guarantee Dallas Jones Enterprises, Inc.'s liability to the plaintiffs in this matter (which Plaintiff requested to avoid the need to litigate individual liability under the FLSA and address Plaintiff's concern that the corporate defendant's business was being manipulated, potentially to avoid a judgment in this case). See Ct. Doc. 118-1. Counsel for Defendant Dallas Jones Enterprises, Inc. did not at that time clarify that he was not representing the Individual Defendant, instead conveying to Plaintiff that they declined to execute the requested personal guarantee by stating "our client declines to provide such guaranty." *Id*. at 1. Despite being aware of the proposed amendment, the Individual Defendants did not seek to intervene to oppose the amendment. It was not until after the Court granted the proposed amendment that Defendant Dallas Jones Enterprises, Inc.'s counsel's firm first indicated it was not representing the Individual Defendants. Ct. Doc. 95-6 at 1 ("Second…"). Under these circumstances, an additional reason to deny the Motion is that the Individual Defendants waived their right to raise the issues they now raise by allowing Defendant Dallas Jones Enterprises, Inc. and its (and, to all then-apparent appearances, their) counsel to state non-opposition to the amendment adding claims against the Individual Defendants.

and the opt-in employees from the risk of obtaining a judgment against Defendant Dallas Jones Enterprises, Inc. but being unable to collect (including because the more-recently-added individual defendants have manipulated the assets and income of the initial corporate defendant). Each opt-in Plaintiff signed a consent stating that he "designate[s] the plaintiff named in the complaint, Johnny McClurg, as my representative, to the fullest extent possible under applicable laws, to make decisions on my behalf concerning the litigation, the method and manner of conducting and resolving the litigation, and all other matters pertaining to this lawsuit and litigation." See, e.g., Ct. Doc. 65-1.

Courts have held that the delegation of litigation decision-making authority to a collective action representative under 29 U.S.C. § 216 includes the authority to seek amendments on behalf of the opt-in plaintiffs. *Prickett v. DeKalb County*, 349 F.3d 1294 (11th Cir. 2003). In *Prickett*, the district court held that new opt-in forms were required when the named plaintiff sought to amend after opt-in plaintiffs joined the action, but the Eleventh Circuit reversed, holding that:

> We are bound by the intent of Congress, as expressed in the language of the statute. The statute says, "[n]o employee shall be a party plaintiff to any such *action* unless he gives his consent in writing to become such a party...." 29 U.S.C. § 216(b) (emphasis added). That plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole. The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as "party plaintiff[s]" Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.

*Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003) (emphasis that of *Prickett* court).[4] As did the *Prickett* court, this Court should reject the argument in the Motion that special procedures need to be followed in order to add claims in an FLSA action.

---

[4] S*ee also Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402–03 (6th Cir. 2021) (citing *Prickett* with approval for proposition that opt-in plaintiffs "enjoy[] "the same status in relation to the claims of the lawsuit as do the named plaintiffs" in discussing issue, not applicable here (Defendant is "at home" in Kentucky), of whether court has personal jurisdiction in FLSA action filed against corporate defendant outside of its home state for work performed

**B. In the Alternative, Plaintiff's Own Claims Can Proceed Against the Individual Defendants and Opt-Ins Should Be Permitted to Supplement their Consents to Consent to Proceed With Respect to the Claims Against the Individual Defendants.**

In the alternative, to the extent the Court does not follow *Prickett* and instead holds, as did the reversed District Court in *Prickett*, that new opt-in forms are required from opt-in plaintiffs when the named plaintiff seeks to amend after opt-in plaintiffs have joined the action, the Court should nevertheless deny the Individual Defendants' motion. Mr. McClurg requested, and was granted leave to file, the claims against the Individual Defendants in the Third Amended Complaint, and any issue relating to opt-in plaintiffs would not change the fact that the Third Amended Complaint states claims against the Individual Defendants on behalf of Mr. McClurg. The Individual Defendants do not even attempt to argue otherwise.

While Plaintiff believes that *Prickett* and the other cases cited in the footnote above are correct and do not require supplemental consents, if the Court disagrees and believes supplemental consents would be required for opt-in plaintiffs to pursue claims against the individual defendants, the Court should nevertheless allow this matter to proceed (as the Individual Defendants do not even attempt to explain how Mr. McClurg does not state a claim), and Plaintiff will promptly seek supplemental consents in accordance with the Court's ruling.

---

outside of the forum state); *Cayton v. Metropolitan Gov't*, 2022 WL 183437, at *9 (M.D. Tenn. Jan. 19, 2022) ("[t]he plaintiffs who have opted into this action by filing notices of consent with the Court 'enjoy party status as if they had initiated the action.' *Canaday*, 9 F.4th at 394. As such, they are free to amend their complaint to assert supplemental state-law claims").

Respectfully submitted,


/s/ Mark N. Foster
Mark N. Foster
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com
*Counsel for Plaintiff*


**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on the date indicated on the Court's CM/ECF notice of filing, this document was filed through the Court CM/ECF filing system.

/s/ Mark N. Foster
Mark N. Foster