UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:20-CV-00201-JHM

JOHNNY MCCLURG                                                                                                     PLAINTIFF

V.

DALLAS JONES ENTERPRISES INC.
d/b/a Clay's Trucking, *et al.*                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss by Defendant Dana Porter [DN 103] and a Motion to Dismiss by Defendants Brock Porter and Dallas Jones [DN 127]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

Plaintiff Johnny McClurg (hereinafter "McClurg") is employed by Dallas Jones Enterprises. Throughout his employment, McClurg alleges that Dallas Jones Enterprises paid him on a "per-ton basis"—a flat fee for every ton of coal transported. [DN 84 at ¶¶ 95–97]. But McClurg would sometimes work more than forty hours in a week, and Dallas Jones Enterprises did not increase his fee on those deliveries. [*Id*. at ¶ 96]. Believing he was entitled to overtime when he worked more than forty hours in a week, McClurg sued asserting two causes of action against Dallas Jones Enterprises: a federal claim for unpaid overtime under the Fair Labor Standards Act ("FLSA") and a state law claim under the Kentucky Wage and Hour Act ("KWHA"). [*Id*. at ¶¶ 126–165].

In February of 2022, McClurg moved for leave to file a third amended complaint. [DN 78]. The third amended complaint added allegations against new individual Defendants Dana Porter, Brock Porter, and Dallas Jones who own and control the company, as well as specifically

referencing and attaching MCS-150 forms and adding allegations related to the failure of Dallas Jones Enterprises to correct its previously submitted Form MCS-150. [DN 84]. Dallas Jones Enterprises did not oppose the motion, and it was granted. [DN 83].

Prior to filing his third amended complaint, McClurg moved to conditionally certify a collective of truck drivers who worked for Dallas Jones Enterprises and were subject to the Fair Labor Standards Act. On December 3, 2021, the Court granted McClurg's motion to conditionally certify the class of "[a]ll persons who were employed as a truck driver by Dallas Jones Enterprises, Inc. (which has done business as 'Clay's Trucking' . . . ) and were not paid overtime compensation for work performed in excess of forty hours in one or more workweeks [within the three years preceding this notice] (including both current and former employees)." [DN 59]. The Court modified both the proposed notice and proposed consent form [DN 59], and McClurg sent them to the potential collective members pursuant to the order of the Court.

The newly added individual Defendants Dana Porter, Brock Porter, and Dallas Jones (hereinafter "the individual Defendants") have moved to dismiss the third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id*., and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id*. at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," *id*. at 679.  Instead, the allegations must "show[ ] that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

The individual Defendants move to dismiss the third amended complaint arguing that it fails to state a claim upon which relief can be granted because the FLSA claims against these individual Defendants were included in the third amended complaint after the court's grant of conditional certification.  Specifically, they complain that they were not afforded the opportunity to be heard on the certification motion and that it was procedurally improper to bring in these individual Defendants after the conditional certification had been granted because there were no findings relating to the conditional certification as to these individual Defendants.  Further, they contend that questions would exist as to what exact case and against which defendants any potential or prospective plaintiff is being asked to "opt-in" against, as these individual Defendants were only recently added as named defendants.  *See Knecht v. C&W Facility Servs., Inc.*, 534 F. Supp. 3d 870, 879 (S.D. Ohio 2021).  Accordingly, the individual Defendants argue that McClurg has failed to state a claim upon which relief can be granted.  [DN 103 at 1–2; DN 127 at 1–2; DN 131, DN 132].

In response, McClurg argues that the motions to dismiss should be denied for three reasons: (1) the Court's conditional certification ruling did not have the consequence of preventing the three

3

individuals from becoming defendants in this case or impose procedural barriers on McClurg amending his complaint; (2) it is entirely appropriate for the representative plaintiff in a FLSA to seek leave to amend to assert new claims against new defendants, including seeking leave to do so on behalf of the opt-in plaintiffs who have already joined the action, *Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003); and (3) alternatively, if the Court disagrees, McClurg's own claims can proceed against the individual Defendants and opt-in plaintiffs should be permitted to supplement their consents to proceed with respect to the claims against the individual Defendants. [*Id*. at 5].

The Court finds that the third amended complaint states a FLSA claim against the individual Defendants under the Rule 12(b)(6) standard.  "The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (superseded by rule on other grounds).  "[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id*. at 965.  *See also Benion v. LeCom, Inc.*, 336 F. Supp. 3d 829, 855 (E.D. Mich. 2018). McClurg alleges that the individual defendants are the corporate officers, had operational control over significant aspects of the corporation's day-to-day functions, and were McClurg's employer. The individual Defendants do not argue otherwise.

Ultimately, the questions raised by the individual Defendants' motions are whether McClurg and the opt-in plaintiffs may amend the complaint to add additional defendants once the action has been conditionally certified and, if so, procedurally whether the Court must make a separate FLSA finding with respect to McClurg and the opt-in plaintiffs' claims against the individual Defendants.

### A. Amendment of Complaint after Conditional Certification

First, plaintiffs may amend a complaint to add additional defendants once an FLSA action has been conditionally certified. Neither the Court nor the parties have tendered any statutory or case law prohibiting such amendment after the grant of conditional certification in an FLSA action. In fact, courts have granted amendments under similar circumstances. For instance, in *Mejia v. Bros. Petroleum, LLC*, the district court had previously conditionally certified a FLSA action when plaintiffs sought leave to add 44 new defendants, including two other individual defendants. *Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2015 WL 3619894, at *2 (E.D. La. June 9, 2015). Noting that no deadlines had passed, the court stated:

> The Court's main concern is that the District Court has already ruled on the conditional collective class action, but the Court's research has revealed no impediment to filing an amended complaint after such a ruling. Indeed, there has been no permanent certification, and any defendant may move to de-certify the class at any time.

*Mejia v. Bros. Petroleum, LLC*, Civil Action No. 2:12CV-02842, DN 112 at 3; *Mejia*, 2015 WL 3619894, at *2 (E.D. La. June 9, 2015). *See also Ramos v. Exxizz Foods, Inc.*, No. 2:19-CV-132, 2020 WL 5905361, at *1 (S.D. Tex. Oct. 6, 2020) (case in which plaintiffs filed an amended complaint adding a defendant to the action after the judge granted plaintiffs' motion for conditional certification).

The same holds true in the present case—there has been no permanent certification, and any defendant can move to de-certify the class. "The Court finds that this solution is also the most judicially efficient in that all necessary parties will be involved in the same lawsuit at the same time." *Mejia*, Civil Action No. 2:12CV-02842, DN 112 at 3. "Were the Court to deny the motion, nothing precludes plaintiffs from filing a separate lawsuit against the [three individual] defendants, which would only unnecessarily delay the litigation." *Id*.

In support of their motion, Defendants rely on *Knecht v. C&W Facility Servs., Inc.*, 534 F. Supp. 3d 870 (S.D. Ohio 2021). In *Knecht*, the plaintiff sought to conditionally certify a class against a single corporation, C&W Facility Services ("defendant"). Defendant objected to the conditional certification arguing that four of the five putative opt-in plaintiffs worked for a different entity—Cushman & Wakefield. *Id*. at 878. Defendant argued that opt-in plaintiffs who worked for a different entity should be excluded from the putative class. Plaintiff conceded that Cushman & Wakefield was a different entity than defendant but argued that the other unnamed entities were technically related to defendant, and as such, their employees should be included within the putative class. Plaintiff offered a number of ways to include these employees as part of the putative class. One such way was for plaintiff to amend his initial complaint to include the additional defendants after the court conditionally certified the case as a collective action. Before the district court could decide the motion for conditional certification, one of the proposed opt-in plaintiffs filed a new collective action against Cushman & Wakefield and other "related" companies. Based on this information, the court in *Knecht* limited conditional certification to employees of C&W Facility Services noting that "[t]he Court is hesitant to include individuals in the putative class who worked for entities that are not named as defendants because such defendants were not served in this case and had no opportunity to be heard on the certification motion. Moreover, now that the [other] case has been filed, allegations against those additional entities will be handled in that case unless Plaintiff moves, and is granted leave, to amend the Complaint herein." *Id*. at 879.

*Knecht* is distinguishable from the present case. *Knecht* included issues related to the definition of the putative class and whether to certify a class which included employees that did not work for the current corporate defendant. Additionally, no motion to amend the FLSA

complaint to add new corporate defendants had been filed; instead, a separate collective action against the new defendants was commenced. In the present case, the collective class has been defined, the class has been certified, a motion to amend the complaint to add individual defendants was granted, and the individual defendants are alleged to have operational control over the original corporate defendant.

### B. Separate FLSA Findings

The individual Defendants also argue that dismissal is warranted because it was procedurally improper to add them after the grant of conditional certification because the Court made no separate FLSA conditional certification findings with respect to McClurg and the opt-in plaintiffs' claims against the individual Defendants.

The Court disagrees. For this case to have been conditionally certified as a collective action under § 216(b) of the FLSA, McClurg had to make a modest factual showing that his "position is similar, not identical, to the positions held by the putative class members." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. July 19, 2006) (quoting *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Under the law, plaintiffs are similarly situated if they "suffer from a single, FLSA-violating policy, and when proof of that policy . . . proves a violation as to all the plaintiffs," or when their claims are "unified by common theories of defendants' statutory violations." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (abrogated on other grounds). The addition of the individual corporate defendants does not alter the Court's grant of conditional certification—Plaintiffs were employed by Dallas Jones Enterprises, worked in excess of 40 hours a week some occasions, were paid on a percentage-of-load basis, and were not paid overtime wages. Additionally, the objections to conditional certification raised by Dallas Jones Enterprises were expansive incorporating the same

7

arguments as other joint employers.

Furthermore, the Court rejects the argument that new opt-in forms are required because of the amendment of the complaint after the conditional certification.  "Under [29 U.S.C. §216(b)], an employee becomes a 'party plaintiff' to a FLSA action by giving 'consent in writing' and filing 'such consent . . . in the court in which such action is brought.'"  *Canaday v. Anthem Cos.*, 9 F.4th 392, 402 (6th Cir. 2021) (quoting 29 U.S.C. § 216(b)).  Once employees opt in to a FLSA collective action, "these plaintiffs become 'party plaintiff[s],' enjoying 'the same status in relation to the claims of the lawsuit as do the named plaintiffs[.]'" *Id*. (finding party plaintiffs free to amend their complaint to assert supplemental state-law claims) (quoting *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003)); *see also Cayton v. Metropolitan Gov't of Nashville & Davidson Cty.*, No. 3:20-CV-00859, 2022 WL 183437, at *8 (M.D. Tenn. Jan. 19, 2022).  "[C]ongressional intent would not be advanced by a requirement that new consents to join be submitted by opt-in plaintiffs, who may sometimes number in the hundreds, in order for them to remain as full-fledged plaintiffs" when amendments to the complaint are made.  *Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003).

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motions to Dismiss by Defendants Dana Porter, Brock Porter, and Dallas Jones [DN 103, DN 127] are **DENIED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

August 11, 2022