UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:20-CV-00201-JHM

JOHNNY MCCLURG                                                                                                  PLAINTIFF

V.

DALLAS JONES ENTERPRISES INC.
d/b/a Clay's Trucking, et al.                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings [DN 87], Plaintiff's Motion to Require Defendant to File an Answer Complying with Rule 8 [DN 88], Defendant Dallas Jones Enterprises' Motion for Leave to File an Amended Answer [DN 98], and Defendant Dallas Jones Enterprises' Motion to Disregard Plaintiff's Supplemental Filing [DN 142]. Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

According to his third amended complaint, Plaintiff Johnny McClurg is a commercial truck driver. [DN 84 ¶ 78]. He was diagnosed with diabetes in 2007. [*Id.* at ¶ 79]. Federal and state regulations prevent individuals with diabetes from driving commercial motor vehicles unless they obtain a medical waiver. *See* 49 C.F.R. § 391.41(b)(3); 601 Ky. Admin. Regs. 1:005. McClurg obtained a medical waiver from the Commonwealth of Kentucky but did not obtain a medical waiver from the federal Department of Transportation. [DN 84 ¶¶ 82, 83]. McClurg's Kentucky medical waiver states that it is valid in "Intrastate Commerce only." [*Id.* at ¶¶ 85–88; DN 7-2]. Because that is the only medical waiver he obtained, McClurg could only drive in "intrastate commerce."

After McClurg's diabetes diagnosis, Defendant Dallas Jones Enterprises, a Kentucky-based trucking company, hired McClurg. [DN 84 ¶ 89]. Dallas Jones Enterprises hired McClurg fully aware of his medical restrictions and that he could only drive in "intrastate commerce." [*Id*. at ¶¶ 88–90]. Dallas Jones Enterprises only assigned McClurg to routes within the state of Kentucky. [*Id*. at ¶ 91]. McClurg performed this work along with Dallas Jones's other drivers. [*Id*. at ¶¶ 89–91]. Dallas Jones Enterprises filed Form MCS-150 with the United States Department of Transportation Federal Motor Carrier Safety Administration ("FMCSA") stating that it and its drivers did not operate in interstate commerce and instead operated "intrastate" only. [*Id*. at ¶¶ 25–32]. As a result, McClurg maintains that Dallas Jones Enterprises is not an interstate carrier and not authorized to operate in interstate commerce. [*Id.*]. Two sister companies of Dallas Jones Enterprises, specifically DC Trucking, Inc. and DC Transport, Inc., hire drivers that operate in interstate commerce and hired employees of Dallas Jones as well. [*Id.* at ¶ 64 n. 3].

Throughout McClurg's employment, Dallas Jones Enterprises paid him on a "per-ton basis"—a flat fee for every ton of coal transported. [*Id*. at ¶¶ 95–97]. But McClurg would sometimes work more than forty hours in a week, and Dallas Jones Enterprises did not increase his fee on those deliveries. [*Id*. at ¶ 96]. Believing he was entitled to overtime when he worked more than forty hours in a week, McClurg sued. He asserts two causes of action against Dallas Jones Enterprises: a federal claim for unpaid overtime under the Fair Labor Standards Act ("FLSA") and a state law claim under the Kentucky Wage and Hour Act ("KWHA"). [*Id*. at ¶¶ 126–165]. He also continues to seek to represent a collective (for the FLSA) and class (for the KWHA) of similarly situated plaintiffs.

Prior to filing his third amended complaint, McClurg moved to conditionally certify a collective of truck drivers who worked for Dallas Jones Enterprises and were subject to the Fair

Labor Standards Act. On December 3, 2021, the Court granted McClurg's motion to conditionally certify the class of "[a]ll persons who were employed as a truck driver by Dallas Jones Enterprises, Inc. (which has done business as 'Clay's Trucking' . . . ) and were not paid overtime compensation for work performed in excess of forty hours in one or more workweeks [within the three years preceding this notice] (including both current and former employees)." [DN 59]. The Court modified both the proposed notice and proposed consent form [DN 59], and McClurg sent them to the potential collective members pursuant to the order of the Court.

The Court will address in this opinion all non-discovery motions pending between McClurg and Dallas Jones Enterprises.

## II. DEFENDANT DALLAS JONES ENTERPRISES' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER [DN 98]

Defendant Dallas Jones Enterprises moves this Court for leave to file an amended answer to McClurg's third amended complaint. In February of 2022, McClurg moved for leave to file a third amended complaint. [DN 78]. The third amended complaint adds allegations against individual Defendants Dana Porter, Brock Porter, and Dallas Jones who purportedly own and control the company; references and attaches MCS-150 forms; and adds allegations related to the failure of Dallas Jones Enterprises to correct its previously submitted Form MCS-150. [DN 84]. Dallas Jones Enterprises did not oppose the motion, and it was granted. [DN 83]. Dallas Jones Enterprises filed its original answer to the third amended complaint on April 7, 2022. [DN 85].

On April 25, 2022, McClurg filed two motions related to the answer. First, McClurg filed a motion for judgment on the pleadings that the Fair Labor Standards Act applies to Dallas Jones Enterprises because it is subject to the Fair Labor Standards Act's Enterprise Coverage. [DN 87]. Second, McClurg filed a related motion to require Dallas Jones Enterprises to file an answer

complying with Federal Rule of Civil Procedure 8. [DN 88]. After a review of these motions, Dallas Jones Enterprises sought consent from McClurg to amend its answer. [DN 98-2]. McClurg denied consent to amend unless Dallas Jones Enterprises admitted additional paragraphs of the third amended complaint beyond the one referenced in its email. [*Id*.]. As a result, Dallas Jones Enterprises filed this motion for leave to amend its answer.

### A. Standard of Review

"A party is entitled to amend its pleading once as a matter of course within 21 days of serving it, or, if a responsive pleading is required, within 21 days after service of a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f)." *Detrick v. Heidtman Steel Prod., Inc.*, 677 F. App'x 240, 246 (6th Cir. 2017) (citing Fed. R. Civ. P. 15(a)). "Outside of this timeframe, a party may only amend its pleading with the written consent of the opposing party or leave from the court." *Id*. However, "[t]he court should freely give leave when justice so requires." *Id*. "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations omitted). "'Denial may be appropriate, however, when there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Detrick*, 677 F. App'x at 246 (quoting *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005) (internal quotation marks omitted)).

### B. Discussion

McClurg objects to the motion for leave to amend arguing that Dallas Jones Enterprises' amended answer is moot, futile, or not pled in good faith. Specifically, McClurg argues that

4

granting his motion for judgment on the pleadings [DN 87] and Rule 8 motion [DN 88] will moot Dallas Jones Enterprises' motion to amend its answer. If any issues remain, McClurg asserts that the Court should qualifiedly grant the portion of the motion to amend ¶¶ 93-97, but also deny the motion in two respects. [DN 112].

### *1. McClurg's Arguments*

First, McClurg argues that because Dallas Jones Enterprises admitted enterprise coverage as a matter of law in the initial answer and confirmed as much in its response to the motion for judgment on the pleadings, the motion for judgment on the pleadings should be granted under either the initial answer or the amended answer. Accordingly, McClurg maintains that the Court should find that Dallas Jones Enterprises' proposed amended answer relates to enterprise coverage and is moot or, in the alternative, futile. Similarly, McClurg asserts that the granting of the Rule 8 motion would also include an instruction from this Court that Dallas Jones Enterprises failed to follow Federal Rule of Civil Procedure 8 with respect to its answer on enterprise coverage issues and that it is required to amend its answer to ¶¶ 12, 15, 25, and 93-97 of the third amended complaint to respond in good faith to Plaintiff's allegations.

Second, McClurg argues that if the motion to amend is not entirely mooted by the Court's ruling on the motion for judgment on the pleadings and the Rule 8 motion, the Court should qualifiedly grant Dallas Jones Enterprises leave to amend its answer to ¶¶ 93-97 of the third amended complaint. However, McClurg contends that the Court should deny the motion in two respects. First, McClurg maintains that the motion to amend should be denied where the proposed response, combined with Dallas Jones Enterprises' other statements, shows that it would not fairly respond to the allegations in the third amended complaint. Second, because Dallas Jones Enterprises continues to use the same improper formulation of "[t]o the extent Plaintiff alleges

5

otherwise" in its answer, the Court should order this pleading deficiency corrected.

### 2. Leave to Amend Granted

Dallas Jones Enterprises is granted leave to amend its answer pursuant to Fed. R. Civ. P. 15(a). The determination of whether the circumstances of a case are such that justice would require the allowance of an amendment is committed to the sound discretion of the district court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974). McClurg did not identify any undue delay, bad faith, or dilatory motive on the part of Dallas Jones Enterprises. Additionally, McClurg pointed to no undue prejudice or repeated failure to cure deficiencies by previously allowed amendments to the answer.

Finally, with respect to McClurg's argument regarding futility of the amendment, the Court finds the most judicially efficient route in deciding the remaining motions is to permit the amended answer and then address the pending motions—taking into account the amended answer. McClurg suggests that if the Court permits the amended answer, it will force him to file a new motion for judgment on the pleadings. However, in light of the fact that McClurg in his response to this motion addresses and supplements the arguments set forth in his previous motion for judgment on the pleadings as it relates to the amended answer, no additional motion is necessary or proper.

Accordingly, in the absence of any of the above factors, the Court finds that Dallas Jones Enterprise should be afforded the opportunity to amend its answer.

### III. PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DN 87]

McClurg moves for judgment on the pleadings that Dallas Jones Enterprises was subject to the Fair Labor Standards Act's enterprise coverage. McClurg argues Dallas Jones Enterprises' answer and amended answer clearly admit the relevant facts that make enterprise coverage applicable to it. McClurg contends that to avoid the need for the parties to engage in discovery

and a motion for summary judgment relating to enterprise coverage, the Court should grant McClurg judgment on the pleadings "that the Fair Labor Standards Act has at all relevant times applied to Defendant." [DN 87-2].

Dallas Jones Enterprises filed an amended answer and a response to this motion noting that while the language of McClurg's instant motion focuses on enterprise coverage, it also extends beyond enterprise coverage and asks the Court to find that the FLSA applies to all of Dallas Jones Enterprises' employees at this early stage in the litigation. [DN 100]. Dallas Jones Enterprises argues that it must be permitted to assert defenses, including but not limited to its defense that McClurg and other drivers are exempt from overtime under the Motor Carriers Act.

**A. Standard of Review**

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) applies the same standards that govern motions to dismiss under Rule 12(b)(6)." *Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 737 (E.D. Mich. 2017); Fed. R. Civ. P. 12(c); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001). "'The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true.'" *Martin*, 265 F. Supp. 3d at 737 (quoting *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001)). Although not typical, a plaintiff may bring a motion under this Rule. *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 172 (E.D. Mich. 2006), aff'd in part, remanded in part, 511 F.3d 554 (6th Cir. 2007) (citing *Ramsey v. Amfac*, 960 F.Supp. 1424, 1426 (N.D. Cal. 1997)). "Judgment under Rule 12(c) is proper 'when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" *Id*. "The Court may only consider the pleadings, including the

complaint, answer, and attached exhibits." *Webb v. Sinnott*, No. 15-CV-11298, 2017 WL 4864920, at *2 (N.D. Ill. Oct. 26, 2017) (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

### B. FLSA's Enterprise Coverage

The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage rate]." 29 U.S.C. § 206. In addition, with regard to overtime, the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207. *See Wise v. T-Man, LLC*, No. 1:14-CV-630, 2016 WL 3544715, at *3 (N.D. Ohio June 29, 2016).

"But the FLSA does not extend its coverage to every employment situation." *Steimel v. Conway Prowash, LLC*, No. 1:15-CV-599, 2016 WL 7616509, at *2 (W.D. Mich. May 31, 2016). The employee is protected by the FLSA "only when the employee individually or the employer's enterprise as a whole is 'engaged in commerce or in the production of goods for commerce.'" *Id*. (quoting *Martinez v. Petrenko*, 792 F.3d 173, 175 (1st Cir. 2015) (quoting 29 U.S.C. § 207(a)(1)). "Thus, to establish a violation of FLSA, an employee must show either (1) 'individual' coverage, i.e., the employee herself engaged in commerce or (2) 'enterprise' coverage, i.e., the employer was engaged in commerce." *Wise*, 2016 WL 3544715, *3. For purposes of the present motion, McClurg claims FLSA jurisdiction under the enterprise coverage theory.

In order to establish that a company is a covered enterprise, a plaintiff "must establish that defendants constitute an 'enterprise' as that term is defined by statute." *Wise*, 2016 WL 3544715, *4. The FLSA provides in relevant part as follows:

> 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise that–
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1). *See also Wise*, 2016 WL 3544715, *4; *Sec'y of Labor v. Timberline S., LLC*, 925 F.3d 838, 845 (6th Cir. 2019) (discussing the difference between goods and materials under the statute). The term "commerce" means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

### C. Discussion

After a review of the pleadings, motions, and caselaw, the Court finds that McClurg's motion for judgment on the pleadings is moot. In its amended answer, Dallas Jones Enterprises specifically admits it has gross volume annual sales exceeding $500,000 and it is engaged in commerce as defined in 29 U.S.C. § 203. [DN 98-1]. Dallas Jones Enterprises thus acknowledges that there is "no dispute that [it] meets the definition of 'enterprise engaged in commerce' under the FLSA, 29 U.S.C. § 203(s)." [DN 100 at 4]. Accordingly, no judgment on the pleadings is necessary—both parties agree that Dallas Jones Enterprises is a "covered enterprise" under the FLSA. *Sec'y of Lab. v. Timberline S., LLC*, 925 F.3d at 845–849.

McClurg insists that despite the amended answer the Court must grant judgment on the pleadings because Dallas Jones Enterprises is an "enterprise engaged in commerce" and, as a result, it and its employees "have been subject at all relevant times to the FLSA." [DN 106 at 4]. On the other hand, Dallas Jones Enterprises objects to such a judgment arguing that McClurg and other drivers are exempt from the FLSA's overtime provisions pursuant the Motor Carrier Act ("MCA"), 29 U.S.C. § 213(b)(1).

The parties are splitting hairs. "The FLSA requires covered employers to pay overtime wages to employees who work more than 40 hours per week unless they fall under certain enumerated exceptions." *Whitaker v. Powers Enterprises, LLC*, No. CV 5:20-66-KKC, 2022 WL 289160, at *3 (E.D. Ky. Jan. 31, 2022) (citing 29 U.S.C. § 207). "One of these exceptions—the 'MCA exemption'—holds that the FLSA's **overtime** provisions do not apply to 'any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service.'" *Id.* (quoting 29 U.S.C. § 213(b)(1) (emphasis added)); *see also* 29 C.F.R. § 782.1(a) ("[A]n employee with respect to whom the Secretary of Transportation has such power is excluded, automatically, from the benefits of [the maximum hours and overtime requirements] of the Fair Labor Standards Act."); *Sec'y of Labor v. Timberline S., LLC,* 925 F.3d at 850; 29 C.F.R. § 782.2(a); *see* 49 U.S.C. §§ 31502(b)(2); 13102(15). If the Secretary of Transportation possesses this regulatory power over a particular employee, whether or not it actually exercises the power, the Secretary of Labor lacks jurisdiction and the FLSA overtime provisions do not apply. *See Barlow v. Logos Logistics, Inc.*, 34 F. Supp. 3d 686, 690 (E.D. Mich. 2014)*; White v. U.S. Corr., L.L.C*., 996 F.3d 302, 307 (5th Cir. 2021). Here, Dallas Jones Enterprises is an "enterprise engaged in commerce." The primary dispute in this case is whether the FLSA's MCA exemption applies to Dallas Jones Enterprises' truck drivers. If the MCA

exemption applies, the FLSA's overtime provisions do not apply to the truck drivers. If the MCA exemption does not apply, the FLSA's overtime provisions do apply to the truck drivers. No judgment on the pleadings is necessary to recite case law.

For these reasons, the Court denies McClurg's motion for judgment on the pleadings.

### IV. PLAINTIFF'S MOTION TO REQUIRE DEFENDANT TO FILE AN ANSWER COMPLYING WITH RULE 8 [DN 88]

McClurg moves the Court for an Order requiring Dallas Jones Enterprises to file an answer complying with Federal Rule of Civil Procedure 8. McClurg contends that many of Dallas Jones Enterprises' responses in its answer and amended answer to the third amended complaint do not comport with the requirements of Rule 8 or the Magistrate Judge's recent opinion in *Back v. Ray Jones Trucking, Inc.*, No. 4:22-CV-00005, 2022 WL 993555 (W.D. Ky. Apr. 1, 2022). [DN 88, DN 107, DN 112]. McClurg identifies three categories of deficiency: (1) responses to allegations regarding the manner in which Dallas Jones Enterprises paid truck drivers by stating that it "paid Plaintiff consistent with the FLSA and KWHA" in response to ¶ 95 of the third amended complaint; (2) response to ¶ 25 of the third amended complaint is incomprehensible; (3) response to the third amended complaint's allegations regarding enterprise coverage is deficient and does not comply with Rule 8's "lack of knowledge or information" option (*see* Third Amended Complaint, ¶¶ 15, 16, 17). McClurg contends that Rule 8(b) mandates that a party respond to a complaint allegation with either an admission, a denial, or a statement that the party lacks sufficient information upon which to form a belief of the truth of the allegation. [DN 88].

The question to be resolved is whether Dallas Jones Enterprises' answers are deficient under Federal Rule of Civil Procedure 8(b). "The purpose of the pleading rule is to expose the pertinent issues in the litigation at the earliest possible stage, so the parties can focus on the actual substance of the dispute as soon as possible." *Back v. Ray Jones Trucking, Inc.*, No. 4:22-CV-

11

00005, 2022 WL 993555, at *2 (W.D. Ky. Apr. 1, 2022) (citing *Fuhrman v. United Omaha Life Ins. Co.*, No. 1:19-CV-783, 2019 WL 13102134 (W.D. Mich. Dec. 17, 2019)). "Rule 8(b) requires that a party respond to a pleading by stating in short and plain terms its defenses to each claim asserted against it. In so doing, the party must admit or deny the allegation." *Back*, 2022 WL 993555, *2 (citing Fed. R. Civ. P. 8(b)(1)). If the party lacks knowledge or information sufficient to form a belief about the truth of the allegation, "it must so state, and such a statement has the effect of a denial of the allegation." *Id*. (citing Fed. R. Civ. P. 8(b)(5)). "These three options are the only ones contemplated by the Rule and serve 'to apprise the opponent of those allegations that stand admitted and will not be an issue at trial and those that are contested and require proof.'" *Id.* (quoting *Poole v. Dhiru Hospitality, LLC*, No. SA-18-CV-636, 2018 WL 7297891, *2 (W.D. Tex. Oct. 29, 2018).

### A. Paragraph 95

In response to ¶ 95 of the third amended complaint, Dallas Jones Enterprises states: "In response to the allegations in Paragraph Ninety-Five, Defendant affirmatively states it paid Plaintiff consistent with FLSA and KWHA. To the extent Plaintiff alleges otherwise, Defendant denies the allegations in Paragraph Ninety-Five." [DN 98-1]. McClurg argues that the Dallas Jones Enterprises failed to respond to the allegations because it affirmatively asserts it paid McClurg consistent with the law.

The amended answer comports with Rule 8 by denying McClurg's allegations. "While the responses include extra information and alternative versions of the Complaint's factual allegations, '[w]hatever additional information [defendant] seeks to provide in addition to a denial is well within [its] right.'" *LaGuardia v. Designer Brands Inc.*, No. 2:20-CV-2311, 2020 WL 6280910, at *6 (S.D. Ohio Oct. 27, 2020) (quoting *Dawley v. Acme Block & Brick, Inc.*, 335 F.R.D. 122,

125 (M.D. Tenn. 2020) (quoting *Rapaport v. Soffer*, No. 2:10-CV-935, 2012 WL 2522069, at *2 (D. Nev. June 29, 2012))). "Any such 'affirmative allegations' will be treated as denials, thereby ensuring compliance with Rule 8(e)'s directive that pleadings shall be construed so as to do justice." *LaGuardia*, 2020 WL 6280910, *6 (citing *Rapaport*, 2012 WL 2522069, at *2). *See also Back v. Ray Jones Trucking, Inc.*, 2022 WL 993555, at *3 (W.D. Ky. Apr. 1, 2022) (finding defendants' "in accordance with law" response deficient but noting that in those responses which were accompanied by an additional admission, denial, or statement that defendants were without sufficient knowledge or information upon which to form a belief as to the truth of the factual allegations, those responses comported with Rule 8(b)).

### B. Paragraph 25

In response to ¶ 25 of the third amended complaint, Dallas Jones Enterprises states:

> The allegations in Paragraph Twenty-Five constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant both admits and denies that it has responded both "intrastate" on Federal Motor Carrier Safety Administration forms because Defendant has done both. Defendant denies the remainder of the allegations in Paragraph Twenty-Five.

[DN 98-1]. McClurg argues that Dallas Jones Enterprises did not respond to the actual allegations made and is incomprehensible.

While Dallas Jones Enterprises' "assertion that [it] need not respond to allegations [it] characterize[s] as representing legal conclusions is an insufficient response under Rule 8(b)," *Back*, 2022 WL 993555, at *4, the remainder of Dallas Jones Enterprises' response to ¶ 25 of the third amended complaint comports with Rule 8(b) admitting a portion of the allegation—that it responded to the FMCSA that it and its drivers operated "intrastate"—while denying part of the allegation—that it responded on other occasions to the FMCSA that it and its drivers operated "interstate."

13

### C. Enterprise Coverage Response

1. **Paragraph 15**

> In response to ¶ 15 of the third amended complaint, Dallas Jones Enterprises states:
>
> The allegations in Paragraph Fifteen constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations, except that Defendant has employed two or more employees who handle or otherwise work on goods that have been moved in interstate commerce.

[DN 98-1]. McClurg argues that this response does not fairly respond to his allegations that Dallas Jones Enterprises' employees worked on "goods or *materials* that have been moved in interstate commerce." [DN 88 at 4]. Instead, McClurg claims that Dallas Jones Enterprises only expressly responds to the "goods" portion of the allegation.

The Court agrees with Dallas Jones Enterprises that McClurg is challenging the veracity of Dallas Jones Enterprises' denial. The response comports with Rule 8 by denying McClurg's allegations with the one exception noted. McClurg may dislike the form of the denial, but the response complies with Rule 8(b).

2. **Paragraphs 16 and 17**

> In response to ¶ 16 of the third amended complaint, Dallas Jones Enterprises states:
>
> The allegations in Paragraph Sixteen constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations, except that Defendant is without sufficient information or knowledge to admit or deny the source of fuel for its trucks.

[DN 98-1]. Similarly, in response to ¶ 17 of the third amended complaint, Dallas Jones Enterprises states:

> The allegations in Paragraph Seventeen constitute legal conclusions about potentially applicable laws, to which no response is required. To the extent a response is required, Defendant denies Plaintiff's allegations, except that

> Defendant is without sufficient information or knowledge to admit or deny the site of manufacture of its trucks.

[DN 98-1].

McClurg argues that these responses are not in accordance with the actual language of Rule 8 because Dallas Jones Enterprises states that it is "without sufficient information or knowledge to admit or deny" and the precise language in Rule 8 states "lacks knowledge sufficient to form a belief about the truth of an allegation." Once again, McClurg is splitting hairs. This language is sufficient to inform McClurg that Dallas Jones Enterprises is invoking Federal Rule of Civil Procedure 8(b)(5). *See also Back*, 2022 WL 993555, at *3 (finding that defendant's responses in paragraphs 53 to 55 comported with the FLSA).

With respect to McClurg's argument that Dallas Jones Enterprises is being dishonest with regard to where it bought its trucks and who supplies the diesel fuel delivered by tanker truck to its facility, McClurg is again attacking the veracity of the Dallas Jones Enterprises' answer that it lacks sufficient knowledge or information. Notwithstanding, Dallas Jones Enterprises' answer comports with Rule 8(b).

Finally, any discovery disputes should be handled in accordance with the Federal Civil Rules of Procedure and any scheduling order entered by the Court.

### V. DEFENDANT DALLAS JONES ENTERPRISES' MOTION TO DISREGARD PLAINTIFF'S SUPPLEMENTAL FILING [DN 142]

On July 7, 2022, McClurg filed a supplement to his Rule 8 motion. [DN 141]. McClurg submits a declaration of Ryan Snyder, General Manager of VoMac Truck Sales & Services, Inc., and attaches records from the Indiana truck dealer showing that Dallas Jones Enterprises purchased fourteen of its semi-trucks from that dealer.

Dallas Jones Enterprises filed the present motion arguing that the Court should disregard this supplemental filing in considering whether Dallas Jones Enterprises' amended answer fails to comply with Rule 8. The Court grants this motion. The supplemental filings do not bear on the issue of whether or not Dallas Jones Enterprises' amended answer comports with Rule 8. The amended answer was filed in mid-May of 2022. McClurg sought discovery from VoMac Truck Sales & Services and obtained the records and affidavit on July 1, 2022. McClurg's procurement of some relevant piece of discovery does warrant a subsequent motion to require a new answer. *After discovery is complete*, McClurg may file a properly supported motion for summary judgment addressing these and other issues.

## V. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Judgment on the Pleadings [DN 87] is **DENIED AS MOOT**.

2. Plaintiff's Motion to Require Defendant to File an Answer Complying with Rule 8 [DN 88] is **DENIED**.

3. Defendant Dallas Jones Enterprises' Motion for Leave to File an Amended Answer [DN 98] is **GRANTED**. Dallas Jones Enterprises shall file its Amended Answer without the redlines within five days of entry of this Order.

4. Defendant Dallas Jones Enterprises' Motion to Disregard Plaintiff's Supplemental Filing [DN 142] is **GRANTED.**

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

August 11, 2022

cc: counsel of record