UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00201-JHM-HBB

**JOHNNY MCCLURG** o/b/o
*Himself & All Others Similarly Situated*                                                            **PLAINTIFF**

VS.

**DALLAS JONES ENTERPRISES INC.**
*d/b/a* **CLAY'S TRUCKING, et al.**                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff for an extension of time to respond to requests for admission propounded by the Defendant to opt-in Plaintiffs DN 124. The Defendant has responded in opposition at DN 133.

### Discussion

Fed. R. Civ. P. 36(a)(3) provides that a party has 30 days following service of requests for admission to provide a response or objection. Should the party fail to timely respond or object, the request for admission is deemed admitted. Defendant contends that the opt-in Plaintiffs have admitted the requests for admission by failing to respond, object or move for an extension prior to the deadline for serving his responses and should not be permitted more time.

McClurg's motion calls into question the manner in which the discovery requests should be deemed to have been served, which in turn determines whether his motion for an extension is late. On May 11, 2022, the Defendant served the requests using both e-mail and postal mail. The question is which mode of transmission should be considered to have provided service of the

requests.  Rule 5(b)(1)(E) states that discovery can be served on another party through the court's electronic-filing system or "by sending it by other electronic means that the person consented to in writing . . . ."  If this method is employed, then service is complete upon the sending of the document.  Id.  Consequently, if e-mail is the means by which the requests were served, the responses were due June 10, 2022.  However, if the postal mail delivery is the means of service, Rule 6(d) adds three days to the deadline, making it June 13, 2022, the date upon which McClurg filed the instant motion for extension of time to file responses to the requests for admission on behalf of the opt-in plaintiffs.

This leads the parties to a disagreement over whether McClurg "formally" consented to electronic service in writing.  The communication in question is an e-mail from McClurg's counsel in response to a letter from Defendant's counsel in which Defendant indicated that, henceforth, it would not accept service of documents through electronic means other than the Court's electronic filing system (DN 124-14).  McClurg's counsel wrote:

> [P]lease treat this letter as a request that you provide anything you are mailing to me by email, as well. Whether the Rules require this or not, and even if the document is being sent through the mail, there is no good reason not to send something by email. While the Postal Service is sometimes reliable, I also have seen some things disappear in the Postal Service. For instance, I have in the last two years had a mailing be returned as undeliverable fourteen months after it was sent. Where it was in the interim remains a mystery. I don't want any of our communications to be delayed by the Postal Service if email avoids that delay.

(DN 133-2 p. 1).

Defendant contends that McClurg consented to e-mail service, but now wants to pick-and-choose which manner of delivery will be applied so as to manipulate the response deadline.  As an initial point, "Consent to service by electronic means must be specifically agreed to in writing . . . and cannot be implied from past conduct."  See Ortiz-Moss v. N.Y. City DOT,

2

623 F. Supp. 2d 404, 407 (S.D.N.Y. 2008) (citations omitted). Nor is utilizing e-mail for service on another party pursuant to that party's consent deemed a reciprocal agreement for electronic service. See Thomas v. Anderson, No. 1:12-cv-1343, 2020 U.S. Dist. LEXIS 37086, *7-8 (C.D. Ill. Mar. 4, 2020). Complicating the analysis in this case is the fact that McClurg's e-mail was in response to a notice from Defendant's counsel that it would only accept service by mail and the Court's electronic system. McClurg appears to have been inquiring as to whether the Defendant intended to serve documents reciprocally only by postal mail and he indicated that he wished to receive documents by *both* postal mail and e-mail to ensure timely receipt. Does this constitute a "formal" consent to electronic service? Rather than split this hair, the undersigned takes guidance from an opinion by Judge Russell:

> Federal Rule of Civil Procedure 36 is designed to "expedite trial by eliminating the necessity of proving undisputed and peripheral issues." Kosta v. Connolly, 709 F. Supp. 592, 594 (E.D. Pa. 1989) (citing Peter v. Arrien, 319 F. Supp. 1348, 1349 (E.D. Pa. 1970)); Petroff-Kline, 557 F.3d at 293. Request for admissions are not intended to "establish facts which are obviously in dispute or to answer questions of law." U.S. Bank Nat'l Ass'n v. Gunn, 23 F. Supp. 3d 426, 433 (D. Del. 2014) (quoting Kosta, 709 F. Supp. at 594). As such, the Court can disregard a party's failure to abide by the time requirements of Rule 36 when "the delay was not occasioned by a lack of good faith, when such filing will facilitate a proper determination of the merits and when the untimely response will not unduly prejudice the requesting party." Szatanek v. McDonnell Douglas Corp., 109 F.R.D. 37, 39-40 (W.D.N.Y. 1985) (collecting cases); Time for Requests and Responses to Requests, 8B Fed. Prac. & Proc. Civ. § 2257 (3d ed.).

Patti's Holding Co., LLC v. Zurich Am. Ins. Co., No. 5:20-CV-00084-TBR, 2021 U.S. Dist. LEXIS 239467, at *5 (W.D. Ky. Dec. 14, 2021). Here, there is no indication that the delay was occasioned by a lack of good faith. Conversely the filing will facilitate a proper determination of the merits and the three-days in question will not unduly prejudice the Defendant. This, in

3

conjunction with the lack of clarity as to whether McClurg formally consented to receive electronic service merits a finding that they have not been admitted.

**WHEREFORE**, Plaintiff's motion for an extension of time to respond to requests for admission, DN 124, is **GRANTED**.

August 22, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:    Counsel of Record