UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00201-JHM-HBB

JOHNNY MCCLURG *o/b/o*
*Himself & All Others Similarly Situated*                                    PLAINTIFF

VS.

DALLAS JONES ENTERPRISES INC.
*d/b/a* CLAY'S TRUCKING, et al.                                              DEFENDANTS

<u>MEMORANDUM OPINION</u>
<u>AND ORDER</u>

Before the Court is a disagreement between the parties regarding written discovery requested of the opt-in Plaintiffs on their FLSA claims.   The issue was discussed during a telephonic discovery conference on August 24, 2022.  The undersigned directed the Defendant to provide the Court with a copy of the proposed discovery requests and further directed the parties to file simultaneous summaries of the discovery issues (DN 154).  Defendants revised the scope of the discovery requests, but the parties nonetheless were unable to agree on the written discovery. The Plaintiffs filed their brief at DN 155, and Defendant filed its brief at DN 156.  The undersigned conducted a follow-up in person hearing on October 19, 2022.

<u>Discussion</u>

The scope of discovery is within the sound discretion of the trial court.  <u>S.S. v. E. Ky. Univ.</u>, 532 F.3d 445, 451 (6th Cir. 2008).  Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Relevant evidence in this context

is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" Grae v. Corr. Corp. of Am., 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

Rule 26 permits the court to limit discovery if it determines that: (1) the additional "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or" (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

The policy behind such collective actions such as the present FLSA claim is to "promot[e] . . . judicial economy[,]" "lower[] individual costs [for the] vindicat[ion] of rights by the pooling of resources," and "resolv[e] in a single action common issues arising from the same alleged illegal activity." Canaday v. Anthem Cos., 9 F.4th 392, 415 (6th Cir. 2021) (quoting Hoffmann-La Roche v. Sperling, 493 U.S. 165, 170 (1989)). When weighing the burdens and costs, particularly in the context of a small opt-in class, courts engage in a "case-specific analysis of the evidence and . . . weigh[] . . . the opposing interests and burdens of the parties." Brewer v. Alliance Coal, No. 7:20-CV-00041-DLB-EBA, 2022 U.S. Dist. LEXIS 182266, *13 (E.D. Ky. Oct. 5, 2022) (quoting Johnson v. Int'l Steel & Counterweights LLC, No. 4:20-cv-2584, 2021 U.S. Dist. LEXIS 221274, at *7 (N.D. Ohio Nov. 17, 2021)).

The undersigned has reviewed the tendered interrogatories in light of the positions expressed by the parties in their briefs and considered the various mark-ups each has proposed on

the working drafts of the documents.  The undesigned attaches as an exhibit to this Order a final revised version of the interrogatories which the undersigned believes provides the Defendant with a fair opportunity to engage in discovery from the opt-in Plaintiffs while at the same time limiting the discovery to that which, at this stage in the litigation, is relevant and proportionate to the needs of the case.  To the extent possible, the interrogatories are devoid of "legal jargon."  *See* Brewer, 2022 U.S. Dist. LEXIS 182266, at *19.  Given that the scope of the interrogatories has been limited, and the small number of the opt-in class (17 individuals), it is appropriate for all of the opt-in Plaintiffs to respond to the interrogatories.

The undersigned has also reviewed the tendered the requests for production of documents in light of the positions expressed by the parties in their briefs and considered the various mark-ups each has proposed on the working drafts of the documents.  The undesigned attaches as an exhibit to this Order a final revised version of the requests for production of documents which the undersigned believes provides the Defendant with a fair opportunity to engage in discovery from the opt-in Plaintiffs while at the same time limiting the discovery to that which, at this stage in the litigation, is relevant and proportionate to the needs of the case.  To the extent possible, these document requests are devoid of "legal jargon," and are not particularly difficult to understand. *See* Brewer, 2022 U.S. Dist. LEXIS 182266, at *19.  Additionally, requests that seek documents related to claims in the Third Amended Complaint have been rephrased to ask for documents related to "your wage claims" to increase the likelihood that the opt-in Plaintiffs may be able to respond without requiring the assistance of counsel.  Id. at *20.  While some of the revised document requests may require sorting through hard copy and electronic documents generated no more than three years prior to when an opt-in Plaintiff consented to join this action, the requests are tailored to seek discoverable information under Rule 26(b)(1) while limiting the amount of

work required of both the opt-in Plaintiffs and their counsel.  Id.  Given that the scope of the document requests has been limited, and the small number of the opt-in class (17 individuals), it is appropriate for all the opt-in Plaintiffs to respond to the requests for production of documents.

ORDER

IT IS HEREBY ORDERED that Plaintiffs' objections to Dallas Jones Enterprises' written discovery requests to the opt-in Plaintiffs are **SUSTAINED in part and OVERRULED in part**.

November 2, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:      Counsel of Record

4

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

| | | |
|---|---|---|
| **JOHNNY MCCLURG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:20-CV-201-JHM-HBB |
| | ) | |
| **DALLAS JONES ENTERPRISES** | ) | |
| **INC. d/b/a CLAY'S TRUCKING**, | ) | |
| | ) | |
| Defendant. | | |

## DEFENDANT'S FIRST INTERROGATORIES TO OPT-IN PLAINTIFF
## [[INSERT NAME OF SPECIFIC OPT-IN PLAINTIFF]]

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Dallas Jones Enterprises Inc. ("Clay's Trucking"), by and through counsel, submits the following Interrogatories ("Interrogatories") to Opt-in Plaintiff [[Insert Specific Name of Opt-In Plaintiff]], the answers to which [[Insert Specific Name of Opt-In Plaintiff]] is to provide in writing, and under oath, within the time provided under Rule 33 after service, to Clay's Trucking at the law offices of Littler Mendelson, P.S.C., 333 West Vine Street, Suite 1720, Lexington, KY 40507.

## INTERROGATORIES

1.     Identify every person whom you believe may have knowledge or information relevant to your wage claims against Clay's Trucking and for each such person, describe the information such person is believed to have.

ANSWER:

2.      Identify any document of which you are aware that may be relevant to your wage claims against Clay's Trucking.

ANSWER:

3.      Describe all conversations you personally had with anyone regarding any of your wage claims against Clay's Trucking including dates and times, but excluding discussions with your attorney.

ANSWER:

4.      For each individual workweek you claim that Clay's Trucking failed to properly compensate you for overtime work, please provide the following information:

a.      The dates of the workweek;

b.      The total number of hours that you worked that workweek;

c.      The total amount of overtime wages you claim to be owed for that workweek; and

d.      A description of any documents that evidence the hours that you worked and/or the overtime wages that you claim to be owed.

ANSWER:

5.      Identify each state you personally performed work in as an employee of

Clay's Trucking, since the date three years prior to the date your consent to join this action was filed with the Court and specify for which entity you drove when you were in each state.

ANSWER:

6.      Describe in detail the job duties, tasks, and work assignments performed by you during your work with Clay's Trucking.  This Interrogatory applies to the time period from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

7.      Identify any recordings, including but not limited to photographic, video and audio recordings, you personally made of events at Clay's Trucking or conversations with current or former Clay's Trucking employees, including recordings made with or without permission.  This Interrogatory applies to the time period from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

8.      Identify all personal email addresses (such as Gmail or Yahoo!), social networking accounts (such as Facebook or Twitter), that you have used or maintained at

any time from the date three years prior to the date your consent to join this action was filed with the Court through trial.  Provide your username/login, but do not provide any passwords.

ANSWER:

9.      Describe in detail any felony criminal charges, complaints, lawsuits, grievances or other claims filed by you, or against you, and any felony criminal charges against you that resulted in convictions, whether individually or jointly, with any federal, state or local government agency, or in any court, that (A) are not proceedings related to divorce, child custody, child support, or parental rights and (B) were filed after the later of (1) January 1, 2012 or (2) the date you turned 18 years old and (c) are currently matters of public record (you do not need to disclose expunged matters or matters under seal).

ANSWER:

10.      Identify all locations you picked up materials to haul on behalf of Clay's Trucking and all locations you dropped off those materials.  This Interrogatory applies to the time period from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

11.     Identify all comments or remarks made by you or any member of the collective about Clay's Trucking's business practices, including driving assignments and pay practices.  This Interrogatory applies to the time period from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

This the _____ day of _____, 2022.

Respectfully submitted,

_____
LaToi D. Mayo
Jay Inman
Michael LaCourse
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY 40507
Telephone:   (859) 317-7970
lmayo@littler.com
jinman@littler.com
mlacourse@littler.com

*Counsel for Clay's Trucking*

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing has been served the foregoing was served upon opposing counsel, Mark N. Foster, via U.S. Regular Mail, on this ____ day of ____, 2022.

Mark N. Foster
P.O. Box 869
Madisonville, KY 42431
*Counsel for Plaintiff*

_____
Michael J. LaCourse
Counsel for Defendants

## **VERIFICATION OF INTERROGATORY RESPONSES**

STATE OF _____

COUNTY OF _____


     Before me _____, a Notary Public in and for the above jurisdiction, personally appeared _____ and after being first duly sworn according to law, did make oath and affirm that he has read the foregoing Interrogatory responses and further affirms that the answers are true and correct to the best of his knowledge, information, and belief.


                                       **_____**

                                       By: _____


     Sworn to and subscribed before me this _____ day of _____, 2022.


                                       _____

                                       NOTARY PUBLIC

My Commission Expires: _____

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

| | | |
|---|---|---|
| **JOHNNY MCCLURG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:20-CV-201-JHM-HBB |
| | ) | |
| **DALLAS JONES ENTERPRISES** | ) | |
| **INC. d/b/a CLAY'S TRUCKING**, | ) | |
| | ) | |
| Defendant. | | |

## <u>DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH OPT-IN PLAINTIFF</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Dallas Jones Enterprises Inc. ("Clay's Trucking"), by and through counsel, requests that Each Opt-In Plaintiff separately provide copies of, or produce for inspection and copying, within thirty (30) days after service, to Clay's Trucking, at the law offices of Littler Mendelson, P.S.C., 333 West Vine Street, Suite 1720, Lexington, KY, 40507, the documents requested herein.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Documents you personally prepared that identify people who may know or have information about your wage claims against Clay's Trucking.

ANSWER:

2.      Letters, emails, text messages, and/or Instant Messages between you personally and any job applicant, current employee, or former employee with Clay's

Trucking that discuss your wage claims against Clay's Trucking.  This Request applies to the time from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

3.     Messages, status updates, and/or tweets made by you personally on Twitter, a blog, Facebook, MySpace, LinkedIn, or other social networking site account that discuss the business practices (including driving assignments and pay practices) of Clay's Trucking and your wage claims against Clay's Trucking.  This Request applies to the time from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

4.     Oral or written statements and/or affidavits that you personally obtained from other persons related to your wage claims against Clay's Trucking.

ANSWER:

5.     Hard copy and/or electronic documents (such as personal calendars, timecards, day planners, appointment books, notes, journals) prepared by you personally

while you were employed by Clay's Trucking, that recorded your daily activities, appointments, or factual observations about your driving routes such as your departure and arrival times, wait times, assignments, or other related information during your employment at Clay's Trucking.  This Request applies to the time from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

6.      Documents that discuss driving jobs you had with other employers while you were employed by Clay's Trucking.  Include documents that identify the other employer(s), the period of employment, your work/driving assignments, compensation, and benefits.  This Request applies to the time from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

7.      For the period you held driving jobs with Clay's Trucking and other employer(s), provide the wage, earning, or payment documents you received from the other employer(s) or through workers' compensation, unemployment compensation, sick or vacation leave, disability payments, or welfare benefits that you received.  This Request applies to the time from the date three years prior to the date your consent to join this

action was filed with the Court, through trial.

ANSWER:

8.      Documents you personally submitted to or received from a federal, state, or local agency that discuss your wage claims against Clay's Trucking.  This Request applies to the time from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

9.      Hard copy and electronic documents in which you discuss your wage claims against Clay's Trucking or any other current or former employer that you have not already produced in response to Request Nos. 1-8.  This Request applies to the time from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

10.      Documents that set forth communications between you and an employee or agent of Big Rivers Wilson Power Plant about your wage claims against Clay's Trucking. This Request applies to the time from the date three years prior to the date your consent

to join this action was filed with the Court, through trial.

ANSWER:

11.     Documents that set forth communications between you personally and an employee or agent of the Kentucky Transportation Cabinet or Federal Department of Transportation about your wage claims against Clay's Trucking.  This Request applies to the time from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

12.     Documents that set forth communications between you personally and an employee or agent of any loadout facility about your wage claims against Clay's Trucking. This Request applies to the time from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

ANSWER:

13.     Documents that set forth communications between you personally and an employee, operator, or agent of any barges or barge load facilities about your wage claims against Clay's Trucking.  This Request applies to the time from the date three

years prior to the date your consent to join this action was filed with the Court, through trial.

      ANSWER:

      15.    Medical, unemployment, workers' compensation, and Kentucky Labor Cabinet records obtained by you or on your behalf by your attorneys or someone else for review and/or use in this litigation.  This Request applies to the time from the date three years prior to the date your consent to join this action was filed with the Court, through trial.

      ANSWER:

This the _____ day of _____, 2022

Respectfully submitted,

_____

LaToi D. Mayo
Jay Inman
Michael LaCourse
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY 40507
Telephone: (859) 317-7970
lmayo@littler.com
jinman@littler.com
mlacourse@littler.com

*Counsel for Clay's Trucking*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been served the foregoing was served upon opposing counsel, Mark N. Foster, via U.S. Regular Mail on this ____ day of ____, 2022.

Mark N. Foster
P.O. Box 869
Madisonville, KY 42431
*Counsel for Plaintiff*

_____

Michael J. LaCourse
Counsel for Defendants