**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

| | |
|---|---|
| **JOHNNY MCCLURG,** | ) |
| **on Behalf of Himself and** | ) |
| **All Others Similarly-Situated** | ) |
| | ) |
| **Plaintiff,** | ) |
| **vs.** | ) **Civil Action No. 4:20-CV-201-HBB** |
| | ) |
| **DALLAS JONES ENTERPRISES, INC.** | ) |
| **d/b/a CLAY'S TRUCKING,** | ) |
| **DANA PORTER, BROCK** | ) |
| **PORTER, and ALFREDA JONES in** | ) |
| **Her Capacity as the Executrix of the** | ) |
| **ESTATE OF DALLAS JONES, deceased** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER TO THIRD AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT ON BEHALF OF DEFENDANT ALFREDA JONES, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF DALLAS JONES, DECEASED

Come now Defendant, Alfreda Jones, as Executrix of the Estate of Dallas Jones, deceased, by and through counsel, and for her Answer to the Third Amended Collective and Class Action Complaint ("Complaint") of Plaintiff Johnny McClurg ("Plaintiff"), and in support of the same state as follows. Paragraph numbers of the Answer to Third Amended Collective and Class Action Complaint correspond to paragraph numbers in the Complaint. Defendant denies all allegations not specifically admitted herein, either because Defendant is without sufficient knowledge to admit or deny the same, or because Defendant specifically denies the same.

## SUMMARY OF THE ACTION

1. Defendant admits that Plaintiff was employed by Defendant Dallas Jones Enterprises, Inc. d/b/a Clay's Trucking but Defendant denies the remainder of Paragraph 1.

## JURISDICTION AND VENUE

2.   The allegations in Paragraph Two constitute legal conclusions about jurisdiction, to which no response is required.  To the extent a response is required, Defendant does not contest the jurisdiction of this Court.

3.   The allegations in Paragraph Three constitute legal conclusions about jurisdiction, to which no response is required.  To the extent a response is required, Defendant does not contest the jurisdiction of this Court.

4.   The allegations in Paragraph Four constitute legal conclusions about venue, to which no response is required.  To the extent a response is required, Defendant does not contest the Owensboro Division as venue, but Defendant denies the remainder of Paragraph Four.

## PARTIES

5.   Defendant is without sufficient information to admit or deny the allegations in Paragraph Five, so Defendant denies the same.

6.   The allegations in Paragraph Six constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all allegations in Paragraph Six.

7.   Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph Seven and therefore, Defendant denies the same.

8.   Defendant admits the allegations in Paragraph Eight.

9.   Defendant admits that Defendant Dana Porter is a resident of the Commonwealth of Kentucky, however, Defendant denies the allegations contained in the remainder of Paragraph Nine.

10. Defendant admits that Defendant Broc Porter is a resident of the Commonwealth of Kentucky, however, Defendant denies the allegations contained in the remainder of Paragraph Ten.

11. Defendant admits that Defendant Dallas Jones was a resident of the Commonwealth of Kentucky, however, Defendant denies the allegations contained in the remainder of Paragraph Eleven.

12. The allegations in Paragraph Twelve and Footnote One referenced therein constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Twelve.

13. The allegations in Paragraph Thirteen refer to Defendant Dallas Jones Enterprises, Inc. and do not require a response from this Defendant, however, to the extent a response is required, Defendant denies all allegations contained in Paragraph Thirteen.

14. The allegations in Paragraph Fourteen refer to Defendant Dallas Jones Enterprises, Inc. and do not require a response from this Defendant, however, to the extent a response is required, Defendant denies all allegations contained in Paragraph Fourteen.

15. The allegations in Paragraph Fifteen refer to Defendant Dallas Jones Enterprises, Inc. and constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Fifteen.

16. The allegations in Paragraph Sixteen constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph Sixteen.

17. The allegations in Paragraph Seventeen constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph Seventeen.

18. The allegations in Paragraph Eighteen refer to Defendant Dallas Jones Enterprises, Inc. and constitute legal conclusions, to which no response is required.  To the extent a response is required,

Defendant denies all allegations contained in Paragraph Eighteen.

19. The allegations in Paragraph Nineteen constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Nineteen.

20. The allegations in Paragraph Twenty constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations contained in Paragraph Twenty.

21. The allegations in Paragraph Twenty-One constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Twenty-One.

22. Defendant denies the allegations in Paragraph Twenty-Two.

23. Defendant denies the allegations in Paragraph Twenty-Three.

24. The allegations in Paragraph Twenty-Four refer to Defendant Dallas Jones Enterprises, Inc. and constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Twenty-Four.

25. The allegations in Paragraph Twenty-Five refer to Defendant Dallas Jones Enterprises, Inc. and constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies all allegations in Paragraph Twenty-Five.

26. The allegations in Paragraph Twenty-Six constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Twenty-Six.

27. The allegations in Paragraph Twenty-Seven constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all allegations

contained in Paragraph Twenty-Seven.

28. The allegations in Paragraph Twenty-Eight constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Twenty-Eight.

29. Defendant is without information or knowledge to admit or deny the allegation in Paragraph Twenty-Nine.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Twenty-Nine.

30. The allegations in Paragraph Thirty refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required from this Defendant.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Thirty.

31. The allegations in Paragraph Thirty-One refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required from this Defendant.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Thirty-One.

32. Defendant denies the allegations in Paragraph Thirty-Two.

33. Defendant denies the allegations in Paragraph Thirty-Three.

34. The allegations in Paragraph Thirty-Four constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient information or knowledge as to all MCS-150 forms, so Defendant denies all allegations contained in Paragraph Thirty-Four.

35. The allegations in Paragraph Thirty-Five refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required from this Defendant.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Thirty-Five.

36. The allegations in Paragraph Thirty-Six refer to Defendant Dallas Jones Enterprises, Inc.

to which no response is required from this Defendant.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Thirty-Six.

37. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph Thirty-Seven and for those reasons, the same is denied.

38. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph Thirty-Eight and for those reasons, the same is denied.

39. The allegations in Paragraph Thirty-Nine refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required from this Defendant.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Thirty-Nine.

40. The allegations in Paragraph Forty refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required from this Defendant.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Forty.

41. The allegations in Paragraph Forty-One refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required from this Defendant.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Forty-One.

42. The allegations in Paragraph Forty-Two refer to Defendant Dallas Jones Enterprises, Inc. and constitute legal conclusions, to which no response is required from this Defendant.  To the extent that a response is required, Defendant denies all allegations contained in Paragraph Forty-Two.

43. Defendant is without sufficient information or knowledge as to the reasoning behind the FMCSA developing the SAFER system and, therefore, denies the allegations contained in Paragraph Forty-Three.

44. Defendant is without sufficient information or knowledge to admit or deny the allegations

contained in Paragraph Forty-Four and, therefore, denies the same.

45. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Forty-Five and, therefore, denies the same.

46. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Forty-Six and, therefore, denies the same.

47. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Forty-Seven and, therefore, denies the same.

48. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Forty-Eight and, therefore, denies the same.

49. The allegations in Paragraph Forty-Nine refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent a response is required, Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Forty-Nine and, therefore, denies the same.

50. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Fifty and, therefore, denies the same.

51. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Fifty-One and, therefore, denies the same.

52. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Fifty-Two and, therefore, denies the same.

53. The allegations in Paragraph Fifty-Three constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Fifty-Three.

54. The allegations in Paragraph Fifty-Four refer to Defendant Dallas Jones Enterprises, Inc.

to which no response is required by this Defendant.  To the extent a response is required, Defendant denies all the allegations contained in Paragraph Fifty-Four.

55. Defendant denies the allegations in Paragraph Fifty-Five.

56. The allegations in Paragraph Fifty-Six refer to Defendant Dallas Jones Enterprises, Inc. and constitute legal conclusions, to which no response is required by this Defendant.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Fifty-Six and, therefore, denies the same.

57. To the extent a response is required to the allegations in Paragraph Fifty-Seven, Defendant denies the same.

58. The allegations in Paragraph Fifty-Eight refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Fifty-Eight and, therefore, denies the same.

59. The allegations in Paragraph Fifty-Nine refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Fifty-Nine and, therefore, denies the same.

60. The allegations in Paragraph Sixty refer to Defendant Dallas Jones Enterprises, Inc. and constitute legal conclusions to which no response is required by this Defendant.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Sixty.

61. The allegations in Paragraph Sixty-One refer to Defendant Dallas Jones Enterprises, Inc. and constitute legal conclusions to which no response is required by this Defendant.  To the extent a response is required, Defendant denies all allegations contained in Paragraph Sixty-One.

62. The allegations in Paragraph Sixty-Two constitute legal conclusions to which no response is required by this Defendant.  To the extent a response is required, Defendant is without sufficient information of knowledge to admit or deny the allegations contained in Paragraph Sixty-Two and therefore, denies the same.

63. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Sixty-Three and therefore, denies the same.

64. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Sixty-Four and therefore, denies the same.

65. The allegations in Paragraph Sixty-Five refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent that a response is required, Defendant denies all allegations contained in Paragraph Sixty-Five.

66. Defendant denies the allegations contained in Paragraph Sixty-Six.

67. Defendant denies the allegations contained in Paragraph Sixty-Seven.

68. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Sixty-Eight and therefore, the same is denied.

69. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Sixty-Nine and therefore, the same is denied.

70. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Seventy and therefore, the same is denied.

71. The allegations in Paragraph Seventy-One refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent that a response is required, Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Seventy-One and therefore, the same is denied.

72. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Seventy-Two and therefore, the same is denied.

73. The allegations in Paragraph Seventy-Three refer to Defendant Dallas Jones Enterprises, Inc. and do not require a response from this Defendant. To the extent a response is required, Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Seventy-Three and therefore, the same is denied.

74. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Seventy-Four and therefore, the same is denied.

75. The allegations in Paragraph Seventy-Five refer to Defendant Dallas Jones Enterprises, Inc. and do not require a response from this Defendant. To the extent a response is required, Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Seventy-Five and therefore, the same is denied.

76. The allegations in Paragraph Seventy-Six refer to Defendant Dallas Jones Enterprises, Inc. and do not require a response from this Defendant. To the extent a response is, Defendant denies the allegations contained in Paragraph Seventy-Six.

77. The allegations in Paragraph Seventy-Seven refer to Defendant Dallas Jones Enterprises, Inc. and constitute legal conclusions which do not require a response from this Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph Seventy-Seven.

78. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Seventy-Eight and therefore, denies the same.

79. Defendant is without sufficient information to admit or deny the medical history as alleged in Paragraph Seventy-Nine and therefore, the same is denied.

80. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Eighty and therefore, the same is denied.

81. The allegations in Paragraph Eighty-One constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph Eighty-One.

82. The allegations in Paragraph Eighty-Two refer to Defendant Dallas Jones Enterprises, Inc. and thus, no response is required by this Defendant.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Eighty-Two and therefore, the same is denied.

83. The allegations in Paragraph Eighty-Three refer to Defendant Dallas Jones Enterprises, Inc. and thus, no response is required by this Defendant.  To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Eighty-Three and therefore, the same is denied.

84. The allegations in Paragraph Eighty-Four refer to Defendant Dallas Jones Enterprises, Inc. and thus, no response is required by this Defendant.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Eighty-Four and therefore, the same is denied.

85. The allegations in Paragraph Eighty-Five refer to Defendant Dallas Jones Enterprises, Inc. and thus, no response is required by this Defendant.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Eighty-Five and therefore, the same is denied.

86. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Eighty-Six and therefore, the same is denied.

87. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Eighty-Seven and therefore, the same is denied.

88. The allegations contained in Paragraph Eighty-Eight refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Eighty-Eight and therefore, the same is denied.

89. The allegations contained in Paragraph Eighty-Nine refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph Eighty-Nine.

90. The allegations contained in Paragraph Ninety refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Ninety and therefore, the same is denied.

91. The allegations contained in Paragraph Ninety-One refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph Ninety-One.

92. The allegations contained in Paragraph Ninety-Two refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph Ninety-Two.

93. The allegations contained in Paragraph Ninety-Three refer to Defendant Dallas Jones Enterprises, Inc. to which no response is required by this Defendant.  To the extent that a response is required, Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Ninety-Three and therefore, the same is denied.

94. The allegations contained in Paragraph Ninety-Four refer to Defendant Dallas Jones Enterprises, Inc. and require no response from this Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph Ninety-Four.

95. The allegations contained in Paragraph Ninety-Five refer to Defendant Dallas Jones Enterprises, Inc. and require no response from this Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph Ninety-Five.

96. The allegations contained in Paragraph Ninety-Six refer to Defendant Dallas Jones Enterprises, Inc. and require no response from this Defendant.  To the extent a response is required, Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph Ninety-Six and therefore, the same is denied.

97. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Ninety-Eight and therefore, the same is denied.

98. Defendant denies the allegations contained in Paragraph Ninety-Eight.

99. Defendant denies the allegations contained in Paragraph Ninety-Nine.

100. Defendant denies the allegations contained in Paragraph One Hundred.

101. Defendant denies the allegations contained in Paragraph One Hundred One.

102. Defendant denies the allegations contained in Paragraph One Hundred Two.

103. Defendant denies the allegations contained in Paragraph One Hundred Three.

104. Defendant denies the allegations contained in Paragraph One Hundred Four.

105. Defendant denies the allegations contained in Paragraph One Hundred Five.

106. Defendant denies the allegations contained in Paragraph One Hundred Six.

107. Defendant denies the allegations contained in Paragraph One Hundred Seven.

108. Defendant denies the allegations contained in Paragraph One Hundred Eight.

109. Defendant admitsthat since at least December of 2015, Defendants have been aware of how Defendant's truck driver employees are paid.  Defendant denies the remainder of Paragraph One Hundred Nine.

110. Defendant denies the allegations contained in Paragraph One Hundred Ten.

111. Defendant admits the allegations contained in Paragraph One Hundred Eleven.

112. Defendant admits the allegations contained in Paragraph One Hundred Twelve.

113. Defendant admits the allegations contained in Paragraph One Hundred Thirteen.

114. Defendant admits the allegations contained in Paragraph One Hundred Fourteen.

115. Defendant admits the allegations contained in Paragraph One Hundred Fifteen.

116. Defendant admits the allegations contained in Paragraph One Hundred Sixteen.

117. Defendant admits the allegations contained in Paragraph One Hundred Seventeen.

118. Defendant admits the allegations contained in Paragraph One Hundred Eighteen.

119. Defendant admits the allegations contained in Paragraph One Hundred Nineteen.

120. Defendant admits the allegations contained in Paragraph One Hundred Twenty.

121. Defendant denies the allegations contained in Paragraph One Hundred Twenty-One.

## PROPOSED COLLECTIVE AND CLASS DEFINITIONS

122. Defendant denies the allegations contained in Paragraph One Hundred Twenty-Two.

123. Defendant denies the allegations contained in Paragraph One Hundred Twenty-Three.

124. Defendant denies the allegations contained in Paragraph One Hundred Twenty-Four.

125. Defendant denies the allegation contained in Paragraph One Hundred Twenty-Five.

## COLLECTIVE ACTIONS ALLEGATIONS UNDER THE FLSA

126. Defendant denies the allegations contained in Paragraph One Hundred Twenty-Six.

127. Defendant denies the allegations contained in Paragraph One Hundred Twenty-Seven.

128. Defendant denies the allegations contained in Paragraph One Hundred Twenty-Eight.

129. Defendant denies the allegations contained in Paragraph One Hundred Twenty-Nine.

130. Defendant denies the allegations contained in Paragraph One Hundred Thirty.

131. Defendant denies the allegations contained in Paragraph One Hundred Thirty-One.

132. Defendant denies the allegations contained in Paragraph One Hundred Thirty-Two.

133. Defendant denies the allegations contained in Paragraph One Hundred Thirty-Three.

**CLASS ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 23 FOR KWHA**

134. Defendant denies the allegations contained in Paragraph One Hundred Thirty-Four.

135. Defendant denies the allegations contained in Paragraph One Hundred Thirty-Five.

136. Defendant denies the allegations contained in Paragraph One Hundred Thirty-Six.

137. Defendant denies the allegations contained in Paragraph One Hundred Thirty-Seven.

138. Defendant denies the allegations contained in Paragraph One Hundred Thirty-Eight.

139. Defendant denies the allegations contained in Paragraph One Hundred Thirty-Nine.

140. Defendant denies the allegations contained in Paragraph One Hundred Forty.

141. Defendant denies the allegations contained in Paragraph One Hundred Forty-One.

142. Defendant denies the allegations contained in Paragraph One Hundred Forty-Two.

143. Defendant denies the allegations contained in Paragraph One Hundred Forty-Three.

144. Defendant denies the allegations contained in Paragraph One Hundred Forty-Four.

**COUNT I: ALLEGED NONPAYMENT OF OVERTIME COMPENSATION**

145. Defendant denies the allegations contained in Paragraph One Hundred Forty-Five.

146. Defendant denies the allegations contained in Paragraph One Hundred Forty-Six.

147. Defendant denies the allegations contained in Paragraph One Hundred Forty-Seven.

148. Defendant denies the allegations contained in Paragraph One Hundred Forty-Eight.

149. Defendant denies the allegations contained in Paragraph One Hundred Forty-Nine.

150. Defendant denies the allegations contained in Paragraph One Hundred Fifty.

151. Defendant denies the allegations contained in Paragraph One Hundred Fifty-One.

152. Defendant denies the allegations contained in Paragraph One Hundred Fifty-Two.

153. Defendant denies the allegations contained in Paragraph One Hundred Fifty-Three.

154. Defendant denies the allegations contained in Paragraph One Hundred Fifty-Four.

## COUNT II: ALLEGED NONPAYMENT OF WAGES

155. Defendant denies the allegations contained in Paragraph One Hundred Fifty-Five.

156. Defendant denies the allegations contained in Paragraph One Hundred Fifty-Six.

157. Defendant denies the allegations contained in Paragraph One Hundred Fifty-Seven.

158. Defendant denies the allegations contained in Paragraph One Hundred Fifty-Eight.

159. Defendant denies the allegations contained in Paragraph One Hundred Fifty-Nine.

160. Defendant denies the allegations contained in Paragraph One Hundred Sixty.

161. Defendant denies the allegations contained in Paragraph One Hundred Sixty-One.

162. Defendant denies the allegations contained in Paragraph One Hundred Sixty-Two.

163. Defendant denies the allegations contained in Paragraph One Hundred Sixty-Three.

164. Defendant denies the allegations contained in Paragraph One Hundred Sixty-Four.

165. Defendant denies the allegations contained in Paragraph One Hundred Sixty-Five.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant denies that Plaintiff is entitled to any and all relief sought in his Complaint, and Defendants respectfully request the following:

1. Denial of notice and certification;

2. Dismissal of Plaintiff's Complaint;

3. Reasonable attorney fees and costs; and,

4. Any and all other relief to which they may be entitled.

## AFFIRMATIVE DEFENSES

Subject to a reasonable opportunity to further investigation and discovery and without shifting the burden of proof on any issue for which Plaintiff and those individuals he seeks to represent bear that burden, Defendants allege the following additional defenses:

1. Plaintiff's Complaint, in whole or in part, (and if applicable the Complaint of those individuals Plaintiff purports to represent) fails to state a claim upon which relief may be granted.

2. Plaintiff's claims and the claims of those Plaintiff purports to represent are barred to the extent that they failed to comply with any applicable statutes of limitation.

3. Plaintiff and those individuals that he seeks to represent are not entitled to any recovery to the extent that their claims are barred by the doctrine of waiver, consent, estoppel, and unclean hands.

4. Plaintiff's claims and the claims of those individuals that Plaintiff purports to represent are barred because Defendant fully performed and discharged in good faith each and every obligation, if any, owed to them.

5. Plaintiff and those individuals he seeks to represent failed unreasonably to take advantage of any preventative or corrective opportunities provided to them or otherwise avoid harm.

6. Plaintiff's claim and the claims of those individuals Plaintiff sees to represent are preempted, in whole or in part, by federal law, in particular the Federal Aviation Administration Act of 1995 ("FAAAA") and the Employee Retirement Income Security Act ("ERISA").

7. At all relevant times Defendant honestly intended to ascertain the FLSA's requirements and to comply with them.

8.   Plaintiff and those individuals he seeks to represent were paid sufficiently under applicable law.

9.   Plaintiff's employment and the employment of those individuals he seeks to represent should be considered in light of the common ownership and operations among Defendant Dallas Jones Enterprises, Inc., and its sister entities, including any other necessary parties.

10. Plaintiff and those individuals he seeks to represent have failed to allege facts sufficient to allow any award of damages, including punitive damages.  Furthermore, Defendant did not engage in any conduct that would enable Plaintiff and those individuals he seeks to represent to receive an award of attorney fees with regard to any claims asserted by them.

11. Plaintiff and those individuals Plaintiff purports to represent may not recover liquidated damages against Defendant because Defendant never committed any willful violation of the overtime provisions of the FLSA, nor did she ratify any such violations.

12. Any damages and/or losses claimed in Plaintiff's Complaint (and as appropriate the Complaint of those individuals who Plaintiff seeks to represent) resulted, in whole or in part, from substantial intervening, superseding causes, acts, omissions and/or aggravating events for which Defendant has no responsibility, including their own actions.

13. Plaintiff and those individuals he seeks to represent may not make any recover of *de minimis* wages.

14. Plaintiff's claims and the claims of those individuals he seeks to represent are barred, at least in part, by the doctrine judicial and/or equitable estoppel to the extent that they have filed for bankruptcy and not disclosed the claims asserted herein as assets of the bankruptcy estate in the bankruptcy petition or attached schedules.

15. To the extent that discovery reveals after-acquired evidence of wrongdoing by Plaintiff

and/or those individuals he seeks to represent and the wrongdoing would have materially affected the terms and conditions of their employment, or would have resulted in their being demoted, disciplined, or terminated, such after-acquired evidence shall bar their claims on liability or damages or shall reduce such claim or damages as provided by law.

16. To the extent that Plaintiff and those individuals that he seeks to represent failed to mitigate their damages, any damages that may be awarded to Plaintiff and those individuals he seeks to represent should be reduced accordingly.

17. Any damages awarded to Plaintiff and those individuals he seeks to represent should be reduced by any applicable statutory caps.

18. Plaintiff and those individuals he seeks to represent cannot satisfy the requirements for a collective action.

19. Plaintiff's claims and the claims of those individuals Plaintiff seeks to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

20. Discovery should continue and should be completed before the Court makes any certification decisions.

21. The Court should apply the more rigorous collective certification standard utilized by reviewing courts when discovery has been held and/or consistent with the Fifth Circuit's recent decision in *Swales v. KLLM Transport Services, LLC*.

22. Plaintiff and those individuals he seeks to represent cannot satisfy the requirements for a class action.

23. Any attorney fees awarded to Plaintiff and those individuals he seeks to represent should be reduced based on the record in this matter.

24. Plaintiff's request for relief that is equitable in nature must be dismissed because Plaintiff

and those individuals he seeks to represent have adequate remedies at law.

25. Plaintiff and those individuals he seeks to represent cannot recover any damages individually against Defendant herein as the same are not allowed pursuant to applicable law.

26. Defendant may have defenses to the Complaint that are not presently known.  Therefore, in order to preserve any such defenses, Defendant incorporates by reference as part of this Answer all of those appropriate defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure. Moreover, Defendant preserves all rights pursuant to Rule 15 of the Federal Rules of Civil Procedure to subsequently amend this Answer in order to clarify or add, if necessary, any such affirmative defenses or any other defenses pertinent to this Complaint.

27. Defendant reserves the right to amend this Answer to assert additional affirmative defenses and counterclaims established by the facts of this case during the course of investigation and discovery in this case, up to and including trial.

This 25th day of May 2023.

BRODERICK & DAVENPORT, PLLC
Attorneys at Law
921 College Street- Phoenix Place
Post Office Box 3100
Bowling Green, KY 42102-3100
Telephone:     (270) 782-6700
Telefax:          (270) 782-3110


*/s/ David F. Broderick*
DAVID F. BRODERICK- Bar #07755
BRANDON T. MURLEY- Bar #93206

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the forgoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following and served Mark N. Foster with a true and correct copy of this document via electronic mail/ U.S. Mail, first-class, postage prepaid and addressed as follows:

Mark N. Foster
PO Box 869
Madisonville, KY 42431
mfoster@marknfoster.com
*Counsel for Plaintiff*

Jay Inman
LaToi D. Mayo
Michael LaCourse
Littler Mendleson PSC
333 W. Vine Street, Suite 1720
Lexington, KY 40507
Jinman@littler.com
LMayo@littler.com
MLaCourse@littler.com
*Counsel for Dallas Jones Enterprises, Inc.*

This the 25th day of May 2023.

*/s/ David F. Broderick*
DAVID F. BRODERICK- Bar #07755
BRANDON T. MURLEY- Bar #93206