UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JOHNNY MCCLURG                                                                                                  Plaintiff

v.                                                                                          Civil Action No. 4:20-cv-201-RGJ

DALLAS JONES ENTERPRISES, INC.                                                                          Defendants
D/B/A CLAY'S TRUCKING, DANA
PORTER, BROCK PORTER, ALFREDA
JONES

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This case comes before the Court on two pending motions. Defendant Dallas Jones Enterprises, Inc. ("Defendant") moves for reconsideration [DE 202] of the Memorandum Opinion and Order granting Plaintiff Johnny McClurg's ("Plaintiff") motion for conditional certification. [DE 59]. Plaintiff moves to supplement their response to Defendant's motion. [DE 206]. Briefing is complete and the motion is ripe. [DE 204; DE 205; DE 207; DE 208]. For the reasons below Plaintiff's motion to supplement [DE 206] is **GRANTED** and Defendant's motion to reconsider [DE 202] is **DENIED**.

**BACKGROUND**

Plaintiff, a commercial truck driver, sued Defendant, his former employer, alleging Fair Labor Standards Act ("FLSA") and Kentucky Wage and Hour Act ("KWHA") violations for unpaid overtime.[1] [DE 84, Third Amended Complaint, at 1868–69]. Plaintiff also sought to represent a collective of similarly situated plaintiffs under FLSA. [*Id*. at 1865–66].

---

[1] Three defendants were added in Plaintiff's Third Amended Complaint. [DE 84].

1

The case was "conditionally certified" as a potential collective action in December 2021.[2] [DE 59, Conditional Certification Order, at 1318–24]. The Court applied the two-step process set out in *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) and "conditionally certified" the representative class based on Plaintiff's "modest factual showing" that the prospective opt-in plaintiffs were similarly situated. [*Id.*]. Accordingly, court-approved notifications were sent to prospective opt-in plaintiffs. [*Id.* at 1331–38]. Since then, nineteen notice recipients submitted written consents to join the action as plaintiffs. [DE 64–67; DE 70; DE 73–77; DE 190; DE 193].

Amid the garnering of written consent submissions, the Sixth Circuit issued its opinion in *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). *Clark* heightened the standard of proof required for court-facilitated notification to potential plaintiffs and rejected the concept of "conditional certification" as having any effect on the character of the underlying suit. *Id.* at 1009–11.

Defendant moved for reconsideration of the Conditional Certification Order based on the new *Clark* standard. [DE 202].

## STANDARDS

### I. Motion to Supplement

Supplemental pleading is governed by Federal Rule of Civil Procedure 15(d), which states: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. . ." Whether to allow supplementation is firmly within the discretion of the trial court. *Schuckman v. Rubenstein*, 164 F.2d 952, 958–59 (6th Cir. 1947).

---

[2] The case was transferred to this Court on May 10, 2023. [DE 195].

"Factors such as undue delay, trial inconvenience, and prejudice to the parties should be considered when evaluating a motion to file a supplemental pleading." *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 362 (W.D. Tenn. 1999).

### II. Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *McCormack v. City of Westland*, No. 18-2135, 2019 WL 4757905, at *2 (6th Cir. Apr. 15, 2019). However, it is well established that "district courts have authority to reconsider interlocutory orders under federal common law and Rule 54(b)." *Id.* (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Reasons justifying reconsideration include "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959. Defendant relies on the first reason in their present motion. [DE 202 at 3568].

### ANALYSIS

#### I. Motion to Supplement

Plaintiff seeks to supplement their response [DE 204] with a newly issued opinion regarding one of their cited cases. [DE 206 at 3637]. Defendant opposes the motion as unnecessary because the Court could locate the relevant caselaw "without further commentary from the parties." [DE 207 at 3647]. While Defendant's point is well taken, Plaintiff's motion to supplement was timely and concerns an "event that happened after the date of the pleading."

3

Fed. R. Civ. P. 15(d). Further, the supplement will not delay or inconvenience the Court, nor prejudice Defendant. *See Stewart*, 189 F.R.D. at 362. Contrary to Defendant's allegation that Plaintiff seeks to "take a 'second bite at the apple,'" the motion does not assert any additional arguments; it merely notifies the Court of new authority. For these reasons Plaintiff's motion for leave to supplement [DE 206] is **GRANTED**.

### II.     Motion for Reconsideration

#### a.     New *Clark* Standard

The Fair Labor Standards Act provides for plaintiffs to litigate federal wage and hour claims on behalf of themselves and a collective of "similarly situated" employees. 29 U.S.C. § 216(b). Unlike Rule 23 class action opt-out procedures, employees who wish to join a FLSA collective action must opt-in to the litigation. *See Rogers v. Webstaurant, Inc.*, No. 4:18-CV-74, 2018 WL 4620977, at *1 (W.D. Ky. Sept. 26, 2018). An employee is not joined in a FLSA action unless they "consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The statute merely requires that opt-in plaintiffs be "similarly situated" to the lead plaintiff. *Id*. It "does not address how other similarly situated employees might learn of the lawsuit, and their right to decide whether to join in the action." *Stewart v. First Student, Inc.*, No. 1:22 CV 2009, 2023 WL 6662979, at *1 (N.D. Ohio Oct. 12, 2023).

In the absence of instruction about how to notify similarly situated employees, the Supreme Court "discerned in § 216(b) an implied judicial power, 'in appropriate cases,' to 'facilitat[e] notice' of FLSA suits 'to potential plaintiffs.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169 (1989)). After establishing trial courts' discretion, the Supreme Court did not

4

define who qualified as a "potential plaintiff" or establish guidelines for how courts should facilitate notice. *Id.*

It should be noted that "[a]lthough *Hoffman La-Roche* found that district courts may facilitate notice in appropriate cases, neither the Supreme Court, nor any other binding precedent known to this Court has suggested that courts are required to do so." *Stewart v. First Student, Inc.*, No. 1:22 CV 2009, 2023 WL 6662979, at *2 (N.D. Ohio Oct. 12, 2023). Court-facilitated notice is a case management tool, not a statutory or common law mandate. *See Hoffmann-La Roche*, 493 U.S. at 172–73 (describing federal courts' case management authority as the basis for sending judicially authorized notice to potential plaintiffs).

Regardless, the Sixth Circuit, along with most other circuits, has adopted a two-step approach to make the "similarly situated" determination and notify potential plaintiffs. *See Clark*, 68 F.4th at 1008 ("most district courts have adopted a two-step approach first described in a 1987 decision from a district court in New Jersey"). In order to authorize notice, a lower court must "consider whether plaintiffs have shown that the employees to be notified are, in fact, similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

Before *Clark*, the first step of the analysis—formerly known as conditional certification—required a plaintiff to make a "modest factual showing" that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (internal quotations omitted). "This standard was 'fairly lenient" and typically resulted in what was considered to be a 'conditional certification' of a class for purposes of notification." *Stewart*, 2023 WL 6662979, at *2 (citing *Comer*, 454 F.3d at 547).

In *Clark*, the Sixth Circuit did away with the "modest showing" standard and the concept of "conditional certification." 68 F.4th at 1011. Under the new test, "for a district court to

5

facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id*. The strong likelihood standard "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id*.

The Sixth Circuit also clarified that a court's facilitation of notice is not a "certification"—conditionally or otherwise—of the collective action. *Id*. at 1009. Instead, "other employees become parties to the FLSA suit (as opposed to mere recipients of notice) only after they opt in and the district court determines—not conditionally, but conclusively—that each of them is in fact 'similarly situated' to the original plaintiffs." *Id*. (citing 29 U.S.C. § 216(b)) (internal quotations omitted). In this way, *Clark* emphasized, but did not alter, the second step of the analysis. *See Comer*, 454 F.3d at 546–47 (describing the second stage as occurring after discovery has concluded and "examin[ing] more closely the question of whether particular members of the class are, in fact, similarly situated."). At the close of discovery, courts must determine whether the opt-in employees and plaintiffs are actually "similarly situated" for the case to proceed to trial as a collective action. *Clark*, 68 F.4th at 1008.

### b. Application

In 2021, this Court facilitated notice after finding that Plaintiff had met the pre-*Clark* standard. [DE 59 at 1318–24]. Defendant now asks the Court to re-evaluate Plaintiff's pre-notice showing under the new *Clark* standard. [DE 202]. Yet notice has already been disseminated and nineteen recipients consented to opt-in to the action. [DE 64–67; DE 70; DE 73–77; DE 190; DE 193]. Therefore, the issue before the Court is whether to recognize opt-in consents from individuals who received notice under the pre-*Clark* standard.

Other courts have encountered similar issues after the *Clark* decision.[3] One case presents a procedural posture identical to this case, where notice has been disseminated, opt-in consent forms have been submitted, but discovery has not yet concluded.[4] *Stewart*, 2023 WL 6662979. The *Stewart* court held that *Clark* does not necessitate the re-notification of potential plaintiffs who have already been notified and consented under the prior standard. *Id*. at *5–6.

First, the court reasoned that court-facilitated notice is not a prerequisite in every FLSA case. *Id*. at *5 ("Nothing in the statute, or in the *Hoffman-LaRoche* opinion suggests that court facilitated notification is mandatory, or that it was meant to be a procedural hurdle that must be cleared by all consenting potential plaintiffs.") (citing *Hoffmann-LaRoche*, 493 U.S. at 172). Rather, potential plaintiffs may file a valid notice of consent even before the court has determined whether judicial facilitation of notice is proper. *See e.g., Morales Posada v. Cultural Care, Inc*., No. 1:20-CV-11862-IT, 2023 WL 4085816, at * 4 (D. Mass. June 20, 2023) ("the court finds no grounds to make conditional certification in an FLSA action a prerequisite to filing of consents to sue"). Further, courts have honored consent forms even after holding that they were elicited through non-court-approved notice. *See, e.g., Hintergerger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) (recognizing as valid consents solicited through pre-conditional certification notice).

---

[3] *See e.g.*, *Teran v. Lawn Enf't, Inc.*, No. 2:22-CV-02338JTFTMP, 2023 WL 4948009, at *3 (W.D. Tenn. Aug. 1, 2023) (holding plaintiffs met the higher *Clark* standard in a case in which notice had not yet been sent); *McElwee v. Bryan Cowdery, Inc.*, No. 2:21-CV-1265, 2023 WL 4423880, at *11–12 (S.D. Ohio July 10, 2023) (holding opt-ins and plaintiffs may proceed to trial as a collective at the close of discovery); *Guy v. Absopure Water Co.*, No. 20-12734, 2023 WL 5953225, at (E.D. Mich. Sept. 12, 2023) (post-*Clark* denial of a motion to decertify a collective action that had been "conditionally certified" and in which notice had been sent under the prior standard).

[4] Just as noted in *Stewart*, the Court "is not aware of any post-*Clark* case in this Circuit, that has invalidated court facilitated notice already distributed under the prior standard, or that has invalidated the consent forms of opt-in employees filed before *Clark* was decided." *Stewart v. First Student, Inc.*, No. 1:22 CV 2009, 2023 WL 6662979, at *5 (N.D. Ohio Oct. 12, 2023).

7

*Stewart* held that because the consenting employees "were made aware of the litigation in good faith," the court would not invalidate their consent forms "even if the [c]ourt were to find that the original notice should not have been sent to the employees under the [*Clark*] standard." *Stewart*, 2023 WL 6662979, at *5.

The Court finds *Stewart* persuasive and applicable to the present case. The court-facilitated notice was made in good faith, approved by both parties, and was consistent with the law at the time. [DE 59]. Even if original notice would have been improper under the *Clark* standard, *Clark* does not necessitate the invalidation of any subsequent consent forms. In fact, to do so would contradict the Sixth Circuit's warning that district courts are not in a position to make similarly situated determinations about employees who are not yet present in the case. *Clark*, 68 F.4th at 10 ("Nor, as a practical matter, do we see how a district court can conclusively make "similarly situated" determinations as to employees who are in no way present in the case.") Instead, *Clark* emphasizes that opt-in employees do not actually join the collective action until a final determination that they are "similarly situated" at the close of discovery. *Clark*, 68 F.4th at 1009.

Further, this is not a case in which the Court could delay notice to allow for briefing under the new standard. *See, e.g., Teran*, 2023 WL 4948009, at *3 (holding plaintiffs met the higher *Clark* standard in a case in which notice had not yet been sent). Notice has already occurred. Even if the Court were inclined to grant Defendant's request, issuing notice—by its very nature—is an act that cannot be undone. Instead, Defendant will be free to argue that the opt-in employees are not similarly situated when the Court is able to conclusively determine whether the case can continue to trial as a collective action. *Clark*, 68 F.4th at 1009. Until then, Plaintiff is entitled to complete discovery "before having to face the full burden of proving that

the opt-in employees are, in fact, similarly situated to the original Plaintiffs for purposes of this collective action." *Stewart*, 2023 WL 6662979, at *6.

While Defendant's motion to reconsider asserts an "intervening change of controlling law," the Court concludes it is not one that changes the nature of the case or entitles Defendant to relief. *Rodriguez*, 89 F. App'x at 959.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Plaintiff's motion for leave to file supplement to response [DE 206] is **GRANTED.**

2) Defendant's motion for reconsideration of conditional certification order [DE 202] is **DENIED**.

December 12, 2023

Rebecca Grady Jennings, District Judge
United States District Court

9