## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JOHNNY McCLURG, <br> on Behalf of Himself and All <br> Others Similarly-Situated, <br><br> *Plaintiff,* <br><br> v. <br><br> DALLAS JONES ENTERPRISES <br> INC, d/b/a CLAY'S TRUCKING <br><br> *Defendant.* | **PROPOSED COLLECTIVE ACTION <br> UNDER FLSA AND CLASS ACTION <br> UNDER KWHA** <br><br> CASE NO.   4:20-CV-201-RGJ-HBB <br><br> **JURY DEMANDED** |

### MOTION TO STRIKE

Comes Plaintiff, by and through counsel, and moves the Court to strike unsupported and irrelevant issues raised in Defendant's Response (Ct. Doc. 222) to Plaintiff's Motion for Rule 23 Class Certification (Ct. Doc. 212).

Specifically, the Court should strike an incorrect date provided for the deposition of Mickey Fitzhugh on page 4 of Ct. Doc. 222 and Footnote 5 on that page. Defendant dramatically asserts that Plaintiff's counsel has engaged in "transparent gamesmanship" that "should not be accepted or rewarded." However, Defendant fails to disclose to the Court that it was not merely Plaintiff's counsel, but also counsel for Fitzhugh's employer (ACNR) that objected to Defendant's counsel presence as a non-party observer in the Fitzhugh deposition taken in *Back*. See first eight pages of Fitzhugh deposition taken in *Back*, attached hereto as Exhibit 1.

Further, ACNR's counsel specifically objected to Defendant's counsel unexpected presence at the Fitzhugh deposition in *Back* based on the fact that, prior to the Zoom deposition, ACNR had requested a protective order in *Back*, which had been agreed upon by ACNR and all counsel in *Back*. *Id.* ACNR's counsel objected to Defendant's counsel attending Mr. Fitzhugh's

deposition as Defendant's counsel was, in the *Back* case, neither a party nor counsel for any party, and thus not covered by the protective order, and the deposition would cover confidential material covered by the Protective Order.  *Id.*

Further, the Footnote fails to disclose that the complained of deposition appearance by Defendant's counsel was (a) by Zoom (in other words, Defendant's counsel did not travel anywhere to attend this deposition), and (b) voluntarily terminated by Defendant's counsel without seeking to involve at that time the Magistrate Judge in either this case or in *Back*.  *Id.*

Finally, it is unclear whether Defendant is basing its argument that "the *Back* Court *had not even yet entered*" the protective order in *Back* on (a) Defendant's false assertion (in the text of page 4 of Ct. Doc. 22) that the deposition occurred on March 6, 2023, or on (b) a failure to disclose to the Court that the deposition occurred on October 6, 2023 and that the Agreed Protective Order had been submitted to the Court in the *Back* litigation on October 4, 2023 (Ct. Doc. 61 in *Back*) but was not actually signed by the Court until October 11, 2023 (Ct. Doc. 63 in *Back*).

Either way, Defendant's counsel knew or should have known that including Defendant's extraneous arguments and accusations against Plaintiff's counsel of "transparent gamesmanship" in a footnote that is not supported by any citation to the record (of either this case or the *Back* case), or to any legal authority whatsoever, was improper.  Plaintiff's Motion for Class Certification and Defendant's Response thereto raise many issues that appropriately require the Court's attention.  However, Defendant's throwaway arguments making serious accusations against Plaintiff's counsel without support and without disclosing the context to the Court are not among them.

Rather than be diverted by Defendant in determining whether or not Defendant's accusations of "transparent gamesmanship" are correct or not (they are not as it relates to Plaintiff

and Plaintiff's counsel), the Court should simply strike or otherwise disregard them as unsupported, contrary to the actual context stated above, and as not properly being included in Defendant's response to Plaintiff's Motion for Class Certification.

        Respectfully submitted,

/s/ Mark N. Foster_____
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-130
MFoster@MarkNFoster.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated on the Court's CM/ECF notice of filing, this document was filed through the Court CM/ECF filing system.

/s/ Mark N. Foster_____