UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| **JOHNNY MCCLURG**, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:20-CV-201-RGJ-HBB |
| **DALLAS JONES ENTERPRISES, INC.** d/b/a **CLAY'S TRUCKING, DANA PORTER, BROCK PORTER,** and **ALFREDA JONES (as Executrix of the Estate of Dallas Jones)**, | ) |
| Defendants. | ) |

### DEFENDANT DALLAS JONES ENTERPRISES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

Ironically, while Plaintiff Johnny McClurg's unsupported Motion to Strike, DE 225, faults Clay's Trucking for what he deems to be a purportedly dramatic assertion, his own Motion acts as a model of histrionics – demanding that two portions of Clay's Trucking's Response to Plaintiff's Motion for Class Certification be *stricken*: (1) a simple scrivener's error as to the date a deposition was taken; and (2) a footnote that Plaintiff notably does not dispute the factual veracity of, but to which his Motion merely provides additional context.  For whatever reason, Plaintiff chose to burden the Court with this specious Motion (with no supporting citation to any rule or case law), rather than just addressing these issues in his Reply on the class certification briefing.  Ultimately, Plaintiff's Motion to Strike should be denied and sanctions in the form of Clay's Trucking's attorneys' fees issued for the unnecessary time, expense, and burden upon the Court this Motion has caused.

As an initial matter, the Motion should be denied as legally unsupported.  Local Rule 7.1(a) sets out that a motion "***must*** state with particularly…the legal argument necessary to support it."

(emphasis added). Plaintiff's Motion, however, is entirely devoid of a single citation to any rule, case law, or other legal authority to support the relief requested here. To the extent Mr. McClurg attempts to provide the requisite authority on reply, depriving Clay's Trucking of an opportunity to respond, it is too little too late. For that reason alone, the Motion should be denied.

Even if Plaintiff had provided any legal authority to support his Motion, the requested relief still should not be granted. There is simply no basis for striking a scrivener's error as to a deposition date, particularly when it is clear the incorrect date was, in fact, a scrivener's error – the correct date can be found on the cover page attached to excerpts of that deposition transcript seen in both Plaintiff and Clay's Trucking's exhibits attached to briefing on the Motion for Class Certification. *See* DEs 216-8, 221, and 222-2. As to the footnote at issue, Plaintiff appears to take issue with its conclusion, but not its factual basis, and instead contends additional context was needed. While Clay's Trucking disagrees that the context Plaintiff added through the instant Motion was necessary or in any way alters its conclusion in the footnote, Plaintiff could have provided that context (as well as any clarification of the deposition date) in his Reply to Clay's Trucking's Response at issue, not this separate, unsupported Motion to Strike. A party should not be permitted to strike portions of any opposing brief with which it merely disagrees, else the Court would be flooded with motions to strike, rather than substantive briefing on the motions itself.[1]

While undersigned counsel is typically reticent to request attorneys' fees, this instant Motion is an occasion deserving of such a request. Plaintiff filed a legally unsupported, specious Motion that goes so far as to request a mere scrivener's error be stricken. The purported issues raised in Plaintiff's Motion should have been raised in his Reply on the Motion for Class

---

[1] As an aside, Clay's Trucking questions how many of Plaintiff's 391 footnotes that he has included in his filing in this action to date would be stricken under his own professed standard of the content being unsupported or irrelevant to the exact issue being briefed.

Certification, rather than burdening an already over-burdened Court with this unnecessary motion practice, and creating additional time and expense in an already highly contested litigation. In short, Mr. McClurg's Motion runs contrary to the edict of Rule 1 of the Federal Rules of Civil Procedure that emphasizes the need for a just, speedy, and inexpensive determination of every action and proceeding (a rule Plaintiff has oft-referenced throughout this action). Plaintiff's unsupported Motion violates that edict and he should be sanctioned accordingly.

This 24th day of May 2024.

Respectfully submitted,

*/s/ Michael J. LaCourse*
LaToi D. Mayo
Jay Inman
Michael J. LaCourse
LITTLER MENDELSON, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone: 859.317.7970
Facsimile:  859.422.6747
Email:  lmayo@littler.com
           jinman@littler.com
           mlacourse@littler.com

*Counsel for Defendant Clay's Trucking*

## CERTIFICATE OF SERVICE

It is certified that on this 24th day of May 2024, the foregoing has been filed via the Court's electronic filing, which gives notice to all registered parties, and first-class mail for any non-registered parties.

*/s/ Michael J. LaCourse*
Counsel for Defendant