# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement" or "Settlement" or "Agreement") is made and entered to resolve the Lawsuit as defined below, by Plaintiff Johnny McClurg ("Plaintiff" or "Named Plaintiff"), individually and on behalf of the Settlement Collective and Class defined below, and Defendants Dallas Jones Enterprises, Inc., Dana Porter, Broc Porter, and Alfreda Jones, as Executrix of the Estate of Dallas Jones (individually a "Defendant" and collectively, "Defendants").

## BACKGROUND

1.  On December 7, 2020, Plaintiff filed a Complaint against Dallas Jones Enterprises, Inc., in the United States District Court for the Western District of Kentucky, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the Kentucky Wages and Hours Act ("KWHA"). Thereafter, amended complaints were filed, including most recently Plaintiff's Third Amended Complaint filed March 4, 2022 against Defendants Dallas Jones Enterprises, Inc. (doing business as Clay's Trucking), Dana Porter, Brock Porter, and Dallas Jones (Defendant Alfreda Jones, as Executrix of the Estate of Dallas Jones, was substituted as a defendant in place of defendant Dallas Jones by Order entered May 11, 2023). Plaintiff alleged that Defendants failed to pay Plaintiff and other similarly situated truck drivers overtime compensation for hours over forty (40) in a workweek. Defendants assert that the Motor Carrier's Act exemption to the FLSA and KWHA applies to the drivers, that overtime compensation is not required to be paid to the drivers, and Defendants otherwise generally deny Plaintiff's allegations and deny that they are liable to Plaintiff or any of the drivers. In the alternative, Defendants assert that any violation was in good faith.

2.  The Western District of Kentucky authorized notice to similarly-situated employees under the FLSA on December 3, 2021. Including Plaintiff, there are currently twenty (20) persons who have filed consents under 29 U.S.C. § 216(b) to join this action (Defendants contend certain of these persons filed consents late).

3.  In 2023, the Parties participated in a settlement conference before the Magistrate Judge. This settlement conference did not result in a settlement. Thereafter, the Parties continue litigating the Lawsuit.

4. On April 1, 2024, Plaintiff filed a Motion for Rule 23 Class Certification. Defendants opposed this motion, and this motion remains pending before the Court. That motion proposed that Plaintiff be designated as the Class Representative and Plaintiff's Counsel be designated as Class Counsel.

5.  The Parties agreed to participate in a settlement conference on June 27, 2024 before the Magistrate Judge. The Parties' ADR process in preparation for the June 27, 2024 settlement conference included the production by Defendants of data relating to the tenures at Clay's Trucking of truck driver employees other than Opt-In Plaintiffs, for the purpose of enabling a potential global settlement resolution of the Lawsuit.

1

6. Class Counsel analyzed the data and information produced by Defendants, conducted many interviews of Settlement Collective and Class Members, and conferred with Defendants' counsel numerous times prior to engaging in mediation.

7. On June 27, 2024, the Parties participated in a settlement conference conducted in person in Bowling Green, Kentucky by the Magistrate Judge. Pursuant to the Parties' and Magistrate Judge's efforts, and their continued good faith arm's-length discussions, the Parties reached agreement to settle the claims asserted in the Lawsuit according to the terms and conditions set forth herein.

8. Class Counsel has made a thorough and independent investigation of the facts and law relating to the claims, defenses, and allegations asserted in the Lawsuit. In agreeing to this Settlement Agreement, Plaintiff considered: (a) the facts developed during the Parties' discovery process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of timely consummating this Settlement according to the terms of this Settlement Agreement. Plaintiff and Class Counsel have further concluded that pursuant to the FLSA, and in light of the risks of continued litigation, the terms of this Settlement Agreement constitute a fair and reasonable resolution of a *bona fide* dispute, and that it is in the best interests of Plaintiff and the Settlement Collective and Class Members to settle their claims against Defendants pursuant to the terms set forth herein.

9. Defendants deny all liability associated with the claims of Plaintiff and the other Opt-In Plaintiffs alleged in the Lawsuit and assert that Defendants have complied with all applicable state and federal laws. Nonetheless, Defendants have concluded that in consideration of the costs, risks, and burdens of continued litigation, they are willing to agree to the terms and conditions set forth in this Settlement Agreement.

10. The Parties desire to settle, compromise, and resolve fully the claims asserted in the Lawsuit, and to seek the Court's approval of this Settlement Agreement. Pursuant to Rule 23, such approval of the Settlement is required to effectuate the terms and conditions set forth in this Settlement Agreement. The Settlement is contingent upon Court preliminary and final approval, and Defendants' payment obligations are not binding until the Effective Date as defined below is reached.

11. In consideration of the foregoing, which is hereby incorporated into this Agreement by reference, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court, that Plaintiff's and the Settlement Collective and Class Members' claims against Defendants as alleged in the Lawsuit shall be settled, compromised, and dismissed, on the merits and with prejudice, in the manner and upon the terms and conditions set forth herein.

## **DEFINITIONS**

12. The following terms used in this Agreement shall mean the following:

A. "**Acceptance Period**" means the 90 calendar-day period from the date of the Settlement Check during which a Settlement Collective and Class Member may sign and cash or deposit their Settlement Check before it becomes non-negotiable.

2

B.  **"Administration Costs"** means all reasonable fees and costs of Class Counsel related to providing notice and administration of the Settlement and performing all duties associated therewith as set forth herein. All Administration Costs shall be paid from the Gross Settlement Amount.

C.  **"CAFA Notice"** means the notice to be sent by Defendants to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) days after the submission of this Agreement to the Court. A copy shall be provided to Class Counsel.

D.  **"Class Counsel"** means Law Office of Mark N. Foster, PLLC.

E.  **"Defendants' Counsel"** means Jay Inman, LaToi Mayo, and Michael LaCourse of Littler Mendelson P.C. and David Broderick and Brady Murley of Broderick & Davenport, PLLC.

F.  **"Effective Date"** means the day following the date of the Court's Final Approval Order if there are no objectors, and if there are any objectors, means (i) the day following the expiration of the thirty-day (30) deadline for appealing the entry by the Court of the Final Approval Order, if no appeal is filed; or (ii) if an appeal of the Final Approval Order is filed, the date upon which all appellate courts with jurisdiction affirm such Final Approval Order and Judgment, or deny any such appeal or petition for *certiorari*, such that no future appeal is possible.

G.  **"Employer Payroll Taxes"** means Defendants' share of any taxes arising out of the payment of any monies to Settlement Collective and Class Members as part of this Settlement, including employer's share of FICA, FUTA, and SUTA obligations. The Gross Settlement Amount is exclusive of Employer Payroll Taxes, which will be separately paid by Defendants outside of the Gross Settlement Amount.

H.  **"Final Approval Order"** means the Court's Final Approval Order granting final approval of the Settlement and entering judgment. The Parties' stipulated proposed Final Approval Order shall be attached when the Parties file their Joint Motion for Final Approval of the Settlement.

I.  **"Final Approval Hearing"** means the hearing to be held by the Court to consider the final approval of the Settlement following notice of the Settlement to the Settlement Collective and Class Members.

J.  **"Gross Settlement Amount"** means the common fund settlement amount that includes Class Counsel's attorneys' fees and costs, service award, and Administration Costs, that Defendants have agreed to pay to resolve and settle the claims asserted in the Lawsuit. The Gross Settlement Amount is $480,000.00, subject to adjustment based upon persons excluding themselves from the settlement, as provided in Paragraph 28 below. The Gross Settlement Amount does not include the Employer's share of Payroll Taxes.

K.  **"Lawsuit"** means *McClurg v. Dallas Jones Enterprises, Inc. et al.*, United States District Court for the Western District of Kentucky, No. 4:20-cv-201-RGJ-HBB.

L.   **"Net Settlement Amount"** means the Gross Settlement Amount less Class Counsel's attorneys' fees, Class Counsel's expenses (including incurred and anticipated Administration Costs), and service award to Settlement Collective and Class Representative, all as approved by the Court.

M.   **"Non-Opt-In Driver"** means a Settlement Collective and Class Member, as defined below, who is not an Opt-In Plaintiff.

N.   **"Notice of Settlement"** means the Notice of Settlement substantially in the form of **Exhibit A**.

O.   **"Objection and Opt-Out Deadline"** means the date forty-five (45) days after the Notice of Settlement is initially mailed by Class Counsel to the Settlement Collective and Class Members.

P.   **"Opt-In Plaintiff"** means Plaintiff and the other nineteen (19) persons who filed consents prior to June 27, 2024 under 29 U.S.C. § 216(b) to participate in the Lawsuit, including Jimmie Armour, Daniel Arnold, Jackie Bryant, Rodney Dorris, Timothy Dorris, Danny Drake, Paul Dunn, Dennis Grise, Dale Jeffers, Boyd Mathis, Jeremiah Mathis, Patrick Mathis, Johnny McClurg, Roger McKenzie, Robert Page, Darrick Piper, Bryan Randolph, Kris Saulsberry, Robert Sigers and Dwight Stanley. Defendants, by entering into this Agreement with this defined term, do not agree that these persons are all or should all remain plaintiffs in this action in the absence of the Settlement, and this defined term is without prejudice to any of the Parties' rights in the event the Settlement is not approved and/or otherwise becomes void.

Q.   **"Parties"** or **"Party"** means Plaintiff and Defendants.

R.   **"Plaintiff"** or **"Named Plaintiff"** or **"Settlement Collective and Class Representative"** means Johnny McClurg.

S.   **"Preliminary Approval Order"** means the Court's Preliminary Approval Order preliminarily approving this Agreement. The Parties' proposed Preliminary Approval Order (**Exhibit B**).

T.   **"Releasees"** means Defendants and their past, present, and future parent companies, and subsidiaries and their respective divisions, predecessors, successors, partners, owners, shareholders, insurers, and assigns, and each of their past, present and future officers, directors, trustees, and employees.

U.   **"Settlement Check"** or **"Settlement Payment"** means any check issued to a Settlement Collective and Class Member.

V.   **"Settlement Collective and Class"** and **"Settlement Collective and Class Members"** mean Named Plaintiff, Opt-In Plaintiffs, and individuals who worked for Defendants as truck drivers for any period of time from December 7, 2015 to June 27, 2024 (the "Applicable Class Period"). Plaintiff has evaluated data regarding the scope of potential collective and/or class members prior to entering into this Agreement.

4

## STIPULATION TO CERTIFICATION

13. **Stipulation to Certification**. The Parties stipulate and agree for settlement purposes only that the requirements for proceeding as a collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and for class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3) are met with respect to the Settlement Collective and Class defined above. Should this Settlement not become final and reach the Effective Date, this stipulation to FLSA collective treatment and Rule 23 class action certification and treatment shall become null and void and have no bearing upon and shall not be admissible regarding the issue of whether or not a FLSA collective action and/or Rule 23 state law class certification would be appropriate, or would continue to be appropriate, in a non-settlement context.

14. **Payment of Gross Settlement Amount As Fair and Reasonable Resolution of a *Bona Fide* Dispute**. Defendants have agreed to pay the Gross Settlement Amount to settle all pending issues in the Lawsuit between the Parties, and the Parties acknowledge and agree that this payment is intended to resolve a *bona fide* dispute.

## NOTICE AND SETTLEMENT ADMINISTRATION

15. **Stay of Contested Class Certification**. The Parties agree to jointly request that the Court stay consideration of Plaintiff's pending Motion for Class Certification (Ct. Doc. 212), and all other deadlines in the Lawsuit, pending resolution of the Parties' request for Court approval of this Agreement.

16. **Production of Documents to Calculate Each Settlement Collective and Class Member's Share.** Within fourteen (14) days of the execution of this Agreement, or as soon as practicable, Defendants shall provide to the Class Counsel a confidential electronic database in Microsoft Excel format containing, for each Settlement Collective and Class Member, their: (i) name; (ii) the total number of weeks that person worked during the Applicable Class Period and the dates of employment during the Applicable Class Period (so that the formula in Paragraph 28 below can be computed) so that the Motion for Preliminary Approval can provide the Court with the notice proposed to be sent to the Settlement Collective and Class, which shall attach a list of (A) the Settlement Collective and Class Members, and (B) the exact amount each such Settlement Collective and Class Member will receive pursuant to this Agreement under the formula set forth in Paragraph 28 below, if final approval is granted and he or she does not opt-out of the settlement.

17. **Motion for Preliminary Approval**. Within four weeks after the execution of this Agreement, or as soon as practicable, the Parties will in good faith negotiate the terms of the Exhibits referenced herein and file a Joint Motion for Preliminary Approval of Settlement Agreement and supporting brief and declaration(s), in a form agreed to by the Parties. The Joint Motion for Preliminary Approval of Settlement Agreement shall request that the Court enter the proposed Preliminary Approval Order (**Exhibit B**), and also: (a) certify the Settlement Collective and Class pursuant to 29 U.S.C. § 216(b) and FED. R. CIV. P. 23(a) and (b)(3) for the purpose of settlement; (b) preliminarily approve this Agreement as fair, reasonable, and adequate, and as a fair and reasonable resolution of a *bona fide* dispute; (c) approve the Notice of Settlement attached hereto as (**Exhibit A**) and find that the proposed method of disseminating the Notice of Settlement

5

meets the requirements of due process and is the best notice practicable under the circumstances; (d) set a date for the filing of Plaintiff's Motion for Attorneys' Fees and Costs, and the Parties' Joint Motion for Final Approval of Settlement Agreement; and (e) schedule the Final Approval Hearing.

18. **Notice of Settlement**. Class Counsel shall be responsible for preparing, printing, and distributing the Notice of Settlement, including by mailing and emailing the Notice of Settlement to the Settlement Collective and Class Members.

19. **Production of Mailing and Contact Information**. Within fourteen (14) days after issuance of the Court's Preliminary Approval Order, or as soon as practicable, Defendants shall provide to the Class Counsel a confidential electronic database in Microsoft Excel format containing, for each Settlement Collective and Class Member, their: (i) name; (ii) last known address; (iii) last known email address; and (iv) last known telephone number (hereinafter, the "Settlement Collective and Class List" or "List").

20. **Best Notice Practicable**. Prior to mailing the Notice of Settlement, Class Counsel will use reasonable efforts to identify current addresses of Settlement Collective and Class Members, including review of addresses provided to Class Counsel by such Settlement Collective and Class Members. Furthermore, if any mail is returned as undeliverable, Class Counsel will perform a skip trace to search for any updated address, and will promptly, within seven (7) business days of any mail being returned as undeliverable, remail the Notice of Settlement to that person at any updated address that is found by Class Counsel.

21. **Mailing and Emailing of Notice of Settlement**. Within ten (10) days of receiving the Settlement Collective and Class List, Class Counsel shall mail the Notice of Settlement to the Settlement Collective and Class Members via U.S. First Class Mail, and also email it to all Settlement Collective and Class Members for whom an email address has been provided. Class Counsel shall notify Defendants' Counsel when the Notice of Settlement has been issued. Any Notice of Settlement returned to Class Counsel with a forwarding address shall be promptly remailed within three (3) business days following receipt of the returned mail. If a Notice of Settlement is returned to Class Counsel without a forwarding address, Class Counsel shall undertake reasonable efforts to search for the correct address and shall promptly remail the Notice of Settlement within three (3) business days to any newly found address(es).

22. **Objections**. The Notice of Settlement shall provide that all Settlement Collective and Class Members who wish to object to the Settlement must, on or before the Objection and Opt-Out Deadline, mail to Class Counsel a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Notice of Settlement. The objection must be signed personally by the objector, and must include the objector's name, address, telephone number, email address, the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. The Notice of Settlement shall advise that objections shall only be considered if the Settlement Collective Member has not opted out of the Settlement. No Settlement Collective and Class Member shall be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the person's intention to appear at the Final Approval Hearing has been mailed to Class Counsel on or before the Objection and Opt-Out Deadline. The postmark date shall be the exclusive means for

determining that an objection is timely. Persons who do not submit a timely objection in the manner specified above shall be deemed to have waived any objections to the Settlement's fairness, reasonableness, and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person acting on their behalf, shall seek to solicit or encourage anyone to object to the Settlement, or discourage participation in the Settlement.

23. **Requests for Exclusion**. The Notice of Settlement shall provide that Settlement Collective and Class Members who wish to exclude themselves from the Settlement Collective and Class pursuant to FED. R. CIV. P. 23 or applicable state law (*i.e.*, "opt out") must mail to Class Counsel a written statement indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the person's full name, address, telephone number, and email address, and must be signed individually by the Settlement Collective and Class Member. No opt-out request may be made on behalf of a group. To be considered timely, any request for exclusion must be postmarked by the Objection and Opt-Out Deadline. A Request for Exclusion may be made by either an Opt-In Plaintiff or a member of the Settlement Collective and Class who is not an Opt-In Plaintiff; in the case of an Opt-In Plaintiff making a Request for Exclusion, the Request for Exclusion shall be effective with respect to both such Opt-In Plaintiff's FLSA and KWHA claims. All requests for exclusion shall become effective upon the Effective Date; if the Effective Date is not reached and this Agreement is nullified pursuant to Paragraph 46 below, requests for exclusion shall have no effect unless such request expressly states a desire to opt-out of the lawsuit whether or not the Settlement is approved, in which event such requests shall have such effect as such requests have under other applicable law (and the effect shall not be governed by this Agreement). None of the Parties, their counsel, nor any person acting on their behalf, shall seek to solicit or encourage anyone to object, or discourage participation in the Settlement.

24. **Reporting by Class Counsel**. Class Counsel shall promptly email to Defendants' Counsel any requests for exclusion and/or objections received, including their postmark date. All such requests for exclusion and/or objections shall be filed with the Court within five (5) business days after the Objection and Opt-Out Deadline, and any purported late requests for exclusion and/or objections shall be filed with the Court promptly following receipt. Class Counsel shall prepare and file with the Court a declaration to be filed as an exhibit to the Motion for Final Approval of Settlement Agreement, setting forth and detailing that Class Counsel has fulfilled its duties under this Agreement.

25. **Final Approval Hearing**. Following the notice process set forth above, and two weeks prior to the Final Approval Hearing or at such other time as is ordered by the Court, the Parties shall file a Joint Motion for Final Approval of Settlement Agreement, to request the issuance of a Final Approval Order, among other things:

    a. Reaffirming the certification of the Settlement Collective and Class as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. CIV. P. 23(a) and (b)(3) for purposes of settlement only;

    b. finding that Class Counsel's distribution of the Notice of Settlement was accomplished as directed and met the requirements of due process;

7

   c. finally approving the Settlement and its terms as fair, reasonable and adequate and as a fair and reasonable resolution of a *bona fide* dispute;

   d. directing that payments be made in accordance with the terms of this Settlement Agreement; and

   e. directing that the Lawsuit be dismissed and judgment entered consistent with the terms set forth herein.

## SETTLEMENT FUND DISTRIBUTIONS

26. **Time of Payment**. Defendants will pay the payments required by this Agreement within ten (10) business days after the Effective Date.

27. **Settlement Payment Eligibility and Calculations**. Class Counsel, using the data that will be provided to Class Counsel by Defendants as part of the List defined above, shall be responsible for determining eligibility for and the amount of all Settlement Payments to be paid to Settlement Collective and Class Members, as follows.

28. **Settlement Payments to Settlement Collective and Class Members**. Settlement Awards to Settlement Collective and Class Members shall be calculated pursuant to a formula based on tenure (*i.e.*, workweeks) during the Applicable Class Period, with any work performed in the following workweeks being assigned the following point values:

| | |
|---|---|
| Opt-In Plaintiff, Workweek Prior to or Including January 30, 2020 | 10 points |
| Opt-In Plaintiff, Workweek After January 30, 2020, Prior to May 5, 2022 | 20 points |
| Opt-In Plaintiff, Workweek After or Including May 5, 2022 | 15 points |
| Non-Opt-In Driver, Workweek Prior to or Including January 30, 2020 | 8 points |
| Non-Opt-In Driver, Workweek After January 30, 2020, Prior to May 5, 2022 | 16 points |
| Non-Opt-In Driver, Workweek After or Including May 5, 2022 | 12 points |

The Parties recognize that this formula is designed to account for (a) the risk of Rule 23 class certification not being granted; (b) the varying levels of risk to Settlement Collective and Class Members associated with Defendants' defenses and the facts developed in discovery relating to loads transported by drivers during the different time periods.

The total number of settlement points for all Settlement Collective and Class Members will be added together, and the resulting sum will be divided into the Net Settlement Amount to reach a per-point dollar figure. That figure will then be multiplied by each Settlement Collective Member's number of settlement points to determine the Settlement Collective and Class Member's Settlement Award. The entirety of the Net Settlement Amount will be distributed according to the formula set forth in this Settlement Agreement to the Settlement Collective and Class Members if no Settlement Collective and Class Members opt out.

If one or more Settlement Collective and Class Members effectively opt-out of the settlement, such opting-out Settlement Collective and Class Member will not be bound by this Agreement, but will not benefit under this Agreement and will not receive the amount calculated pursuant to this Section.

Further, in the event one or more Settlement Collective and Class Members opt out of the Settlement, Class Counsel's fees preliminarily approved by the Court and Named Plaintiff's service award preliminarily approved by the Court shall be multiplied by the fraction generated by dividing the numerator of the total amount of the Net Settlement Award to be paid to Settlement Collective and Class Members who do not opt-out of the Settlement under the formula above (*i.e.*, the amount listed on the notice as the amount for such persons) by the divisor of such number plus the amount listed on the notice as the amount the opting-out persons would have received, but for their act of opting-out; the purpose of this provision is for Class Counsel's fees preliminarily approved by the Court and Named Plaintiff's service award preliminarily approved by the Court to automatically adjust upon one or more Settlement Collective and Class Members opting out of the Settlement to reflect the amount actually paid by Defendants to settlement Collective and Class Members under this Agreement. It is the intention of the Parties that Class Counsel's preliminarily approved award for reasonable incurred and anticipated out-of-pocket expenses shall not be subject to such adjustment.

29. **Tax Treatment of Settlement Payments**. Fifty percent of all Settlement Payments issued to Settlement Collective and Class Members will be treated as payment for Settlement Collective and Class Members' alleged wage loss and the other fifty percent shall be treated as payment for Settlement Collective and Class Members' alleged liquidated damages. The portion allocated to alleged wage loss shall be paid net of the employee's share of all applicable employment taxes only, with no other withholdings (except as required by law), and shall be reported on an IRS Form W-2. The portion allocated to liquidated damages shall be paid without withholdings and shall be reported on an IRS Form 1099. Defendants shall be responsible for issuing any IRS Form W-2s and Form 1099s. Each Settlement Collective and Class Member will receive two checks, reflecting the different tax treatment described above. Defendants shall provide W-2 and 1099 tax documentation for the applicable tax year to Class Counsel, which Class Counsel shall in turn deliver to the respective Settlement Collective and Class members.

30. **Employer Payroll Taxes**. Defendants are responsible for the payment of the employer's share of Payroll Taxes outside of the Gross Settlement Amount.

31. **No Tax Advice**. Class Counsel, Defendants, and Defendants' Counsel do not intend, and specifically disclaim, that this Settlement Agreement constitutes legal advice relating to the tax liability of any Settlement Collective and Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state, or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

32. **Settlement Payment Procedure**. Within two (2) weeks after the Effective Date, or as soon as practicable, Defendants shall cause to be delivered to Class Counsel checks for all amounts owed under this Agreement, along with a "paystub" or similar document showing the amount of taxes withheld from checks that are subject to withholding. Within ten (10) days of Class Counsel's receipt of such checks, Class Counsel will distribute all Settlement Payments to each Settlement Collective and Class Member with an accompanying cover letter in the form (**Exhibit C**, titled "Notice That Your Settlement Check Is Enclosed"), explaining that checks must be cashed during the 90-day Acceptance Period. Settlement Collective and Class Members shall have until the end of the Acceptance Period to cash or deposit their Settlement Check. Class

Counsel may at any time request that Defendants provide Class Counsel a list of those persons who have not cashed the checks by the date sixty (60) days after the issuance of the checks and, if Class Counsel so requests, (a) Defendants shall email such list by the date 70 days after the issuance of the checks, and (b) during the remainder of the Acceptance Period, Class Counsel may mail and email (to the extent an email address is available) reminders to any Settlement Collective and Class Members who have not yet cashed or deposited their Settlement Check to inform them of the 90-day deadline in the form attached hereto as **Exhibit D**. At any point in the Acceptance Period, Defendants shall issue new checks to any Settlement Collective and Class Member who asserts his or her check has been lost, provided that Defendants shall have the authority to stop payment on a lost check.

33. **Filing of Opt-In List**. Following the Acceptance Period, Defendants will file a declaration with the Court attaching a list of all Settlement Collective and Class Members who cashed, deposited, or otherwise negotiated Settlement Checks. This list shall serve as consents under 29 U.S.C. § 216(b). The Court will retain jurisdiction following its issuance of the Final Approval Order for this purpose. Once all consents have been filed, the Court will dismiss the case with prejudice with respect to all persons participating in the Settlement, and without prejudice with respect to all persons opting-out of the Settlement.

34. **Remaining Monies**. If at the conclusion of the Acceptance Period plus sixty (60) days, there are any uncashed Settlement Checks attributable to the Settlement Collective and Class, those funds shall be sent by Defendants to the Kentucky State Treasurer, Abandoned Property Division. Defendants shall provide Class Counsel with notice of such transmission and a copy of correspondence between Defendants, or any of them, and the Kentucky State Treasurer, Abandoned Property Division. It is the intention of this provision that such funds may be recovered by the applicable Settlement Collective and Class Member from the Kentucky State Treasurer, Abandoned Property Division under such office's applicable procedures; however, none of Defendants, Defendants' counsel, Plaintiff or Class Counsel shall have any obligation to assist such Settlement Collective and Class Member in connection with such procedures.

35. **Class Counsel's Attorneys' Fees and Costs**. Class Counsel will file a motion for approval of attorneys' fees and costs prior to final approval and pursuant to the schedule ordered by the Court. Class Counsel may apply for attorneys' fees in the amount of up to one-third (1/3) of the Gross Settlement Amount as compensation for all work performed from the inception of the Lawsuit to the conclusion, including all future work in connection with the implementation of this Settlement Agreement, seeking preliminary and final approval of this Settlement Agreement by the Court, and overseeing the administration of this Settlement Agreement through the final dismissal of the Lawsuit with prejudice. Class Counsel may also seek an additional amount in reimbursement of their reasonable out-of-pocket costs and expenses, including Administration Costs from the Gross Settlement Amount. Class Counsel's fees (but not expenses) preliminarily approved by the Court are subject to adjustment, as provided in Paragraph 28, to reflect persons who effectively exclude themselves from the Settlement. Prior to the payment of attorneys' fees and costs, Class Counsel firm shall provide an executed IRS Form W-9 to Defendants.

36. **Service Award**. The Named Plaintiff/Settlement Collective and Class Representative may apply to the Court for a Service Award of up to $15,000 for the services Plaintiff rendered to the Settlement Collective and Class in bringing and prosecuting the Lawsuit.

This Service Award is separate and apart from, and in addition to, the Settlement Collective and Class Representative's recovery from the Net Settlement Amount. The Service Award preliminarily approved by the Court is subject to adjustment, as provided in Paragraph 28, to reflect persons who effectively exclude themselves from the Settlement. The portion of any payments to the Settlement Collective and Class Representative in consideration of any service award approved by the Court shall be made without withholdings and shall be reported on an IRS Form 1099, provided Named Plaintiff shall provide a W9 to Defendants.

37. **No Claim Based Upon Distributions or Settlement Payments in Accordance with this Settlement Agreement**. No person not a Party to this Agreement shall have any claim against Defendants, Defendants' Counsel, Plaintiff, or Class Counsel upon distributions, payments, and actions taken in accordance with this Settlement Agreement and the Court's Orders. Nothing contained herein shall limit any right of the Parties to pursue any claim or legal proceeding against any other Party for breach or noncompliance with such Party's covenants or obligations pursuant to this Agreement.

## RELEASES

38. **Named Plaintiff's and Settlement Collective and Class Members' Released Claims**. Effective upon the Effective Date, the Settlement Collective and Class Members (except those who effectively exclude themselves from the Settlement pursuant to this Agreement) will release and discharge Releasees (A) with respect to their FLSA claims, from any and all known and unknown, asserted and non-asserted, wage and hour claims, including but not limited to, all unpaid overtime claims based upon the allegations made in the Lawsuit of not being paid overtime premium compensation for overtime work performed hours worked, including overtime compensation, claims of off the clock work, including liquidated damages under the FLSA, for the Applicable Class Period, and (B) with respect to all known and unknown, asserted and non-asserted, wage and hour claims under state law, including but not limited to claims for unpaid wages or overtime under the KWHA or otherwise (including through KRS 446.070 and common law), claims of off the clock work, claims under any theories for breach of an employment agreement/contract for failure to pay owed wages (including wage payment and collection law or similar claims), and including, without limitation, liquidated damages and all other penalties available; this release is for all such claims accruing from the beginning of time until June 27, 2024. This release includes a release of any and all state law wage and hour claims described above, timing of wage payment, gap time, and unjust enrichment or similar claims that could have been brought by any Settlement Collective and Class Member based upon the facts and circumstances alleged in the Lawsuit. The Parties acknowledge and agree that only Settlement Collective and Class Members who choose to cash or deposit their settlement check, thus affirmatively opting into the Action, shall release any FLSA claims.

39. On the reverse side of each Settlement Check, Defendant may include the following language:

> By depositing and/or cashing this check, I agree to be bound by the Parties' Settlement Agreement and I consent to be a party-plaintiff in the *McClurg v. Dallas Jones Enterprises, Inc. et al.* Lawsuit (United States District Court for the Western

11

District of Kentucky, No. 4:20-cv-201-RGJ-HBB) under Section 216(b) of the Fair Labor Standards Act.

40. Any Settlement Collective Member who signs, deposits, and/or cashes their Settlement Check shall be deemed an opt-in party plaintiff under the FLSA for purposes of the Settlement.

41. The Parties acknowledge and agree that the releases set forth above do not include any claim that cannot be released by private agreements. Moreover, nothing in this Settlement Agreement prohibits or prevents a Settlement Collective and Class Member from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding, or other proceeding before any federal, state, or local government agency, including but not limited to the Equal Employment Opportunity Commission, the Securities and Exchange Commission, or the National Labor Relations Board ("Government Actions"). The Settlement Class and Collective Members do, however, agree that they shall not recover any monies or other proceeds from any judgment, order, fine, or penalty asserted against Defendants, individually or collectively, in any such Government Actions, to the maximum extent permitted by applicable law.

## ADDITIONAL OBLIGATIONS AND TERMS

42. **No Retaliation**. Defendants shall not retaliate or take any adverse action against any Settlement Collective and Class Member on the grounds that he/she is eligible to participate or does participate in the Lawsuit or the Settlement, or cashes or deposits a Settlement Check, and Defendants will not discourage any Settlement Collective and Class Member from participating in this Settlement and/or from cashing their Settlement Check, and shall not place any participating person on a do-not-hire list as a result of their participation in the Lawsuit or in the Settlement.

43. **Defendants' Attorneys' Fees and Costs**. Defendants' attorneys' fees and costs in the Lawsuit shall be borne by Defendants.

44. **Computation of Time**. For purposes of this Settlement Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day. The term "days" means calendar days unless otherwise noted.

45. **Participation Provision**. This settlement is not contingent upon any particular amount of the total Settlement Class and Collective Members timely opting-out of the Settlement or not timely opting-out of the Settlement, and no party shall have the right or obligation to seek to declare the Settlement void in its entirety based upon the amount, high or low, of persons opting out of the Settlement, which shall remain effective for all other members of the Class.

46. **Nullification of Settlement Agreement**. In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein, or (b) the Settlement does not reach the Effective Date for any other reason, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if the Parties reach agreement on a Settlement, to resubmit the Settlement for approval within thirty (30) days. If the

Settlement is not approved as resubmitted or if the Parties are unable to reach another agreement, then any Party may void this Agreement and the Parties will then return to their respective positions as they existed on the day before this Agreement was executed by any person, and this Agreement shall not be used in evidence or argument in any other part of the Lawsuit.

47. **Parties' Authority**. The Parties are each represented by competent and experienced counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Agreement. The signatories to this Settlement Agreement represent that they are fully authorized to enter this Settlement Agreement and bind the Parties to the terms and conditions contained herein.

48. **Mutual Cooperation**. The Parties agree to cooperate with each other in good faith to accomplish the terms of this Settlement Agreement, and to take such action as may reasonably be necessary to implement the terms of this Settlement Agreement. Nothing stated herein is intended to limit counsels' ethical duties and obligations to their respective clients.

49. **No Confidentiality**: The parties agree that this Agreement is intended to be publicly filed in a court docket filing in the Lawsuit for the purposes of seeking Court approval of the settlement, and that no party shall have any obligation to keep the terms of the Settlement confidential.

50. **Construction**. The Parties acknowledge and agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties. As such, this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Agreement.

51. **Captions and Headings**. Paragraph titles or captions contained herein are inserted for convenience and reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof.

52. **Modification**. This Agreement may not be changed, altered, or modified, except in writing and signed by all Parties hereto, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by all Parties.

53. **Entire Agreement**. This Agreement contains the entire agreement of the Parties relating to their Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's counsel, are merged herein. No rights hereunder may be waived except in writing.

54. **Binding Effect**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

55. **Governing Law**. This Settlement Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Kentucky, both in its procedural and substantive aspects, and without regard to conflicts of laws. This Settlement Agreement shall be construed as a whole according to its fair meaning and intent,

and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Settlement Agreement or any specific term or condition thereof.

56. **Continuing Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement. Any proposed dismissal Order submitted by the Parties shall note the Court's continuing jurisdiction. If the Court enters an Order approving this Settlement Agreement and thereafter enters a dismissal order which does not expressly address such continuing jurisdiction, it is the intention of the Parties' that the Court's Order approving this Agreement will include approval of the Court's continuing jurisdiction, which will remain in effect thereafter unless the Court expressly orders otherwise.

57. **Signatories and Counterparts**. Any Person executing this Agreement on behalf of a designated signatory warrants and promises for the benefit of all Parties that he or she has been duly authorized by such entity or person to execute the Agreement. The Agreement may be executed in counterparts, including by electronic signature, for example, DocuSign, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties as set forth herein. Copies of signatures will be considered the same as an original signature.

**AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE COUNSEL ON THE DATES SET FORTH BELOW:**

Dated: 6-27-24

_Johnny McClurg_
Johnny McClurg
Plaintiff

Dated: 6-27-24

_Dana Porter_
Dallas Jones Enterprises, Inc.
Defendant
By: _Dana Porter, Pres._, its Authorized Agent

Dated: 6-27-24

_Dana Porter_
Dana Porter
Defendant

Dated: 6-27-2024

_Broc Porter_
Broc Porter
Defendant

14

Dated: 6-27-24

_____
Alfreda Porter, as Executrix of the Estate of Dallas Jones *Jones*
Defendant

15