## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement" or "Settlement" or "Agreement") is made and entered to resolve the Lawsuit as defined below, by Plaintiff Johnny McClurg ("Plaintiff" or "Named Plaintiff"), individually and on behalf of the Settlement Class defined below, and Defendants Dallas Jones Enterprises, Inc., Dana Porter, Broc Porter, and Alfreda Jones, as Executrix of the Estate of Dallas Jones (individually a "Defendant" and collectively, "Defendants").

## BACKGROUND

1.      On December 7, 2020, Plaintiff filed a Complaint against Dallas Jones Enterprises, Inc., in the United States District Court for the Western District of Kentucky, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the Kentucky Wages and Hours Act ("KWHA"). Thereafter, amended complaints were filed, including most recently Plaintiff's Third Amended Complaint filed March 4, 2022 against Defendants Dallas Jones Enterprises, Inc. (doing business as Clay's Trucking), Dana Porter, Brock Porter, and Dallas Jones (Defendant Alfreda Jones, as Executrix of the Estate of Dallas Jones, was substituted as a defendant in place of defendant Dallas Jones by Order entered May 11, 2023). Plaintiff alleged that Defendants failed to pay Plaintiff and other similarly situated truck drivers overtime compensation for hours over forty (40) in a workweek. Defendants assert that the Motor Carrier's Act exemption to the FLSA and KWHA applies to the drivers, that overtime compensation is not required to be paid to the drivers, and Defendants otherwise generally deny Plaintiff's allegations and deny that they are liable to Plaintiff or any of the drivers. In the alternative, Defendants assert that any violation was in good faith.

2.      The Western District of Kentucky authorized notice to similarly-situated employees under the FLSA on December 3, 2021. Including Plaintiff, there are currently twenty (20) persons who have filed consents under 29 U.S.C. § 216(b) to join this action (Defendants contend certain of these persons filed consents late).

3.      In 2023, the Parties participated in a settlement conference before the Magistrate Judge. This settlement conference did not result in a settlement. Thereafter, the Parties continue litigating the Lawsuit.

4. On April 1, 2024, Plaintiff filed a Motion for Rule 23 Class Certification. Defendants opposed this motion, and this motion remains pending before the Court. That motion proposed that Plaintiff be designated as the Class Representative and Plaintiff's Counsel be designated as Class Counsel.

5.      The Parties agreed to participate in a settlement conference on June 27, 2024 before the Magistrate Judge. The Parties' ADR process in preparation for the June 27, 2024 settlement conference included the production by Defendants of data relating to the tenures at Clay's Trucking of truck driver employees other than Opt-In Plaintiffs, for the purpose of enabling a potential global settlement resolution of the Lawsuit.

6.      Class Counsel analyzed the data and information produced by Defendants, conducted many interviews of Settlement Class Members, and conferred with Defendants' counsel numerous times prior to engaging in mediation.

7.      On June 27, 2024, the Parties participated in a settlement conference conducted in person in Bowling Green, Kentucky by the Magistrate Judge. Pursuant to the Parties' and Magistrate Judge's efforts, and their continued good faith arm's-length discussions, and ultimately filed their agreement with the Court on August 1, 2024 (DN 235-1 and, together with the exhibits thereto filed therewith, the "Initial Agreement"). Thereafter, the Court issued an Order on May 16, 2025 (DN 241). Thereafter, the Parties entered into the instant agreement to settle the claims asserted in the Lawsuit.

8.      Class Counsel has made a thorough and independent investigation of the facts and law relating to the claims, defenses, and allegations asserted in the Lawsuit. In agreeing to this Settlement Agreement, Plaintiff considered: (a) the facts developed during the Parties' discovery process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of timely consummating this Settlement according to the terms of this Settlement Agreement. Plaintiff and Class Counsel have further concluded that, in light of the risks of continued litigation, the terms of this Settlement Agreement constitute a fair and reasonable resolution of *bona fide* factual and legal disputes, and that it is in the best interests of Plaintiff and the Settlement Class Members to settle their claims against Defendants pursuant to the terms set forth herein.

9.      Defendants deny all liability associated with the claims of Plaintiff and the other Opt-In Plaintiffs alleged in the Lawsuit and assert that Defendants have complied with all applicable state and federal laws. Nonetheless, Defendants have concluded that in consideration of the costs, risks, and burdens of continued litigation, they are willing to agree to the terms and conditions set forth in this Settlement Agreement.

10.     The Parties desire to settle, compromise, and resolve fully the claims asserted in the Lawsuit, and to seek the Court's approval of this Settlement Agreement. Pursuant to Rule 23, such approval of the Settlement is required to effectuate the terms and conditions set forth in this Settlement Agreement. The Settlement is contingent upon Court preliminary and final approval, and Defendants' payment obligations are not binding until the Effective Date as defined below is reached.

11.     In consideration of the foregoing, which is hereby incorporated into this Agreement by reference, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court, that Plaintiff's and the Settlement Class Members' claims against Defendants as alleged in the Lawsuit shall be settled, compromised, and dismissed, on the merits and with prejudice, in the manner and upon the terms and conditions set forth herein.

## DEFINITIONS

12.     The following terms used in this Agreement shall mean the following:

A.    "**Acceptance Period**" means the 90 calendar-day period from the date of the Settlement Check during which a Settlement Class Member may sign and cash or deposit their Settlement Check before it becomes non-negotiable.

B.    "**Administration Costs**" means all reasonable fees and costs of Class Counsel related to providing notice and administration of the Settlement and performing all duties associated therewith as set forth herein. All Administration Costs shall be paid from the Gross Settlement Amount.

C.    "**CAFA Notice**" means the notice to be sent by Defendants to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) days after the submission of this Agreement to the Court. A copy shall be provided to Class Counsel.

D.    "**Class Counsel**" means Law Office of Mark N. Foster, PLLC.

E.    "**Defendants' Counsel**" means Jay Inman, LaToi Mayo, and Michael LaCourse of Littler Mendelson P.C. and David Broderick and Brady Murley of Broderick & Davenport, PLLC.

F.    "**Effective Date**" means the day following the date of the Court's Final Approval Order if there are no objectors, and if there are any objectors, means (i) the day following the expiration of the thirty-day (30) deadline for appealing the entry by the Court of the Final Approval Order, if no appeal is filed; or (ii) if an appeal of the Final Approval Order is filed, the date upon which all appellate courts with jurisdiction affirm such Final Approval Order and Judgment, or deny any such appeal or petition for *certiorari*, such that no future appeal is possible.

G.    "**Employer Payroll Taxes**" means Defendants' share of any taxes arising out of the payment of any monies to Settlement Class Members as part of this Settlement, including employer's share of FICA, FUTA, and SUTA obligations. The Gross Settlement Amount is exclusive of Employer Payroll Taxes, which will be separately paid by Defendants outside of the Gross Settlement Amount.

H.    "**Final Approval Order**" means the Court's Final Approval Order granting final approval of the Settlement and entering judgment. The Parties' stipulated proposed Final Approval Order shall be attached when the Parties file their Joint Motion for Final Approval of the Settlement.

I.    "**Final Approval Hearing**" means the hearing to be held by the Court to consider the final approval of the Settlement following notice of the Settlement to the Settlement Class Members.

J.    "**Gross Settlement Amount**" means the common fund settlement amount that includes Class Counsel's attorneys' fees and costs, service award, and Administration Costs, that Defendants have agreed to pay to resolve and settle the claims asserted in the Lawsuit. The Gross Settlement Amount is $480,000.00, subject to adjustment based upon persons excluding themselves from the settlement, as provided in Paragraph 28 below. The Gross Settlement Amount does not include the Employer's share of Payroll Taxes.

K.    "**Lawsuit**" means *McClurg v. Dallas Jones Enterprises, Inc. et al.*, United States District Court for the Western District of Kentucky, No. 4:20-cv-201-RGJ-HBB.

L.    "**Net Settlement Amount**" means the Gross Settlement Amount less Class Counsel's attorneys' fees, Class Counsel's expenses (including incurred and anticipated Administration Costs), and service award to Settlement Class Representative, all as approved by the Court.

M.    "**Non-Opt-In Driver**" means a Settlement Class Member, as defined below, who is not an Opt-In Plaintiff.

N.    "**Notice of Settlement**" means the Notice of Settlement substantially in the form of **Exhibit A**.

O.    "**Objection and Opt-Out Deadline**" means the date forty-five (45) days after the Notice of Settlement is initially mailed by Class Counsel to the Settlement Class Members.

P.    "**Opt-In Plaintiff**" means Plaintiff and the other nineteen (19) persons who filed consents prior to June 27, 2024 under 29 U.S.C. § 216(b) to participate in the Lawsuit, including Jimmie Armour, Daniel Arnold, Jackie Bryant, Rodney Dorris, Timothy Dorris, Danny Drake, Paul Dunn, Dennis Grise, Dale Jeffers, Boyd Mathis, Jeremiah Mathis, Patrick Mathis, Johnny McClurg, Roger McKenzie, Robert Page, Darrick Piper, Bryan Randolph, Kris Saulsberry, Robert Sigers and Dwight Stanley. Defendants, by entering into this Agreement with this defined term, do not agree that these persons are all or should all remain plaintiffs in this action in the absence of the Settlement, and this defined term is without prejudice to any of the Parties' rights in the event the Settlement is not approved and/or otherwise becomes void.

Q.    "**Parties**" or "**Party**" means Plaintiff and Defendants.

R.    "**Plaintiff**" or "**Named Plaintiff**" or "**Settlement Class Representative**" means Johnny McClurg.

S.    "**Preliminary Approval Order**" means the Court's Preliminary Approval Order preliminarily approving this Agreement. The Parties' proposed Preliminary Approval Order (**Exhibit B**).

T.    "**Releasees**" means Defendants and their past, present, and future parent companies, and subsidiaries and their respective divisions, predecessors, successors, partners, owners, shareholders, insurers, and assigns, and each of their past, present and future officers, directors, trustees, and employees.

U.    "**Settlement Check**" or "**Settlement Payment**" means any check issued to a Settlement Class Member.

V.    "**Settlement Class**" and "**Settlement Class Members**" mean Named Plaintiff, Opt-In Plaintiffs, and individuals who worked for Defendants as truck drivers for any period of time from December 7, 2015 to June 27, 2024 (the "Applicable Class Period"). Plaintiff

has evaluated data regarding the scope of potential class members prior to entering into this Agreement.

## STIPULATION TO CERTIFICATION

13.    **Stipulation to Certification**. The Parties stipulate and agree for settlement purposes only that the requirements for establishing class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3) are met with respect to the Settlement Class defined above. Should this Settlement not become final and reach the Effective Date, this stipulation to Rule 23 class action certification and treatment shall become null and void and have no bearing upon and shall not be admissible regarding the issue of whether or not Rule 23 state law class certification would be appropriate, or would continue to be appropriate, in a non-settlement context.

14.    **Payment of Gross Settlement Amount As Fair, Reasonable and Adequate Resolution of a _Bona Fide_ Dispute**. Defendants have agreed to pay the Gross Settlement Amount to settle all pending issues in the Lawsuit between the Parties, and the Parties acknowledge and agree that this payment is intended to resolve _bona fide_ factual and legal disputes.

## NOTICE AND SETTLEMENT ADMINISTRATION

15.    **Stay of Contested Class Certification**. The Parties agree to jointly request that the Court stay consideration of Plaintiff's pending Motion for Class Certification (Ct. Doc. 212), and all other deadlines in the Lawsuit, pending resolution of the Parties' request for Court approval of this Agreement.

16.    **Production of Documents to Calculate Each Settlement Class Member's Share.** The parties agree that, in July, 2024, pursuant to the Initial Agreement, Defendants provided to the Class Counsel a confidential electronic database in Microsoft Excel format containing, for each Settlement Class Member, their: (i) name; (ii) the total number of weeks that person worked during the Applicable Class Period and the dates of employment during the Applicable Class Period (so that the formula in Paragraph 28 below could be computed) and that the Motion for Preliminary Approval provided the Court and the Initial Agreement attached a notice proposed to be sent to the Settlement Class, which itself attached a list of (A) the Settlement Class Members, and (B) the exact amount each such Settlement Class Member will receive pursuant to this Agreement under the formula set forth in Paragraph 28 below, if final approval is granted and he or she does not opt-out of the settlement.

17.    **Motion for Preliminary Approval**. Within (A) one week of the execution of this Agreement or (B) June 12, 2025 (to meet the date required in DN 241) or (C) such earlier deadline as is set by any further Order of the Court, whichever is earliest, the Parties shall file a Joint Motion for Preliminary Approval of Settlement Agreement and supporting brief and declaration(s), in a form agreed to by the Parties. The Joint Motion for Preliminary Approval of Settlement Agreement shall request that the Court enter the proposed Preliminary Approval Order attached hereto (**Exhibit B**), and also: (a) certify the Settlement Class pursuant to FED. R. CIV. P. 23(a) and (b)(3) for the purpose of settlement; (b) preliminarily approve this Agreement as fair, reasonable, and adequate; (c) approve the Notice of Settlement attached hereto as (**Exhibit A**) and find that the

proposed method of disseminating the Notice of Settlement meets the requirements of due process and is the best notice practicable under the circumstances; (d) set a date for the filing of Plaintiff's Motion for Attorneys' Fees and Costs, and the Parties' Joint Motion for Final Approval of Settlement Agreement; and (e) schedule the Final Approval Hearing.

18.     **Notice of Settlement**. Class Counsel shall be responsible for preparing, printing, and distributing the Notice of Settlement, including by mailing and emailing the Notice of Settlement to the Settlement Class Members.

19.     **Production of Mailing and Contact Information**. Within fourteen (14) days after issuance of the Court's Preliminary Approval Order, or as soon as practicable, Defendants shall provide to the Class Counsel a confidential electronic database in Microsoft Excel format containing, for each Settlement Class Member, their: (i) name; (ii) last known address; (iii) last known email address; and (iv) last known telephone number (hereinafter, the "Settlement Class List" or "List").

20.     **Best Notice Practicable**. Prior to mailing the Notice of Settlement, Class Counsel will use reasonable efforts to identify current addresses of Settlement Class Members, including review of addresses provided to Class Counsel by such Settlement Class Members. Furthermore, if any mail is returned as undeliverable, Class Counsel will perform a skip trace to search for any updated address, and will promptly, within seven (7) business days of any mail being returned as undeliverable, remail the Notice of Settlement to that person at any updated address that is found by Class Counsel.

21.     **Mailing and Emailing of Notice of Settlement**. Within ten (10) days of receiving the Settlement Class List, Class Counsel shall mail the Notice of Settlement to the Settlement Class Members via U.S. First Class Mail, and also email it to all Settlement Class Members for whom an email address has been provided. Class Counsel shall notify Defendants' Counsel when the Notice of Settlement has been issued. Any Notice of Settlement returned to Class Counsel with a forwarding address shall be promptly remailed within three (3) business days following receipt of the returned mail. If a Notice of Settlement is returned to Class Counsel without a forwarding address, Class Counsel shall undertake reasonable efforts to search for the correct address and shall promptly remail the Notice of Settlement within three (3) business days to any newly found address(es).

22.     **Objections**. The Notice of Settlement shall provide that all Settlement Class Members who wish to object to the Settlement must, on or before the Objection and Opt-Out Deadline, mail to Class Counsel a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Notice of Settlement. The objection must be signed personally by the objector, and must include the objector's name, address, telephone number, email address, the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. The Notice of Settlement shall advise that objections shall only be considered if the Settlement Class Member has not opted out of the Settlement. No Settlement Class Member shall be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the person's intention to appear at the Final Approval Hearing has been mailed to Class Counsel on or before the Objection and Opt-Out Deadline. The postmark date shall be the exclusive means for determining that an objection is

timely. Persons who do not submit a timely objection in the manner specified above shall be deemed to have waived any objections to the Settlement's fairness, reasonableness, and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person acting on their behalf, shall seek to solicit or encourage anyone to object to the Settlement, or discourage participation in the Settlement.

23.    **Requests for Exclusion**. The Notice of Settlement shall provide that Settlement Class Members who wish to exclude themselves from the Settlement Class pursuant to FED. R. CIV. P. 23 or applicable state law (*i.e.*, "opt out") must mail to Class Counsel a written statement indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the person's full name, address, telephone number, and email address, and must be signed individually by the Settlement Class Member. No opt-out request may be made on behalf of a group. To be considered timely, any request for exclusion must be postmarked by the Objection and Opt-Out Deadline. A Request for Exclusion may be made by either an Opt-In Plaintiff or a member of the Settlement Class who is not an Opt-In Plaintiff; in the case of an Opt-In Plaintiff making a Request for Exclusion, the Request for Exclusion shall be effective with respect to both such Opt-In Plaintiff's FLSA and KWHA claims. All requests for exclusion shall become effective upon the Effective Date; if the Effective Date is not reached and this Agreement is nullified pursuant to Paragraph 46 below, requests for exclusion shall have no effect unless such request expressly states a desire to opt-out of the lawsuit whether or not the Settlement is approved, in which event such requests shall have such effect as such requests have under other applicable law (and the effect shall not be governed by this Agreement). None of the Parties, their counsel, nor any person acting on their behalf, shall seek to solicit or encourage anyone to object, or discourage participation in the Settlement.

24.    **Reporting by Class Counsel**. Class Counsel shall promptly email to Defendants' Counsel any requests for exclusion and/or objections received, including their postmark date. All such requests for exclusion and/or objections shall be filed with the Court within five (5) business days after the Objection and Opt-Out Deadline, and any purported late requests for exclusion and/or objections shall be filed with the Court promptly following receipt. Class Counsel shall prepare and file with the Court a declaration to be filed as an exhibit to the Motion for Final Approval of Settlement Agreement, setting forth and detailing that Class Counsel has fulfilled its duties under this Agreement.

25.    **Final Approval Hearing**. Following the notice process set forth above, and two weeks prior to the Final Approval Hearing or at such other time as is ordered by the Court, the Parties shall file a Joint Motion for Final Approval of Settlement Agreement, to request the issuance of a Final Approval Order, among other things:

a.    certifying the Settlement Class a class action under FED. R. CIV. P. 23(a) and (b)(3) for purposes of settlement only;

b.    finding that Class Counsel's distribution of the Notice of Settlement was accomplished as directed and met the requirements of due process;

c.    finally approving the Settlement and its terms as fair, reasonable and adequate;

d.    directing that payments be made in accordance with the terms of this Settlement Agreement; and

e.    directing that the Lawsuit be dismissed and judgment entered consistent with the terms set forth herein.

The Final Approval Order shall contain a list of any person who timely submitted a valid request to be excluded from the Settlement, whose claims, if any, in the Lawsuit will be dismissed without prejudice.

## SETTLEMENT FUND DISTRIBUTIONS

26.    **Time of Payment**. Defendants will pay the payments required by this Agreement within ten (10) business days after the Effective Date.

27.    **Settlement Payment Eligibility and Calculations**. Class Counsel, using the data that will be provided to Class Counsel by Defendants as part of the List defined above, shall be responsible for determining eligibility for and the amount of all Settlement Payments to be paid to Settlement Class Members, as follows.

28.    **Settlement Payments to Settlement Class Members**. Settlement Awards to Settlement Class Members shall be calculated pursuant to a formula based on tenure (*i.e.*, workweeks) during the Applicable Class Period, with any work performed in the following workweeks being assigned the following point values:

| | |
|---|---|
| Opt-In Plaintiff, Workweek Prior to or Including January 30, 2020 | 10 points |
| Opt-In Plaintiff, Workweek After January 30, 2020, Prior to May 5, 2022 | 20 points |
| Opt-In Plaintiff, Workweek After or Including May 5, 2022 | 15 points |
| Non-Opt-In Driver, Workweek Prior to or Including January 30, 2020 | 8 points |
| Non-Opt-In Driver, Workweek After January 30, 2020, Prior to May 5, 2022 | 16 points |
| Non-Opt-In Driver, Workweek After or Including May 5, 2022 | 12 points |

The Parties recognize that this formula is designed to account for (a) the risk of Rule 23 class certification not being granted; (b) the varying levels of risk to Settlement Class Members associated with Defendants' defenses and the facts developed in discovery relating to loads transported by drivers during the different time periods.

The total number of settlement points for all Settlement Class Members will be added together, and the resulting sum will be divided into the Net Settlement Amount to reach a per-point dollar figure. That figure will then be multiplied by each Settlement Class Member's number of settlement points to determine the Settlement Class Member's Settlement Award. The entirety of the Net Settlement Amount will be distributed according to the formula set forth in this Settlement Agreement to the Settlement Class Members if no Settlement Class Members opt out.

If one or more Settlement Class Members effectively opt-out of the settlement, such opting-out Settlement Class Member will not be bound by this Agreement, but will not benefit under this Agreement and will not receive the amount calculated pursuant to this Section.

Further, in the event one or more Settlement Class Members opt out of the Settlement, Class Counsel's fees preliminarily approved by the Court and Named Plaintiff's service award preliminarily approved by the Court shall be multiplied by the fraction generated by dividing the numerator of the total amount of the Net Settlement Award to be paid to Settlement Class Members who do not opt-out of the Settlement under the formula above (*i.e.*, the amount listed on the notice as the amount for such persons) by the divisor of such number plus the amount listed on the notice as the amount the opting-out persons would have received, but for their act of opting-out; the purpose of this provision is for Class Counsel's fees preliminarily approved by the Court and Named Plaintiff's service award preliminarily approved by the Court to automatically adjust upon one or more Settlement Class Members opting out of the Settlement to reflect the amount actually paid by Defendants to Settlement Class Members under this Agreement. It is the intention of the Parties that Class Counsel's preliminarily approved award for reasonable incurred and anticipated out-of-pocket expenses shall not be subject to such adjustment.

29.    **Tax Treatment of Settlement Payments**. Fifty percent of all Settlement Payments issued to Settlement Class Members will be treated as payment for Settlement Class Members' alleged wage loss and the other fifty percent shall be treated as payment for Settlement Class Members' alleged liquidated damages. The portion allocated to alleged wage loss shall be paid net of the employee's share of all applicable employment taxes only, with no other withholdings (except as required by law), and shall be reported on an IRS Form W-2. The portion allocated to liquidated damages shall be paid without withholdings and shall be reported on an IRS Form 1099. Defendants shall be responsible for issuing any IRS Form W-2s and Form 1099s. Each Settlement Class Member will receive two checks, reflecting the different tax treatment described above. Defendants shall provide W-2 and 1099 tax documentation for the applicable tax year to Class Counsel, which Class Counsel shall in turn deliver to the respective Settlement Class members.

30.    **Employer Payroll Taxes**. Defendants are responsible for the payment of the employer's share of Payroll Taxes outside of the Gross Settlement Amount.

31.    **No Tax Advice**. Class Counsel, Defendants, and Defendants' Counsel do not intend, and specifically disclaim, that this Settlement Agreement constitutes legal advice relating to the tax liability of any Settlement Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state, or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

32.    **Settlement Payment Procedure**. Within two (2) weeks after the Effective Date, or as soon as practicable, Defendants shall cause to be delivered to Class Counsel checks for all amounts owed under this Agreement, along with a "paystub" or similar document showing the amount of taxes withheld from checks that are subject to withholding. Within ten (10) days of Class Counsel's receipt of such checks, Class Counsel will distribute all Settlement Payments to each Settlement Class Member with an accompanying cover letter in the form (**Exhibit C**, titled "Notice That Your Settlement Check Is Enclosed"), explaining that checks must be cashed during

the 90-day Acceptance Period. Settlement Class Members shall have until the end of the Acceptance Period to cash or deposit their Settlement Check. Class Counsel may at any time request that Defendants provide Class Counsel a list of those persons who have not cashed the checks by the date sixty (60) days after the issuance of the checks and, if Class Counsel so requests, (a) Defendants shall email such list by the date 70 days after the issuance of the checks, and (b) during the remainder of the Acceptance Period, Class Counsel may mail and email (to the extent an email address is available) reminders to any Settlement Class Members who have not yet cashed or deposited their Settlement Check to inform them of the 90-day deadline in the form attached hereto as **Exhibit D**. At any point in the Acceptance Period, Defendants shall issue new checks to any Settlement Class Member who asserts his or her check has been lost, provided that Defendants shall have the authority to stop payment on a lost check.

33.    **Filing of Notice Regarding Conclusion of Acceptance Period**. Following the Acceptance Period, the Parties will file a joint Notice, notifying the Court that the Acceptance Period has concluded. The Court will retain jurisdiction following its issuance of the Final Approval Order for this purpose. Once the Notice is filed, and following the Parties' dismissal of certain claims pursuant to Federal Rule of Civil Procedure 41 as described in Paragraph 40 below, the Court will dismiss the case with prejudice with respect to all persons participating in the Settlement, and without prejudice with respect to all persons opting-out of the Settlement.

34.    **Remaining Monies**. If at the conclusion of the Acceptance Period plus sixty (60) days, there are any uncashed Settlement Checks attributable to the Settlement Class, those funds shall be sent by Defendants to the Kentucky State Treasurer, Unclaimed Property Fund. Defendants shall provide Class Counsel with notice of such transmission and a copy of correspondence between Defendants, or any of them, and the Kentucky State Treasurer, Unclaimed Property Fund. It is the intention of this provision that such funds may be recovered by the applicable Settlement Class Member from the Kentucky State Treasurer, Unclaimed Property Fund under such office's applicable procedures; however, none of Defendants, Defendants' counsel, Plaintiff or Class Counsel shall have any obligation to assist such Settlement Class Member in connection with such procedures.

35.    **Class Counsel's Attorneys' Fees and Costs**. Class Counsel will file a motion for approval of attorneys' fees and costs prior to final approval and pursuant to the schedule ordered by the Court. Class Counsel may apply for attorneys' fees in the amount of up to one-third (1/3) of the Gross Settlement Amount as compensation for all work performed from the inception of the Lawsuit to the conclusion, including all future work in connection with the implementation of this Settlement Agreement, seeking preliminary and final approval of this Settlement Agreement by the Court, and overseeing the administration of this Settlement Agreement through the final dismissal of the Lawsuit with prejudice. Class Counsel may also seek an additional amount in reimbursement of their reasonable out-of-pocket costs and expenses, including Administration Costs from the Gross Settlement Amount. Class Counsel's fees (but not expenses) preliminarily approved by the Court are subject to adjustment, as provided in Paragraph 28, to reflect persons who effectively exclude themselves from the Settlement. Prior to the payment of attorneys' fees and costs, Class Counsel firm shall provide an executed IRS Form W-9 to Defendants.

36.    **Service Award**. The Named Plaintiff/Settlement Class Representative may apply to the Court for a Service Award of up to $15,000 for the services Plaintiff rendered to the

Settlement Class in bringing and prosecuting the Lawsuit. This Service Award is separate and apart from, and in addition to, the Settlement Class Representative's recovery from the Net Settlement Amount. The Service Award preliminarily approved by the Court is subject to adjustment, as provided in Paragraph 28, to reflect persons who effectively exclude themselves from the Settlement. The portion of any payments to the Settlement Class Representative in consideration of any service award approved by the Court shall be made without withholdings and shall be reported on an IRS Form 1099, provided Named Plaintiff shall provide a W9 to Defendants.

37.    **No Claim Based Upon Distributions or Settlement Payments in Accordance with this Settlement Agreement**. No person not a Party to this Agreement shall have any claim against Defendants, Defendants' Counsel, Plaintiff, or Class Counsel upon distributions, payments, and actions taken in accordance with this Settlement Agreement and the Court's Orders. Nothing contained herein shall limit any right of the Parties to pursue any claim or legal proceeding against any other Party for breach or noncompliance with such Party's covenants or obligations pursuant to this Agreement.

## RELEASES

38.    **Named Plaintiff's and Settlement Class Members' Released Claims**. Effective upon the Effective Date, the Settlement Class Members (except those who effectively exclude themselves from the Settlement pursuant to this Agreement) will release and discharge Releasees from any and all known and unknown, asserted and non-asserted, wage and hour claims under federal and state law, including but not limited to, all unpaid overtime claims based upon the allegations made in the Lawsuit of not being paid overtime premium compensation for overtime work performed hours worked, including overtime compensation, claims of off the clock work, and claims under any theories for breach of an employment agreement/contract for failure to pay owed wages (including wage payment and collection law or similar claims), and including, without limitation, liquidated damages and all other penalties available; this release is for all such claims accruing from the beginning of time until June 27, 2024. This release includes a release of any and all federal and state law wage and hour claims described above, timing of wage payment, gap time, and unjust enrichment or similar claims that could have been brought by any Settlement Class Member based upon the facts and circumstances alleged in the Lawsuit.

39.    On the reverse side of each Settlement Check, Defendant may include the following language:

> By depositing and/or cashing this check, I agree to be bound by the Parties' Settlement Agreement that was approved by the Court in the litigation captioned *McClurg v. Dallas Jones Enterprises, Inc. et al.* Lawsuit (United States District Court for the Western District of Kentucky, No. 4:20-cv-201-RGJ-HBB).

40.    Contemporaneously with the filing of the Notice of Conclusion of Acceptance Period described in Paragraph 33, the Parties shall file with the Court a notice of voluntary dismissal with prejudice of their alleged FLSA claims pursuant to Federal Rule of Civil Procedure 41.

41.     The Parties acknowledge and agree that the releases set forth above do not include any claim that cannot be released by private agreements. Moreover, nothing in this Settlement Agreement prohibits or prevents a Settlement Class Member from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding, or other proceeding before any federal, state, or local government agency, including but not limited to the Equal Employment Opportunity Commission, the Securities and Exchange Commission, or the National Labor Relations Board ("Government Actions"). The Settlement Class Members do, however, agree that they shall not recover any monies or other proceeds from any judgment, order, fine, or penalty asserted against Defendants, individually or collectively, in any such Government Actions, to the maximum extent permitted by applicable law.

## ADDITIONAL OBLIGATIONS AND TERMS

42.     **No Retaliation**. Defendants shall not retaliate or take any adverse action against any Settlement Class Member on the grounds that he/she is eligible to participate or does participate in the Lawsuit or the Settlement, or cashes or deposits a Settlement Check, and Defendants will not discourage any Settlement Class Member from participating in this Settlement and/or from cashing their Settlement Check, and shall not place any participating person on a do-not-hire list as a result of their participation in the Lawsuit or in the Settlement.

43.     **Defendants' Attorneys' Fees and Costs**. Defendants' attorneys' fees and costs in the Lawsuit shall be borne by Defendants.

44.     **Computation of Time**. For purposes of this Settlement Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day. The term "days" means calendar days unless otherwise noted.

45.     **Participation Provision**. This settlement is not contingent upon any particular amount of the total Settlement Class Members timely opting-out of the Settlement or not timely opting-out of the Settlement, and no party shall have the right or obligation to seek to declare the Settlement void in its entirety based upon the amount, high or low, of persons opting out of the Settlement, which shall remain effective for all other Settlement Class Members.

46.     **Nullification of Settlement Agreement**. In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein, or (b) the Settlement does not reach the Effective Date for any other reason, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if the Parties reach agreement on a Settlement, to resubmit the Settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are unable to reach another agreement, then any Party may void this Agreement and the Parties will then return to their respective positions as they existed on the day before the Initial Agreement was executed by any person, and neither this Agreement nor the Initial Agreement shall not be used in evidence or argument in any other part of the Lawsuit.

47.    **Parties' Authority**. The Parties are each represented by competent and experienced counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Agreement. The signatories to this Settlement Agreement represent that they are fully authorized to enter this Settlement Agreement and bind the Parties to the terms and conditions contained herein.

48.    **Mutual Cooperation**. The Parties agree to cooperate with each other in good faith to accomplish the terms of this Settlement Agreement, and to take such action as may reasonably be necessary to implement the terms of this Settlement Agreement. Nothing stated herein is intended to limit counsels' ethical duties and obligations to their respective clients.

49.    **No Confidentiality**: The parties agree that this Agreement is intended to be publicly filed in a court docket filing in the Lawsuit for the purposes of seeking Court approval of the settlement, and that no party shall have any obligation to keep the terms of the Settlement confidential.

50.    **Construction**. The Parties acknowledge and agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties. As such, this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Agreement.

51.    **Captions and Headings**. Paragraph titles or captions contained herein are inserted for convenience and reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof.

52.    **Modification**. This Agreement may not be changed, altered, or modified, except in writing and signed by all Parties hereto, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by all Parties.

53.    **Entire Agreement; Supersedes Initial Agreement**. This Agreement contains the entire agreement of the Parties relating to their Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's counsel, are merged herein. No rights hereunder may be waived except in writing. Notwithstanding any provision herein to the contrary, the parties agree that the instant Agreement supersedes the Initial Agreement.

54.    **Binding Effect**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

55.    **Governing Law**. This Settlement Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Kentucky, both in its procedural and substantive aspects, and without regard to conflicts of laws. This Settlement Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Settlement Agreement or any specific term or condition thereof.

56.     **Continuing Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement. Any proposed dismissal Order submitted by the Parties shall note the Court's continuing jurisdiction. If the Court enters an Order approving this Settlement Agreement and thereafter enters a dismissal order which does not expressly address such continuing jurisdiction, it is the intention of the Parties' that the Court's Order approving this Agreement will include approval of the Court's continuing jurisdiction, which will remain in effect thereafter unless the Court expressly orders otherwise.

57.     **Signatories and Counterparts**. Any Person executing this Agreement on behalf of a designated signatory warrants and promises for the benefit of all Parties that he or she has been duly authorized by such entity or person to execute the Agreement. The Agreement may be executed in counterparts, including by electronic signature, for example, DocuSign, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties as set forth herein. Copies of signatures will be considered the same as an original signature.

**AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE COUNSEL ON THE DATES SET FORTH BELOW:**

Dated: _____          _____
                              Johnny McClurg
                              Plaintiff


Dated: _____          _____
                              Dallas Jones Enterprises, Inc.
                              Defendant
                              By: _____, its Authorized Agent


Dated: _____          _____
                              Dana Porter
                              Defendant

Dated: __6/11/2025__         _____
                              Broc Porter
                              Defendant

Dated: __6/11/2025__         _____
                              Alfreda ~~Porter~~, as Executrix of the Estate of Dallas
                              Jones Jones
                              Defendant

14

Dated: 6-10-25

_Dana Porter, President_
Dallas Jones Enterprises, Inc.
Defendant
By: _Dana Porter_ , its Authorized Agent

Dated: 6-10-25

_Dana Porter_
Dana Porter
Defendant

Dated: _____

_____
Broc Porter
Defendant

Dated: _____

_____
Alfreda Porter, as Executrix of the Estate of Dallas Jones
Defendant

56. **Continuing Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement. Any proposed dismissal Order submitted by the Parties shall note the Court's continuing jurisdiction. If the Court enters an Order approving this Settlement Agreement and thereafter enters a dismissal order which does not expressly address such continuing jurisdiction, it is the intention of the Parties' that the Court's Order approving this Agreement will include approval of the Court's continuing jurisdiction, which will remain in effect thereafter unless the Court expressly orders otherwise.

57. **Signatories and Counterparts**. Any Person executing this Agreement on behalf of a designated signatory warrants and promises for the benefit of all Parties that he or she has been duly authorized by such entity or person to execute the Agreement. The Agreement may be executed in counterparts, including by electronic signature, for example, DocuSign, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties as set forth herein. Copies of signatures will be considered the same as an original signature.

**AGREED AND ENTERED INTO BY THE PARTIES AND THEIR RESPECTIVE COUNSEL ON THE DATES SET FORTH BELOW:**

Dated: 6-11-25

_____
Johnny McClurg
Plaintiff

Dated: _____

_____
Dallas Jones Enterprises, Inc.
Defendant
By: _____, its Authorized Agent

Dated: _____

_____
Dana Porter
Defendant

Dated: _____

_____
Broc Porter
Defendant

Dated: _____

_____
Alfreda Porter, as Executrix of the Estate of Dallas Jones
Defendant

14

# Exhibit A

# to Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

| | | | |
|---|---|---|---|
| JOHNNY McCLURG, | ) | | |
| on Behalf of Himself and All | ) | | |
| Others Similarly-Situated, | ) | | |
| | ) | | |
| *Plaintiff,* | ) | | |
| | ) | | |
| v. | ) | Case No. | 4:20-CV-201-RGJ-HBB |
| | ) | | |
| DALLAS JONES ENTERPRISES | ) | | |
| INC, d/b/a CLAY'S TRUCKING, | ) | | |
| DANA PORTER, BROCK PORTER, | ) | | |
| And ALFREDA JONES (as Executrix | ) | | |
| Of the Estate of Dallas Jones) | ) | | |
| *Defendants.* | ) | | |
| | ) | | |

**NOTICE OF CLASS ACTION SETTLEMENT**

TO:    NAME
       ADDRESS
       ADDRESS

*The United States District Court for the Western District of Kentucky ("Court")*
*authorized this Notice of Class Action Settlement ("Notice").*
*This is not a solicitation. This is not a lawsuit against you, and you are not being sued.*

**PLEASE READ THIS NOTICE CAREFULLY.**

| **1.** | **Why Should You Read This Notice?** |
|---|---|

You received this Notice because you worked for Defendant Dallas Jones Enterprises, Inc., doing business as Clay's Trucking ("Clay's Trucking") as a truck driver for some period of time from December 7, 2015 through June 27, 2024 ("Applicable Class Period") and, therefore, are a Settlement Class Member.

This Notice explains your right to participate in and share in the monetary proceeds of the Settlement, exclude yourself ("opt out") from the Settlement, or object to the Settlement. On [DATE], 2025, the United States District Court for the Western District of Kentucky granted preliminary approval of the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on [DATE] at [TIME], before United States District Judge Rebecca Grady Jennings in Courtroom INSERT at the United States Courthouse in INSERT, Kentucky.

| **2.** | **What is this Lawsuit About?** |
|---|---|

Plaintiff Johnny McClurg ("Plaintiff") alleged in this civil action ("Lawsuit") that Clay's Trucking, Dana Porter, Broc Porter and Alfreda Jones (as Executrix of the Estate of Dallas Jones) (collectively, "Defendants") were required to pay overtime compensation to truck drivers, that truck drivers worked overtime (hours over forty (40) in a workweek), and that Defendants failed to pay overtime compensation.

Specifically, on December 7, 2020, Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and Kentucky state law. Beginning on February 19, 2021, Plaintiff filed several amended complaints, with the last being Plaintiff's March 24, 2022 Third Amended Collective and Class Action Complaint, which alleged that Defendants were required to pay overtime compensation to truck drivers, that truck drivers worked hours in excess of forty (40) in a workweek, and that Defendants failed to pay overtime compensation to those drivers.

On December 3, 2021, the Court authorized a notice to be sent to all drivers who drove for Clay's Trucking.  There are twenty drivers, including Plaintiff, who filed consents prior to June 27, 2024, under 29 U.S.C. § 216(b) to participate in the Lawsuit ("Opt-In Plaintiffs").

Defendants denied and continue to deny any liability for Plaintiff's claims in the Lawsuit and assert they complied at all times with all applicable federal and state laws. Defendants agree that drivers sometimes drove more than 40 hours per week and were not paid overtime for that work, but assert this was lawful and permissible because the drivers were subject to the federal and Kentucky Motor Carrier Act exemption, which means drivers were not entitled to overtime.  Defendants Dana Porter, Broc Porter and Alfreda Jones (as Executrix of the Estate of Dallas Jones)also dispute that they should be individually liable for any of Clay's Trucking's alleged compensation decisions. Finally, all Defendants asserted that, if Clay's Trucking engaged in any violation (which they denied), any such violation was in good faith and Defendants should not be liable for liquidated damages as a result of any such violation.

In 2023, following extensive litigation and some discovery, including the voluminous production of documents, in the Lawsuit, the Parties elected to participate in a judicial settlement conference to attempt to resolve the rights and claims in the Lawsuit. On May 31 2023, the Parties participated in a full-day judicial settlement conference conducted in person in Bowling Green, Kentucky, and overseen by United States Magistrate Judge H. Brent Brennenstuhl. The Parties were unable to reach an agreement at that time.

After additional litigation and discovery in the Lawsuit, in the early winter and spring of 2024, the Parties re-engaged in settlement negotiations.  In May 2024, they agreed to return for another settlement conference overseen by Judge Brennenstuhl, which was held on June 27, 2024. During that second settlement conference, the Parties negotiated a Settlement Agreement. Pursuant to the Parties' and Judge Brennenstuhl's efforts at the Settlement Conference and the Parties' continued good-faith arm's-length discussions thereafter, the Parties have agreed to settle the rights and claims asserted in the Lawsuit according to the terms and conditions set forth in this Notice.

| 3. | What Are the Monetary Terms of the Settlement? |
|----|------------------------------------------------|

Under the terms of the Settlement Agreement, Defendants have agreed to pay Four Hundred Eighty

Thousand Dollars ($480,000.00) (the "Gross Settlement Amount"), to settle the rights and claims asserted in the Lawsuit.

Subject to Court approval, deductions from the Gross Settlement Amount will be made for (a) Class Counsel's attorneys' fees in an amount of up to one-third (1/3) of the Gross Settlement Amount, (b) litigation cost reimbursement to Class Counsel not to exceed $2,000.00, and (c) a service award in the amount of up to $15,000 to Plaintiff for Plaintiff's time and services on behalf of the Settlement Class (the "Deductions from Gross Settlement"). The Deductions from Gross Settlement Amount, except litigation cost reimbursement, are subject to proportionate downward adjustment in the event one or more Settlement Class Members request exclusion.

After subtracting the Deductions from the Gross Settlement Amount, the balance of the funds (the "Net Settlement Amount") will be allocated amongst the Settlement Class Members, pursuant to the formula based on tenure during the Applicable Class Period, as set forth below:

    i. Drivers who did not file consents to join the Lawsuit prior to June 27, 2024, for each workweek that driver worked prior to or including January 30, 2020: 8 points;

    ii. Drivers who did not file consents to join the Lawsuit prior to June 27, 2024, for each workweek that driver worked after January 30, 2020 and before May 5, 2022: 16 points;

    iii. Drivers who did not file consents to join the Lawsuit prior to June 27, 2024, for each workweek that driver worked on or after May 5, 2022: 12 points;

    iv. Drivers who did file consents to join the Lawsuit prior to June 27, 2024, for each workweek that driver worked prior to or including January 30, 2020: 10 points;

    v. Drivers who did file consents to join the Lawsuit prior to June 27, 2024, for each workweek that driver worked after January 30, 2020 and before May 5, 2022: 20 points; and,

    vi. Drivers who did file consents to join the Lawsuit prior to June 27, 2024, for each workweek that driver worked on or after May 5, 2022: 15 points.

The total number of settlement points for all participating Settlement Class Members will be added together, and the resulting sum will be divided into the Net Settlement Amount to reach a per-point dollar figure. That figure will then be separately multiplied by each Settlement Collective Member's number of settlement points to determine each individual Settlement Class Member's Settlement Award.

The above formula takes into account: (a) the risk of Rule 23 class certification not being granted; (b) factual defenses developed by Defendants relating to transportation of coal by others (rail and barge) outside Kentucky for the period prior to January 30, 2020; and (c) the filing with the FMCSA of an MCS-150 by Clay's Trucking on May 5, 2022 in which Clay's Trucking designated itself as an interstate carrier.

Your Settlement Award will be calculated based on the data regarding drivers' tenure with Clay's Trucking that has been supplied by Defendants to Class Counsel pursuant to the Settlement Agreement. The amount you and the other drivers would receive, if the Court approves the Deductions from Gross Settlement set forth above, is set forth in Exhibit A attached hereto. Because the settlement is based on tenure data that is already available, you do not have to submit a Claim Form or take any other action in order to receive your Settlement Payment. <u>You will automatically receive a Settlement Payment unless you decide to opt out of the settlement</u>.

Fifty percent (50%) of your Settlement Payment will be allocated toward back wages and fifty percent (50%) will be allocated toward liquidated damages. Clay's Trucking will issue you an IRS Form W-2 for 50% of the payment and an IRS Form 1099 for the other 50% of the payment, which will then be provided to you by Class Counsel. Neither the Parties, Defendants' Counsel, nor Class Counsel can provide you with any tax advice. You should contact your accountant or tax related advisors for any questions about taxes.

Following final approval of the Settlement by the Court, Settlement Awards will be distributed as settlement checks to participating Settlement Class Members, who will then have 90 days in which to deposit or cash their checks. If at the conclusion of that acceptance period there are any monies remaining as a result of uncashed settlement checks attributable to participating Settlement Class Members, those funds will be sent to the Kentucky State Treasurer, Unclaimed Property Fund.

**It is your responsibility to keep a current address on file with Class Counsel to ensure receipt of your Settlement Award check. If you fail to keep your address current, you may not receive your Settlement Award.**

| 5. | What Claims Are Released by the Settlement? |
|---|---|

If the Court grants final approval of the Settlement, the Lawsuit will be dismissed with prejudice against Defendants, and each Settlement Class Member shall release and discharge Releasees (defined below) from any and all known and unknown, asserted and non-asserted, wage and hour claims under federal and state law, including but not limited to, all unpaid overtime claims based upon the allegations made in the Lawsuit of not being paid overtime premium compensation for overtime work performed hours worked, including overtime compensation, claims of off the clock work, and claims under any theories for breach of an employment agreement/contract for failure to pay owed wages (including wage payment and collection law or similar claims), and including, without limitation, liquidated damages and all other penalties available; this release is for all such claims accruing from the beginning of time until June 27, 2024. This release includes a release of any and all federal and state law wage and hour claims described above, timing of wage payment, gap time, and unjust enrichment or similar claims that could have been brought by any Settlement Class Member based upon the facts and circumstances alleged in the Lawsuit.

The term Releasees includes Defendants and their past, present, and future parent companies, and subsidiaries and their respective divisions, predecessors, successors, partners, owners, shareholders, insurers, and assigns, and each of their past, present and future officers, directors, trustees, and employees.

| 6. | What Are My Rights? |
|---|---|

- **Do Nothing**: If you do nothing and the Court grants final approval to the Settlement, you will automatically receive a Settlement Award. You will release your claims as provided for in Section 5 above.

- **Opt-Out**: If you do not wish to be bound by the class action release above, you must submit a written exclusion from the Settlement ("opt-out"), which must contain your full name, address, telephone number, and email address, and must be signed individually by you. No opt-out request may be made on behalf of a group. The opt-out request must be sent by mail to Class Counsel at P.O. Box 869, Madisonville, KY 42431, postmarked by [INSERT]. If you opt-out and the Settlement is approved, your claims, if any, in the Lawsuit will be dismissed without prejudice and will not be further pursued through the Lawsuit, which will be dismissed with prejudice. Class Counsel will acknowledge receipt of a written exclusion and file the written exclusion with the Court, where it will be publicly available. If you wish to have a record of having sent your request for exclusion, you may use mail with USPS Tracking. **Any person who requests exclusion (*i.e.*, "opts out") of the settlement will not be entitled to any Settlement Payment and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment in this action thereon**.

- **Object**: If you wish to object to the Settlement, you must submit a written statement objecting to the Settlement. The statement must state the factual and legal grounds for your objection, and must state your full name, address, telephone number, and email address, and must be signed by you. Any objection must be mailed to the Class Counsel at P.O. Box 869, Madisonville, KY 42431, postmarked by [INSERT]. If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the Parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and Defendants' Counsel on or before DATE. If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of mailing to Class Counsel and Defendants' counsel shall be the exclusive means for determining that an objection is timely mailed to counsel.

| 7. | Can Defendants Retaliate Against Me for Participating in this Lawsuit? |
|---|---|

No. Your participation in this Settlement will in no way affect your work or employment with Defendants. The Settlement Agreement expressly provides that Defendants shall not retaliate or take any adverse action against any Settlement Class Member on the grounds that he/she is eligible to participate or does participate in the Settlement or cashes or deposits a Settlement Check.

| 8. | Who is the Attorney Representing Plaintiffs and the Settlement Class Members? |
|---|---|

Plaintiff along with the Settlement Class Members are represented by the following counsel:

Mark N. Foster
**LAW OFFICES OF**
**MARK N. FOSTER, PLLC**
P.O. Box 869
Madisonville, KY 42431
Telephone: (270) 213-1303
Mfoster@MarkNFoster.com

| 9. | How Will the Attorney for the Settlement Class Members Be Paid? |
|---|---|

Class Counsel will be paid his attorney's fees and costs from the Gross Settlement Amount. You do not have to pay Class Counsel. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the Gross Settlement Amount plus reimbursement of his out-of-pocket costs of approximately $2,000.00 that were incurred during the litigation. The Settlement Agreement provides that the amount of Class Counsel's fee award (but not cost reimbursement award) will automatically be adjusted downward in the event one or more class members file written requests for exclusion. Class Counsel will file a Motion for Attorneys' Fees and Costs with the Court, which the Court will consider at the Final Approval Hearing.

| 10. | Who May I Contact If I Have Further Questions? |
|---|---|

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact Class Counsel listed above.

This Notice is only a summary. For more detailed information, you may review the Settlement Agreement, containing the complete terms of the proposed Settlement, which is available through Class Counsel, and publicly accessible and on file with the Court.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT.**

**Exhibit A to Notice of Collective and Class Action Settlement**

*McClurg v. Dallas Jones Enterprises, Inc.*

| Last Name | First Name | Amount from Net Proceeds |
|---|---|---|
| Armour | Jimmie L. Jr. | $1,762.54 |
| Arnett | Jason L. | $143.05 |
| Arnold | Daniel J. | $1,500.71 |
| Avery | William L. | $6,735.95 |
| Bego | Daniel R. | $71.52 |
| Bratcher | Anthony Shane | $11,609.75 |
| Broaddus | Jerry L. | $493.00 |
| Brown | James E. | $3,392.24 |
| Bryant | Jackie L. | $5,517.50 |
| Campbell | Evan Ray | $10,937.94 |
| Case | Lewis W. Jr. | $549.20 |
| Chapman | Darrell R. | $10,759.13 |
| Cottrell | Franklin E. | $7,939.07 |
| Cottrell | Jimmy D. | $2,654.02 |
| Covington | Michael S. | $209.46 |
| Crick | Freddie E., Jr. | $8,443.57 |
| Crump | Carl Gene | $370.39 |
| Daugherty | Andrew | $4,947.87 |
| Day | Andrew | $2,341.11 |
| Dorris | Rodney | $13,396.23 |
| Dorris | Timothy | $13,353.12 |
| Drake | Danny | $35.12 |
| Dunn | Paul Jeff | $1,724.22 |
| Epley | Emmett Stewart | $605.39 |
| Garrett | Marty | $11,012.02 |
| Graham | Jeffrey | $11,096.31 |
| Grise | Dennis | $2,011.59 |
| Haley | Jason | $1,657.81 |
| Harris | Michael | $505.77 |
| Holder | Brian | $316.75 |
| Howlett | Edward | $7,412.87 |
| Hunt | Dale | $1,611.83 |
| Jeffers | Dale | $2,829.00 |
| Jeffers | Jimmy | $40.87 |

| | | |
|---|---|---:|
| Krause | Rebecca | $122.61 |
| Laster | Ronald | $7,661.92 |
| Logan | Samuel | $311.64 |
| Markwell | Kenneth | $10,720.81 |
| Martin | Joshua | $206.91 |
| Mathis | Boyd | $13,357.91 |
| Mathis | Jeremiah | $7,078.88 |
| Mathis | Patrick | $12,428.75 |
| McCauley | Mark | $122.61 |
| McClurg | Johnny | $3,301.53 |
| McGovern | Shannon | $94.51 |
| McIntosh | Ronald | $1,683.35 |
| McKenzie | Roger | $453.41 |
| Mercer | Daniel | $10,409.18 |
| Milligan | Justin | $76.63 |
| Morrow | Nathan | $380.61 |
| Nolen | Daniel | $140.49 |
| Offutt | Derek | $526.21 |
| O'Neal | Ray, Jr. | $495.55 |
| Page | Robert | $9,550.26 |
| Pierce | William | $6,750.00 |
| Piper | Darrick | $12,467.07 |
| Piper | Patrick | $10.22 |
| Pogue | David | $2,293.85 |
| Putnman | William Gamiel | $2,791.96 |
| Randolph | Bryant | $4,604.31 |
| Renfrow | Joseph | $219.68 |
| Saulsberrt | Kris | $12,591.59 |
| Shepherd | William | $7,895.65 |
| Sigers | Robert | $3,451.63 |
| Skinner | Albert | $1,696.12 |
| Stanley | Anthony Bruce | $3,583.82 |
| Stanley | Roy Dwight | $4,316.94 |
| Stewart | Jesse | $247.78 |
| Stokes | Randall | $97.07 |
| Sublett | Mark | $5,320.81 |
| Taylor | William | $671.81 |
| Toll | Charles | $1,272.09 |
| Wells | Chris | $97.07 |
| Williams | Matthew | $1,772.75 |
| Wilson | Keith | $3,737.09 |

# Exhibit B

# to Settlement Agreement

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

JOHNNY McCLURG,                                )
on Behalf of Himself and All                   )
Others Similarly-Situated,                     )
                                               )
    *Plaintiff,*                                  )
                                               )
v.                                             )    CASE NO.    4:20-CV-201-RGJ-HBB
                                               )
DALLAS JONES ENTERPRISES                       )    **JURY DEMANDED**
INC, d/b/a CLAY'S TRUCKING, *et al.*           )
                                               )
    *Defendants.*                                 )
_____             )

## [PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION
## FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

AND NOW, this ___ day of _____, 2025, upon consideration of the Parties' Joint

Motion for Preliminary Approval of Settlement Agreement, the Court grants the Parties' Motion

and ORDERS as follows:

WHEREAS, Plaintiff Johnny McClurg, individually and on behalf of the Settlement Class

defined below, and Defendants Dallas Jones Enterprises, Inc. d/b/a Clay's Trucking, Dana Porter,

Broc Porter, and Alfreda Jones (as Executrix of the Estate of Dallas Jones) have entered into a

Settlement Agreement which, together with the Exhibits attached thereto ("Settlement" or

"Settlement Agreement"), sets forth the terms and conditions for a proposed Rule 23 class action

settlement of the above-captioned matter (the "Litigation") and for the Litigation's dismissal with

prejudice upon the terms and conditions set forth therein;

WHEREAS, Plaintiff and Defendants are together referred to as the "Parties";

WHEREAS, the Settlement is the product of informed, arm's-length negotiations over an

extended period of time, and was achieved only after an in-person settlement conference on June

27, 2024 before the Magistrate Judge, and continued arm's-length settlement negotiations between the Parties, including revision of the Settlement following an Order of the Court entered May 16, 2025;

WHEREAS, the Parties filed a Joint Motion for Preliminary Approval of Settlement Agreement (the "Motion") attaching the Settlement Agreement and seeking an order: (a) preliminarily approving the Settlement Agreement; (b) conditionally certifying the Settlement Class defined below pursuant Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only; (c) appointing Class Counsel and appointing Plaintiff as the Class representative; (d) approving the proposed Notice of Class Action Settlement attached as Exhibit A to the Settlement Agreement; (e) establishing deadlines and requirements for the submission of requests for exclusion ("opt outs") and objections to the Settlement, if any; and (f) establishing a date for the Final Approval Hearing;

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, the Motion, and all supporting documents, and has found good cause for entering this Order;

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement; and

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

1.    The Parties' Settlement Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e),

2.    For settlement purposes, the Court preliminarily certifies the Settlement Class consisting of Plaintiff and all other persons employed by Dallas Jones Enterprises, Inc. as a truck driver at any time from December 7, 2015, through June 27, 2024 (the "Applicable Class Period")

pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

      3.     For purposes of settlement only, the Court preliminarily finds as follows:

          a.     The number of Settlement Class Members (approximately 75) is too numerous for joinder to be practicable;

          b.     There are questions of law and fact common to the Settlement Class members that predominate over any individualized questions, including, for example and without limitation: (i) whether transportation by third parties during the Applicable Class Period, including by rail and barge, of cargo hauled by the Settlement Class Members supported the applicability of the federal and Kentucky state Motor Carrier Act exemptions to the drivers, (ii) whether Defendant Dallas Jones Enterprises, Inc.'s administrative responses to the Federal Motor Carrier Safety Administration regarding the nature of its operation and its drivers affected the applicability of the Motor Carrier Act exemption to the drivers (iii) whether Defendants acted willfully in failing to pay overtime compensation to the Settlement Class Members; and (iv) whether Defendants acted in good faith in considering the Settlement Class Members to be exempt from entitlement to overtime;

          c.     Plaintiff's claims are typical of the claims of the Settlement Class Members;

          d.     Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class and Plaintiff is an adequate class representative;

          e.     A class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 of the Federal Rules of Civil Procedure; and

          f.     Because the Litigation is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation.

4.      Plaintiff is hereby appointed as the representative of the Settlement Class.

5.      Mark N. Foster of Law Office of Mark N. Foster, PLLC, is hereby appointed as Class Counsel.

6.      The Notice of Class Action Settlement attached as Exhibit A to the Settlement Agreement is approved and shall be distributed by Class Counsel pursuant to the terms of the Settlement Agreement.

7.      The following schedule and procedures for completing the settlement approval process as set forth in the Parties' Settlement Agreement are hereby approved:

| | |
|---|---|
| Defendants to Send CAFA Notice | Within ten (10) business days after the submission of the Settlement Agreement to the Court. |
| Defendants Provide Settlement Class Contact Information | Within ten (10) business days, or as soon as practicable, after entry of the Preliminary Approval Order. |
| Notice Sent by Class Counsel | Within ten (10) business days of receiving the Settlement Class List. |
| Plaintiff's Motion for Approval of Attorneys' Fees, Costs, and Service Awards | Due ten (10) business days before the Objection and Opt-Out Deadline. |
| Deadline to postmark objections or requests for exclusion | Forty-five days after the Notice of Settlement is initially mailed by Class Counsel. |
| Motion for Final Approval of Class Action Settlement | Due ten (10) business days before Final Approval Hearing Date. |

8.      The Final Approval Hearing is hereby set for _____ [approximately 100 days after the entry of this Order] at _____, in Courtroom ____, at the United States Courthouse in _____, Kentucky.

9.      Pending further order of the Court, all litigation activity and events except those

contemplated by this Order or in the Settlement Agreement, shall continue to be stayed.

# Exhibit C

# to Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| JOHNNY McCLURG, | ) |
| on Behalf of Himself and All | ) |
| Others Similarly-Situated, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )     CASE NO.    4:20-CV-201-RGJ-HBB |
| | ) |
| DALLAS JONES ENTERPRISES | ) |
| INC, d/b/a CLAY'S TRUCKING, | ) |
| DANA PORTER, BROCK PORTER, | ) |
| And ALFREDA JONES (as Executrix | ) |
| Of the Estate of Dallas Jones) | ) |
| *Defendant.* | ) |

<u>**NOTICE THAT YOUR SETTLEMENT AWARD CHECK IS ENCLOSED**</u>

TO:    [Name]
        [Address]
        [Address]
        [Last Four Digits of Social Security No.]

      You previously received a Notice of Class Action Settlement in the above-captioned lawsuit notifying you that you are a Settlement Class Member who is eligible to receive a Settlement Award in this case. On [DATE], the United States District Court for the Western District of Kentucky granted final approval of the Settlement in this case.

      <u>**Your Settlement Award check is enclosed. Please note that your check will expire on DATE. Therefore, please remember to cash or deposit your check AS SOON AS POSSIBLE.**</u>

      Please contact Law Office of Mark N. Foster, PLLC at (270) 213-1303 or mfoster@MarkNFoster.com with any questions or concerns. Thank you.

# Exhibit D

# to Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| JOHNNY McCLURG, | ) | |
| on Behalf of Himself and All | ) | |
| Others Similarly-Situated, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CASE NO.    4:20-CV-201-RGJ-HBB |
| | ) | |
| DALLAS JONES ENTERPRISES | ) | **JURY DEMANDED** |
| INC, d/b/a CLAY'S TRUCKING | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**REMINDER NOTICE
OF SETTLEMENT AWARD CHECK CASHING DEADLINE**

TO:    [Name]
       [Address]
       [Address]

As Class Counsel in *McClurg v. Dallas Jones Enterprises, Inc.*, No. 4:20-cv-201-HBB (W.D. Ky.), I am writing to provide you with this Reminder Notice that only a limited amount of time remains for you to cash or deposit your Settlement Award Check that you received as part of the settlement in this lawsuit.

On DATE, we sent you a Settlement Award Check but Defendants' records indicate that you have not yet cashed or deposited that check.

**This Reminder Notice is to inform you that your Settlement Award Check will expire on DATE. Thus, please cash or deposit your check AS SOON AS POSSIBLE.** If you do not timely cash or deposit your check by the deadline, the check will cease to be good and the funds from your check will be transmitted to the Kentucky State Treasurer, Unclaimed Property Fund. If this occurs, you will have to follow the procedures of that office to attempt to obtain your money, and Class Counsel in this case will not assist you in that process.

If you lost your Settlement Check and need a replacement check, or have other questions, please contact me at (270) 213-1303 or by email at MFoster@MarkNFoster.com.

Thank you.