UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JOHNNY McCLURG, *et al.*                                                                    Plaintiffs

v.                                                                            Case No. 4:20-cv-201-RGJ-HBB

DALLAS JONES ENTERPRISES, INC.
d/b/a CLAY'S TRUCKING, *et al.*                                                             Defendants

### MEMORANDUM OPINION & ORDER

Plaintiffs[1] are truck drivers who allege that they worked overtime hours without due compensation. [DE 242-3 at 4565]. Now Plaintiffs and Defendants[2] jointly move for preliminary approval of a settlement for a proposed class. [DE 242]. For the following reasons, the parties' joint motion [DE 242] is **GRANTED in part** and **DENIED in part**. A final approval hearing is scheduled for October 23, 2025. [DE 243].

### I. BACKGROUND

Clay's Trucking "provides trucking services, including the transportation of coal from mines to power plants and rail and barge loadouts." [DE 242-3 at 4565]. Plaintiffs and the putative class members "are truck drivers who worked for Clay's Trucking." [*Id.*]. Plaintiffs allege that Defendants failed to pay truck drivers for overtime. [*Id.*]. Defendants maintain that the Motor Carrier's Act exemption applies and that the truck drivers are not entitled to overtime

---

[1] Original named plaintiff Johnny McClurg ("McClurg") initiated this case as both a putative collective action under the Fair Labor Standards Act ("FLSA") and a putative Rule 23 class action under the Kentucky Wages and Hours Act ("KWHA"). [DE 1 at 9–12; *see also* DE 84 at 1868–71]. Thereafter, 19 additional plaintiffs designated McClurg as their representative, chosen McClurg's counsel as their own, and filed written consent per 29 U.S.C. § 216(b) to join the collective action. [*E.g.*, DE 64-1].

[2] The original defendant is Dallas Jones Enterprises, Inc. d/b/a Clay's Trucking ("Clay's Trucking"). [DE 1]. In the course of this litigation, Dana Porter; Brock Porter; and Alfreda Jones, executrix of the estate of Dallas Jones, have become named defendants as well. [DE 84; DE 183; DE 196]. They are owners and managers of Clay's Trucking. [DE 235-8 at 4466].

compensation. [*Id.* at 4571]. Alternatively, they assert that their decisions regarding overtime compensation were made in good faith. [*Id.* at 4589].

McClurg filed suit "on behalf of himself and all others similarly-situated" in December 2020. [DE 1 at 1]. The third amended complaint, like the original complaint, asserts both a FLSA claim as a collective action and a KWHA claim as a putative Rule 23 class action. [DE 84 at 1868–71]. Consequently, this case has been litigated as a "hybrid" action. *See Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, 721 n.7 (S.D. Ohio 2024). In December 2021, the Court conditionally certified a FLSA collective.[3] [DE 59]. In March 2024, Plaintiffs moved for Rule 23 class certification on the KHWA claim. [DE 212]. Defendants opposed the motion. [DE 222; DE 223].

After extensive litigation—including discovery, motion practice, and settlement efforts—the parties agreed to a second settlement conference with the Magistrate Judge. [*See* DE 242-3 at 4564]. There, they "reached an amicable resolution of the case." [DE 229]. "[A]ll matters other than those relating to the anticipated settlement approval process are stayed." [DE 232 at 4388].

The parties first jointly moved for settlement approval in August 2024. [DE 235]. Their agreement maintained the "hybrid" nature of this case: it defined a "Settlement Collective and Class," [DE 235-1 at 4404], which contained approximately 75 members entitled to settlement funds. [DE 235-8 at 4467]. But hybrid actions and settlements "present[] complex legal issues," *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 898 (6th Cir. 2019), because collective and class actions are "fundamentally different." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013). The Court therefore asked the parties to address several issues posed by their hybrid-settlement proposal, recognizing that the proposal well might have been "fair and reasonable in

---

[3] The order conditionally certifying a FLSA collective was entered in December 2021. Since then, the Sixth Circuit has "reject[ed] [the] characterization of the notice determination as a 'certification.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023). The Court previously declined to reconsider its conditional-certification decision in light of *Clark*. [DE 209].

2

substance." [DE 241 at 4512]; *accord Gilstrap*, 734 F. Supp. 3d 710; *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635 (W.D. Ky. 2022). The Court also suggested that "restructuring a Rule 23 class-action settlement might obviate many of th[os]e issues . . . while still releasing claims—including FLSA claims—that arise from the same underlying facts." [DE 241 at 4512]. At Plaintiffs' request, the Court scheduled a status conference for June 26, 2025. [*Id.* at 4513].

In response to the Court's order and concerns, the parties executed a "revised" agreement that would resolve this case with a straightforward Rule 23 class-action settlement. [*See* DE 242-3 at 4566]. There are about 75 individuals in the settlement class, [DE 242-3 at 4566], which the parties define as "individuals who worked for Defendants as truck drivers for any period of time from December 7, 2015 to June 27, 2024," including Plaintiffs. [DE 242-1 at 4521]. The settlement proposal includes a gross settlement amount of $480,000. [*Id.* at 4520]. The parties report that this revised settlement agreement is the only agreement made in connection with their proposal. [DE 242-3].

Several aspects of the parties' settlement proposal were discussed at the June 26 status conference. [*See* DE 243]. Regarding McClurg's proposed service award of up to $15,000, [*see* DE 242-1 at 4527–28], counsel briefly described the steps that McClurg has personally taken in prosecuting this case. Additionally, the Court highlighted two potential issues with the parties' proposed notice of settlement. [*See* DE 242-1 at 4535–40]; *accord* Fed. R. Civ. P. 23(c)(2)(B) ("[T]he court must direct . . . the best notice that is practicable under the circumstances."). First, the proposed notice did not disclose, as required, "that a class member may enter an appearance through an attorney if the member so desires." Fed. R. Civ. P. 23(c)(2)(B)(iv). Second, the proposed notice would have required any opting-out class member to mail "a written exclusion" to a Post Office box. [DE 242-1 at 4539]. An email option is generally preferable. *See Duffy v.*

3

*Mazda Motor of Am., Inc.*, No. 3:24-cv-388-BJB, 2025 WL 517608, at *5–6 (W.D. Ky. Feb. 17, 2025); *cf.* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment (encouraging email notices). Pursuant to the Court's instructions at the hearing, [*see* DE 243], the parties have submitted a revised proposed notice. [DE 244].

## II. STANDARD

The claims of a "class proposed to be certified for purposes of settlement" may be settled "only with the court's approval." Fed. R. Civ. P. 23(e); *see also Wayside Church v. Van Buren Cnty., Michigan*, 103 F.4th 1215, 1222 (6th Cir. 2024). Under Rule 23(e), "class action settlement approval involves a three-step process": (1) "preliminary approval of the proposed settlement," (2) "notice of the settlement to all affected class members," and (3) a "final approval hearing." *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 620 (E.D. Mich. 2020) (quotation mark omitted); *see also Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 270 (E.D. Ky. 2009) (citing *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier,* 262 F.3d 559, 565–66 (6th Cir. 2001)).

This case has reached the first step. The parties must "show[] that the court will likely be able to" both (1) approve the proposed settlement as "fair, reasonable, and adequate" and (2) "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)–(2). "[I]f giving notice is justified by the parties' showing," the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). At step two, after receiving notice, "[a]ny class member may object to the proposal." Fed. R. Civ. P. 23(e)(5)(A). At step three, a hearing must take place before the Court finally approves any class-action settlement. Fed. R. Civ. P. 23(e)(2).

## III. ANALYSIS

The parties' renewed joint motion asks the Court to (1) preliminarily approve the settlement proposal, (2) "[p]reliminarily and conditionally certify[] the Settlement Class," (3) preliminarily

4

appoint McClurg as "Settlement Class Representatives [sic]" and approve a "service awards [sic]" of up to $15,000 for him, (4) preliminarily appoint Plaintiffs' counsel as class counsel, (5) approve the parties' proposed notice of settlement in "form and method," (6) schedule a final settlement approval hearing, and (7) calendar other relevant deadlines. [DE 242 at 4514–15].

## A. Preliminary Approval of Proposed Settlement

At this stage, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). Notice will be given if the parties can show "that the court will likely be able to" (1) "approve the proposal under Rule 23(e)(2)" and (2) "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

### 1. *Likelihood of Approval Under Rule 23(e)(2)*

The parties assert that their settlement proposal should be preliminarily approved. [DE 242-3 at 4575]; *accord* Fed. R. Civ. P. 23(e)(1)(B)(i). Ultimately, "the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering" several factors. Fed. R. Civ. P. 23(e)(2). Rule 23 provides "the primary framework" for making that determination. *Garner Props. & Mgmt.*, 333 F.R.D. at 621 n.4 (discussing Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment). The Court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate . . . and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). "Further, under a prior version of the Rule, the Sixth Circuit identified additional considerations that guide the inquiry into whether a class settlement is fair, reasonable, and adequate." *McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645, 655 (N.D. Ohio 2023) (citing *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016)). The Sixth Circuit factors are:

5

>(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). These factors still may be considered as well. *Garner Props. & Mgmt.*, 333 F.R.D. at 621 n.4.

But "[t]he question at the preliminary-approval stage is simply whether the settlement is fair enough to begin the class-notice process." *Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546, 553 (E.D. Mich. 2023) (*Strano II*) (quotation marks omitted). "[S]ubstantial judicial processes . . . remain to test the assumptions and representations upon which the parties' [proposal is] premised." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 338 (N.D. Ohio 2001). A settlement proposal "warrants preliminary approval if it is within the range of what ultimately could be considered fair, reasonable, and adequate—a determination left to the sound discretion of the Court." *Bowling v. Pfizer*, 144 F. Supp. 3d 945, 952 (S.D. Ohio 2015).

The parties' settlement proposal falls within the range of what likely could be considered "fair, reasonable, and adequate" under Rule 23(e)(2). As their joint motion points out, the settlement's general terms were reached through settlement conferences with the Magistrate Judge. [DE 242-2 at 4560]. And "when a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *Inter-Op Hip Prosthesis*, 204 F.R.D. at 351. Additionally, the negotiated fee for class counsel is "up to one-third (1/3) of the Gross Settlement Amount," which is within an acceptable range. [DE 242-1 at 4527]. Furthermore, the proposal appears to adequately compensate putative class members, taking their differences into account. For example, not all truck drivers performed identical work, and Plaintiffs "who filed [FLSA opt-in] consents effectively have an additional claim beyond the claims held by class members who

6

did not file consents," suggesting that some disparity in settlement payments could be warranted. [DE 242-3 at 4577 (footnote omitted)]. In short, the parties' proposal "is fair enough to begin the class-notice process." *Strano II*, 649 F. Supp. 3d at 553.

However, at least one question remains. The settlement proposal permits McClurg to "apply to the Court for a Service Award of up to $15,000 for the services [he] rendered to the Settlement Class in bringing and prosecuting the Lawsuit." [DE 242-1 at 4527–28]. Service awards are not prohibited within the Sixth Circuit, and "district courts have authorized service awards based on class representatives' procured benefits, financial risks, and time expended." *McKnight*, 655 F. Supp. 3d at 669. But a sizable award of $15,000 might reflect inequitable or preferential treatment to the named representative's benefit. *See In re Dry Max Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013); *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 755 (6th Cir. 2013). Relevant considerations include the extent of McClurg's personal involvement in litigating this case and the proportionality of the service award to other class members' recoveries. *See Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003); *Strano v. Kiplinger Washington Eds., Inc.*, 646 F. Supp. 3d 909, 913 (E.D. Mich. 2022) (*Strano I*). At the June 26 status conference, Plaintiffs' counsel asserted that the proposed $15,000 service award is justified because McClurg has personally affixed his name to this case; maintained communication with counsel and putative class members; attended mediations; and participated in discovery, including a deposition. [*See* DE 243]. This issue "will merit more consideration at the final fairness hearing." *See Duffy*, 2025 WL 517608, at *3.

**2. *Likelihood of Class Certification***

The parties assert that a class should be "preliminarily certified" for settlement purposes. [DE 242-3 at 4570]; *accord* Fed. R. Civ. P. 23(e)(1)(B)(ii). Defendants previously opposed class certification, [DE 222; DE 223], and now "move for Rule 23 certification for settlement purposes only." [DE 242-3 at 4570]. No party has moved the Court to ultimately certify a class. The revised

7

settlement agreement defines the putative class as "individuals who worked for Defendants as truck drivers for any period of time from December 7, 2015 to June 27, 2024," including Plaintiffs. [DE 242-1 at 4521].

"To be certified, a class must satisfy all four of the Rule 23(a) prerequisites—numerosity, commonality, typicality, and adequate representation—and fall within one of the three types of class actions listed in Rule 23(b)." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). On the second point, the parties here point to Rule 23(b)(3), which requires (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "Predominance is satisfied if the Class's individual questions of law or fact 'are sufficiently cohesive to warrant adjudication by representation.'" *Strano II*, 649 F. Supp. 3d at 555 (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997)). "The superiority requirement . . . is met if the class action is a better way than individual litigation to adjudicate a claim." *Calloway v. Caraco Pharm. Lab'ys, Ltd.*, 287 F.R.D. 402, 407 (E.D. Mich. 2012) (citing *Daffin v. Ford Motor Co.,* 458 F.3d 549, 554 (6th Cir. 2006)).

"A district court may certify a class only if it 'is satisfied, after a rigorous analysis,' that the requirements of Rule 23(a) and (b) 'have been satisfied.'" *Wayside Church*, 103 F.4th at 1222 (quoting *Gen. Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "Moreover, some of those requirements 'demand undiluted, even heightened, attention in the settlement context.'" *Id.* (quoting *Amchem Prods.*, 521 U.S. at 620). But at this preliminary stage, rigorous analysis under Rule 23(a)–(b) is not necessary. *See id.* at 1222–23 (noting that "orders entered under Rule 23(e)(1) . . . often contain little or no analysis concerning the requirements of Rule 23(a) and (b)"). The

question is simply whether "the court will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). This is part of the Court's "preliminary determination (as to certification of a class and approval of a proposed settlement)." *Wayside Church*, 103 F.4th at 1222; *see also* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment (encouraging the simultaneous "preliminary approval" of both "the prospect of class certification" and "the proposed settlement").

The record indicates that the Court likely will be able to certify the class of truck drivers who worked for defendants. "[T]here is no strict numerical test" for numerosity, *Daffin*, 458 F.3d at 552, but the Sixth Circuit has indicated that just 35 class members can be enough. *See Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974). Here, there are about 75 individuals in the settlement class. [DE 242-3 at 4566]. Commonality "requires 'a common contention' that, if resolved, would resolve claims of all class members 'in one stroke.'" *Strano II*, 649 F. Supp. 3d at 554 (quoting *Wal-Mart Stores*, 564 U.S. at 350). Here, Plaintiffs claim that all putative class members are truck drivers who worked overtime hours without due compensation. [DE 242-3 at 4565]. "A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quotation marks omitted). Here, McClurg's claims arise from the same course of alleged nonpayment as the other putative class members' claims and under the same governing law. [DE 84 at 1868–71]. And finally, "[t]here are two criteria for determining whether the representation of the class will be adequate: 1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524–25 (6th Cir. 1976),

*quoted in Vassalle*, 708 F.3d at 757. The Court has no reason at this time to doubt McClurg or his counsel on either criterium.

\* \* \*

In sum, because it appears "that the court will likely be able to" approve the proposed settlement as "fair, reasonable, and adequate" and "certify the class for purposes of judgment on the proposal," "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *See* Fed. R. Civ. P. 23(e)(1)–(2).

### B. Notice to Putative Class Members

The parties ask the Court to approve their proposed notice plan. [DE 242-3 at 4584]. "After preliminarily approving a settlement, the court must direct notice of the proposed settlement to all class members who would be bound by the proposal." *Strano II*, 649 F. Supp. 3d at 560 (citing Fed. R. Civ. P. 23(e)(1)(B)). Here, because the putative class is a Rule 23(b)(3) class, "notice must be 'the best notice practicable' and include 'individual notice to all members who can be identified through reasonable effort.'" *Id.* (quoting Fed. R. Civ. P. 23(c)(2)(B)). Additionally:

> The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). As noted above, at the June 26 status conference, the Court addressed two issues with the parties' former proposed notice. [*See* DE 243]. The parties remediated those concerns by revising and resubmitting their proposed notice. [*See* DE 244]. The revised proposed notice informs recipients that they may retain and appear through their own counsel. [DE 244-1 at

10

4600]; *accord* Fed. R. Civ. P. 23(c)(2)(B)(iv). It also permits recipients to opt out of the settlement via email. [*Id.* at 4599]; *accord Duffy*, 2025 WL 517608, at *5–6.

The Court finds that the revised proposed notice complies with Rule 23(c)(2)(B). It is therefore approved. Plaintiffs' counsel "will mail and, to the extent email addresses are known, email the Notice to each of the members of the Settlement Class, based on the employment records of the Defendants."[4] [DE 242-3 at 4584].

**C. Class Counsel**

The parties' joint motion asks the Court to appoint Plaintiffs' counsel as class counsel. [DE 242-3 at 4584]. Generally, "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). To be appointed, an applicant must be "adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2); *see also Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 659 (S.D. Ohio 2017). Rule 23(g)(1) outlines certain criteria for evaluating an applicant, while Rule 23(g)(4) instructs that "[c]lass counsel must fairly and adequately represent the interests of the class."

But importantly, "[i]n putative class actions, a class comes into existence only when the court actually certifies one in an order entered under Civil Rule 23(c)." *Wayside Church*, 103 F.4th at 1217. "[A] Rule 23(e)(1) order is a determination whether to send notice of a *proposed* settlement to a *proposed* class." *Id.* at 1222 (emphases added). "What a Rule 23(e)(1) order does not do is actually certify a proposed class." *Id.* While Rule 23(e)(1) calls for "preliminary approval" of a proposed class, "[t]he *ultimate* decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement."[5] Fed.

---

[4] The declaration of Plaintiffs' counsel references a "proposed Settlement Administrator." [DE 242-2 at 4556]. However, the parties' settlement proposal and joint motion do not appear to propose using any claims administrator.

[5] Rule 23 also previously allowed for "conditional" class certification, but that provision has been deleted. "A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.

11

R. Civ. P. 23 advisory committee's note to 2018 amendment (emphasis added); *see also In re Flint Water Cases*, 499 F. Supp. 3d 399, 418 (E.D. Mich. 2021) (noting that after preliminary approval, certification is "still subject to the Court's final approval at a later date").

This order preliminarily approves the parties' proposed class and settlement proposal, but it does not truly certify a class. Plaintiffs' counsel therefore cannot truly become class counsel at this stage. *See Wayside Church*, 103 F.4th at 1223 ("[U]pon entry of the district court's 23(e)(1) order, 'class counsel' was only plaintiffs' counsel."). The Court will ultimately address class certification under Rule 23(a)–(c) and appointment of class counsel under Rule 23(g) at the final approval hearing. *See Wayside Church*, 103 F.4th at 1222; *see also* Fed. R. Civ. P. 23(e)(1)(B(ii).

### D. Class Representative

The parties assert that McClurg should be appointed to serve as class representative. [DE 242-3 at 4584]. However, their joint motion does not identify any legal basis for Court appointment of a class representative in this case. As the original named plaintiff, McClurg already is the putative class's representative. *See* Fed. R. Civ. P. 23(a)(4). At the notice stage of this settlement process, class members will have an "opportunity to signify whether they consider the representation fair and adequate." *See* Fed. R. Civ. P. 23(d)(B)(iii). But no such challenges exist at this time regarding McClurg's representation of the putative class.

### IV. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the parties' joint motion [DE 242] is **GRANTED in part** and **DENIED in part**:

- The parties' settlement proposal is **PRELIMINARILY APPROVED**. The proposed settlement class is "Named Plaintiff, Opt-In Plaintiffs, and individuals who worked for Defendants as truck drivers for any period of time from December 7, 2015 to June 27, 2024." [DE 242-1 at 4521].

12

- Defendants **SHALL** provide Plaintiffs' counsel with settlement class contact information and serve any outstanding Class Action Fairness Act ("CAFA") notices within **ten (10) days** of this order's entry.

- The revised proposed notice of settlement [DE 244-1] is **APPROVED**. Plaintiffs' counsel **SHALL** distribute the notices within **twenty (20) days** of this order's entry.

- Plaintiffs **SHALL** move for approval of attorney's fees, costs, and service awards no later than **ten (10) days** before the settlement objection and opt-out deadline.

- The parties **SHALL** move for final approval of class action settlement no later than **ten (10) days** before this case's final approval hearing.

- The final approval hearing remains scheduled for **October 23, 2025 at 1:00 p.m. CDT** at the U.S. Courthouse, Owensboro, Kentucky. [DE 243].

- All matters in this case other than those relating to settlement approval remain stayed. [DE 232].

July 10, 2025

Rebecca Grady Jennings, District Judge
United States District Court