UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JOHNNY McCLURG, *et al.*                                                      Plaintiffs

v.                                                    Case No. 4:20-cv-201-RGJ-HBB

DALLAS JONES ENTERPRISES, INC.
d/b/a CLAY'S TRUCKING, *et al.*                                       Defendants

### MEMORANDUM OPINION & ORDER

This case comes before the Court on Plaintiffs' Motion for Attorneys' Fees, Litigation Costs, and Service Award [DE 246], and Plaintiffs' Motion for Final Approval of Class Action Settlement Pursuant to Fed. R. Civ. P. 23 [DE 247]. Defendants joined Plaintiffs' motion for final approval of class action settlement [DE 250] and did not oppose Plaintiffs' motion for fees, costs, and service awards. A final fairness hearing was held on October 23, 2025 (the "Final Approval Hearing"), to determine whether the terms and conditions of the Parties' Settlement Agreement, dated June 11, 2025 ("Settlement Agreement" or "S.A") [DN 242-1] are fair, reasonable, and adequate, and whether final approval should be granted. The Court has considered all matters submitted to it at the Final Approval Hearing, the pleadings on file, the applicable law, and the record. For good cause shown, and as detailed below, Plaintiffs' motions for fees, costs, and service awards [DE 246] and for final approval of the settlement [DE 247] are **GRANTED** and the Court **ORDERS AS FOLLOWS**:

      1.     This Order and Final Judgment (the "Final Approval Order" or "Order") incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth below.

      2.     This Court has jurisdiction over the subject matter of the Action and over all

parties to the Action, namely, Johnny McClurg ("Plaintiff" or "Named Plaintiff"), individually and on behalf of the Settlement Class defined in the Settlement Agreement [DN 242-1], and Defendants Dallas Jones Enterprises, Inc., d/b/a Clay's Trucking, Dana Porter, Brock Porter, and Alfreda Jones (as Executrix of the Estate of Dallas Jones) (collectively, "Defendants").

3. The Court preliminarily approved the Settlement Agreement by entering the Preliminary Approval Order dated July 10, 2025 [DN 245] and notice was subsequently given to all Settlement Class Members pursuant to the terms of the Settlement Agreement and Preliminary Approval Order.

4. The Court finds, for settlement purposes, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel will fairly and adequately protect the interest of the Settlement Class; (e) the questions of law or fact common to the Settlement Class Members, and which are relevant for settlement purposes, predominate over the questions affecting only individual Settlement Class Members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5. In light of the findings set forth in the Preliminary Approval Order (DN 245), the Court certifies the following Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, which includes the Named Plaintiff, Opt-In Plaintiffs, and all individuals who worked for one or more of the Defendants as a truck driver for any period of time from December 7, 2015 to June 27, 2024. S.A. ¶ 12(Y).[1]

---

[1] This time period is referred to herein as the "Applicable Class Period."

6. The Court appoints, for purposes of the Settlement, Plaintiff Johnny McClurg to serve as the Settlement Class Representative, and a Service Award of $15,000 is approved for his efforts and services in bringing and prosecuting this Action on behalf of the Settlement Class Members.

7. The Court appoints, for purposes of the Settlement, Law Office of Mark N. Foster, PLLC to serve as Class Counsel.

8. The Court approves the requested attorneys' fees in the amount of one-third of the Gross Settlement Amount, plus actual out-of-pocket costs not to exceed $2,000.

9. Pursuant to the Federal Rules of Civil Procedure and applicable law, the Court approves the Settlement as set forth in the Settlement Agreement and finds that: (a) the Settlement is fair, reasonable, and adequate and in the best interest of the Settlement Class; (b) there was no collusion in connection with the Settlement; (c) the Settlement was the product of informed, arm's-length negotiations among competent, able counsel with the assistance of the Magistrate Judge during two settlement conferences; and (d) the record is sufficiently developed and complete to have enabled Plaintiff and Defendants to have adequately evaluated their positions and reached an informed settlement.

10. Accordingly, the Court authorizes and directs implementation and performance of all terms of the Settlement Agreement and this Order. The Parties are to bear their own costs except as, and to the extent provided in, the Settlement Agreement and this Order. Upon the Effective Date, as defined in the Settlement Agreement and by operation of this Order, Plaintiff and each Settlement Class Member who did not properly and timely exclude themselves

from the Settlement,[2] shall be bound by the terms of the Settlement as set forth in the Settlement Agreement and this Order, shall be deemed to have released, dismissed and forever discharged the Released Claims against each and every one of the Released Parties, with prejudice and on the merits, without costs to any of the Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Claims against any of the Released Parties in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.

11. The Notice given to the Settlement Class was the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and constituted due and sufficient notice to all persons. The form and method of the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable case precedent, and due process. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order.

12. The Court approves the Plan of Allocation submitted by Plaintiff's Counsel whereby each eligible Settlement Class Member will receive a share of the Net Settlement Fund based on the plan of allocation set forth in the Settlement Agreement, as shown on Exhibit A to the Notice sent to Settlement Class Members.

13. In accord with the Settlement Agreement, following the Effective Date, Settlement Awards will be distributed as settlement checks to participating Settlement Class Members, who will then have ninety (90) days in which to deposit or cash their checks. If at the conclusion of that acceptance period, plus sixty (60) days, there are any monies remaining from

---

[2] Based on the Court's records, no person has filed any request, timely or untimely, for exclusion from the Settlement, and no person has filed an objection as to any aspect of the Settlement. Plaintiff's Counsel has certified that no objections and no requests for exclusion were received.

the Gross Settlement Amount as a result of uncashed Settlement Checks attributable to the Settlement Class, those funds shall be distributed to the Kentucky State Treasurer, Unclaimed Property Fund.

14. Neither the Settlement nor the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement or the Settlement Agreement: shall be used, offered, or received against any of the Released Parties as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by any of the Parties or the validity or lack thereof, of any claim or counterclaim, or the existence of any class that has been or could have been asserted in the Action or in any other litigation against Defendants, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation against Defendants, or of any liability, negligence, fault or wrongdoing of any of the Released Parties; shall be used, offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against any of the Released Parties as evidence of any infirmity in the claims asserted in the Action; (c) shall be used, offered or received against any of the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that the Released Parties may refer to the Settlement Agreement and Settlement to effectuate the liability protection granted them

5

hereunder; and (d) shall be used or construed against any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial. Any of the Released Parties may use or file the Settlement Agreement and/or this Final Approval Order in any other action that may be brought against them in order to support a defense, claim or counterclaim, including, but not limited to, based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Final Approval Order, in any way, this Court hereby retains continuing jurisdiction over the administration, consummation and enforcement of the Settlement Agreement.

16. There is no just reason for delay in the entry of this Final Approval Order and Entry of Judgment and immediate entry by the Clerk of the Court is expressly directed.

17. In accord with the provisions of the Settlement Agreement (including without limitation, paragraphs 33 and 40), following the Acceptance Period, the Parties shall file a joint Notice, notifying the Court that the Acceptance Period has concluded, as well as a notice of voluntary dismissal with prejudice of the alleged FLSA claims pursuant to Federal Rule of Civil Procedure 41. Once the Notice is filed, and following the Parties' Rule 41 dismissal of FLSA claims, the Court will dismiss this case with prejudice.

**SO ORDERED.**

Rebecca Grady Jennings, District Judge
United States District Court

November 3, 2025

cc: counsel of record